UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| TERRY LEE EVANSON | ) Case No. 13-19032 EEB |
| SS# XXX-XX-9483 | ) Chapter 11 |
| LYNETTE PEARCE EVANSON | ) |
| SS# XXX-XX-5531 | ) |
| | ) |
| Debtors. | ) |

**MOTION FOR ORDER ESTABLISHING INTERIM COMPENSATION PROCEDURE FOR ALL PROFESSIONALS AND TO APPROVE RETAINER TO WEINMAN & ASSOCIATES, P.C.**

Debtors-in-Possession, Terry Lee Evanson and Lynette Pearce Evanson ("Debtors"), by and through their counsel, Weinman & Associates, P.C., moves the Court for an Order, pursuant to 11 U.S.C. §331 and Rule 2016-2 L.R.B.P., Establishing an Interim Compensation Procedure for All Professionals and Approving Retainer to Weinman & Associates, P.C., and state as follows:

1. The Debtors filed their petition for relief under Chapter 11 of the Bankruptcy Code on May 28, 2013, and since that date have been operating as Debtors-in-Possession.

2. An application to retain Weinman & Associates, P.C. as counsel for the Debtors-in-Possession will be filed.

3. An application to employ Allen & Vellone, P.C. as special litigation counsel has been or will also be filed.

4. A Creditors' Committee has not yet been appointed in this case.

5. The Debtors are in the insurance business and related ventures. Extensive litigation is anticipated to be brought by the Debtors against third parties.

6. The professionals in the case may be at considerable risk due to the effort which will be required. Moreover, if payment to professionals is delayed until 120 day fee applications are approved, the professionals will effectively be forced to finance a significant portion of the administration of this case. The Debtors and counsel submit this would place hardship on the professionals retained in the case. Weinman & Associates, P.C. has been paid a total retainer in the amount of $17,500.00, a portion of which was expended pre-petition and for the filing fee. If the interim compensation procedure requested herein is approved by the Court, it is submitted that the within interim compensation requested should not adversely impact the Debtors' cash flow, since Weinman & Associates, P.C. will draw against the retained funds for his interim fees and reimbursement of expenses, and thereafter, Debtors' income should be sufficient to pay ongoing fees and costs. If not, the Firm will wait to be paid.

7. The Debtors project that the monthly fees and expenses of professionals hired by the Debtors could easily be $5,000.00 - $10,000.

8. The Debtors seek an order establishing an interim compensation procedure for the professionals retained pursuant to Order of this Court authorizing the Debtors to pay professionals from the Debtors' cash flow, for post-petition services, one hundred percent (100%) of expenses and seventy-five percent (75%) of fees on a monthly basis. All fees paid shall be subject to approval by the Court through fee applications. To the extent any fees or expenses are not approved by the Court, they shall either be offset against the twenty-five percent (25%) retainage or be subject to recapture as appropriate.

9. The Debtors and counsel believe that it is necessary and appropriate to establish a procedure for paying interim compensation on a monthly basis to professionals retained by order of the Court. The professionals will be required to devote substantial time, effort, and personnel to this case. The absence of a procedure for awarding interim compensation will cause undue financial burdens on counsel or might discourage other processionals whose services the Debtors might require from accepting or continuing employment.

10. The Debtors believe that the procedure outlined herein provides an efficient means of payment of the legal services, as well as appropriate review by all parties in interest and by the Court. The interim fee procedure outlined herein is appropriate under the Bankruptcy Code and the Local Rules of this Court. Section 331 of the Bankruptcy Code provides as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under Sections 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, <u>or more often if the court permits</u>, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under Section 330 of this title. <u>After notice and a hearing the court may allow and disburse to such applicant such compensation or reimbursement</u>.

11 U.S.C. §331 (emphasis added).

11. Section 102(1) provides that "after notice and a hearing":

(A) means after such notice as appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but (B) authorizes and act without an actual hearing if such

2

>   is given properly and if . . .
>
>>   (i) such a hearing is not requested timely by a party in interest
>>   . . .

11 U.S.C. §102(a).

12. Local Bankruptcy Rule 2016-2(b) provides that the Court: may approve interim compensation procedures in appropriate cases and utilize the established guidelines for professionals seeking approval of interim compensation or other procedures directed by the Court. The guidelines are located at L.B.R. 2016-2 App.

13. Interpreting Sections 328, 330 and 331 of the Bankruptcy Code, the courts have recognized the need to permit regular monthly payments of compensation and reimbursement to Chapter 11 professionals prior to the entry of a formal court order awarding compensation and reimbursement following notice of the hearing. In re Niover Begels, Inc., 214 B.R. 291 (Bankr. E.D.N.Y. 1997), In re Haven Elder Care, LLC, 382 B.R. 180 (Bankr. D. Conn. 2008).

14. The Debtors submit that it is appropriate for the Court to adopt the following procedure for awarding interim compensation and reimbursement of expenses to professionals retained to represent the Debtors:

   a.  On or before the fifteenth (15th ) day of each month, the professionals shall submit to the Debtors an itemized interim statement, in the form and with contents generally accepted by the Bankruptcy Court, setting forth the date, the nature of the services rendered, and the time expended by the professionals for which fees are incurred through the last day of the preceding month. Any fees or expenses not submitted in any month may be submitted in an subsequent month.

   b.  All interim statements shall be submitted to the Debtors' corporate office and shall be served on the U.S. Trustee, any appointed Chapter 11 trustee, counsel for the Debtors, counsel for the Creditors' Committee (or if there is no counsel of record, to all members of the committee), and as requested by parties in interest, collectively the "noticed parties". The time periods used to record time shall not exceed 1/10th hour blocks. The time records shall, to the extent feasible, identify the time devoted each day to different tasks or pleadings.

   c.  The description of any services regarding a confidential matter may be blocked out on the copies that are served on the parties other than the Debtors, but the confidential matter may not be blocked out on the copy that is served on the U.S. Trustee, unless the matter is confidential with respect to the U.S. Trustee. Submission of confidential matters to the Court, to the Debtors, or the U.S. Trustee shall not constitute a waiver of any privilege regarding confidentiality.

d. All statements for expenses shall include a summary of the expense by category and a copy of a receipt or invoice for each expense of $25.00 or more for which a receipt or invoice is available.  Whenever a person pays expenses for others, the other person shall be identified in the supporting materials sufficiently to show that the expense for them is reimbursable.

e. Statements submitted by professionals shall be based on their normal and customary hourly rates.

f. The Professionals shall endeavor to resolve objections regarding the fees or expenses set forth in the monthly statements prior to the filing of interim fee applications regarding such amounts.  Despite the foregoing, if the Debtors, the U.S. Trustee, the Creditors' Committee, or any party in interest object to the monthly payment of fees or expenses, they may pursue his objection prior to the filing of formal interim or final applications with the Court by providing written out-of-court notice to the Debtors, their counsel, the U.S. Trustee, the Professional, the creditor's committee and parties in interest within fourteen (14) days of receipt of the Professional's monthly statement.  Such notice must specify the nature of the objection and the specific amount of the monthly payment considered objectionable.

g. If a timely out-of-court objection to a monthly statement is disseminated in the manner provided above, the Debtors shall withhold the specific compensation amount(s) for services rendered, objected to, in addition to and in excess of the amount withheld pursuant to the twenty-five percent (25%) holdback, and specific amounts for expenses considered objectionable pending resolution by the Court upon the filing of an interim formal application by the Professional.  All professional fees and expenses not objected to shall be paid by end of month.

h. The Debtors, the U.S. Trustee, and the Creditors' Committee, as well as any other party-in-interest, shall have the opportunity to formally object to or comment upon the fees and expenses contained in the monthly statements upon the filing of interim and final fee applications in accordance with Sections 330 and 331 of the Bankruptcy Code.

i. Once the fourteen (14) day notice period has passed and/or all objections have been resolved, the Debtors will be authorized to pay one hundred percent (100%) of the expenses and seventy-five percent (75%) of the fees requested by the professional if the Debtors have sufficient cash reserves to pay the professional.

j. If the parties are unable to resolve any disputes, they may file a motion seeking resolution by the Court.

k. Interim formal applications shall be filed pursuant to 11 U.S.C. §331.

    l.    The Professionals may apply to receive the amounts withheld pursuant to the twenty-five percent (25%) monthly holdback or withheld pursuant to any timely out-of-court objection to a monthly statement in their respective interim formal applications.  Upon approval of an interim formal application, Debtors may disburse the monthly holdback amounts retained for the previous period only to the extent allowed by the Court.  Any professional seeking payment of the 25% holdback must show good cause for such payment to be allowed. See L.B.R. 2016-2APP.

    m.    Reasonable time and expenses incurred in the preparation of monthly statements and formal applications shall be reimbursable from the estate.

    n.    Notice of any proposed increase in an individual professional's billing rate must be filed with the Court and separately noticed to the Debtors, U.S. Trustee, and Creditors' Committee, and those parties shall have thirty (30) days to file objections to the proposed increase.

    o.    This application, if approved, will not preclude any party-in-interest from seeking extraordinary relief or expedited action by the Court to resolve or clarify disputes regarding professional compensation or expense reimbursement.

15.    Counsel for the Debtors have provided a copy of this Motion to the United States Trustee.

16.    Weinman & Associates, P.C. has received a $17,500.00 from the Debtors. Weinman & Associates, P.C. requests that the Court enter an Order approving Weinman & Associates, P.C.'s retainer.

WHEREFORE, for reasons as set forth above, the Debtors request that this Court enter an Order approving this interim compensation procedure for professionals retained in the case and further authorizing Weinman & Associates, P.C. to draw on the retainer which it holds under the terms and conditions set forth herein, and approving the retainer paid to Weinman & Associates, P.C., and for such other and further relief as the Court deems just.

DATED: May 28, 2013

                Respectfully Submitted,

                WEINMAN & ASSOCIATES, P.C.

                By: \s\ Jeffrey A. Weinman
                      Jeffrey A. Weinman #7605
                      730 17th Street, Suite 240
                      Denver, Colorado  80202
                      Phone: (303) 572-1010
                      Fax:   (303) 572-1011
                      jweinman@epitrustee.com

**9013-1 CERTIFICATE OF SERVICE OF MOTION, NOTICE AND PROPOSED ORDER**

The undersigned certifies that on May 28, 2013, I served by prepaid first class mail a copy of the **MOTION FOR ORDER ESTABLISHING INTERIM COMPENSATION PROCEDURE FOR ALL PROFESSIONALS AND TO APPROVE RETAINER TO WEINMAN & ASSOCIATES, P.C.**, notice and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED.R.BANKR.P. and these L.B.R. at the following addresses:

Alan K. Motes, Esq.
U.S. Trustee's Office
999 18th St., #1551
Denver, CO 80202

Terry Lee Evanson
Lynette Pearce Evanson
10175 S. Oneida St.
Littleton, CO 80124-9608

\s\ Lisa R. Kraai