UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re: )
)
TERRY LEE EVANSON ) Case No. 13-19032 EEB
SS# XXX-XX-9483 ) Chapter 11
LYNETTE PEARCE EVANSON )
SS# XXX-XX-5531 )
)
Debtors. )

**ORDER ESTABLISHING INTERIM COMPENSATION PROCEDURE FOR ALL PROFESSIONALS AND APPROVING RETAINER TO WEINMAN & ASSOCIATES, P.C.**

THIS MATTER, having come before the Court on the Motion of the Debtors for an Order establishing interim compensation procedure for all professionals and approving the pre-petition retainer paid to Weinman & Associates, P.C.; the Court having reviewed the Debtors' Motion and its file with respect to this matter; notice of the Debtors' Motion having been given pursuant to the requirements of Rule 9013-1 L.R.B.P.; no party in interest having objected thereto, or the Court, having received an objection to the Debtors' Motion, having convened a hearing in this matter, and having made findings of facts and conclusions of law; and deeming itself advised in the premises;

HEREBY FINDS that cause exists for granting the Debtors' Motion.

THEREFORE, THE COURT ORDERS:

1. The Debtors' Motion is granted.

2. The Court hereby establishes the following procedure for awarding interim compensation and reimbursement of expenses to professionals retained to represent the Debtors:

   a. On or before the fifteenth (15th) day of each month, the professionals shall submit to the Debtors an itemized interim statement, in the form and with contents generally accepted by the Bankruptcy Court, setting forth the date, the nature of the services rendered, and the time expended by the professionals for which fees are incurred through the last day of the preceding month. Any fees or expenses not submitted in any month may be submitted in an subsequent month.

   b. All interim statements shall be submitted to the Debtors' corporate office and shall be served on the U.S. Trustee, any appointed Chapter 11 trustee,

counsel for the Debtors, counsel for the Creditors' Committee (or if there is no counsel of record, to all members of the committee), and as requested by parties in interest, collectively the "noticed parties". The time periods used to record time shall not exceed 1/10th hour blocks. The time records shall, to the extent feasible, identify the time devoted each day to different tasks or pleadings.

c. The description of any services regarding a confidential matter may be blocked out on the copies that are served on the parties other than the Debtors, but the confidential matter may not be blocked out on the copy that is served on the U.S. Trustee, unless the matter is confidential with respect to the U.S. Trustee. Submission of confidential matters to the Court, to the Debtors, or the U.S. Trustee shall not constitute a waiver of any privilege regarding confidentiality.

d. All statements for expenses shall include a summary of the expense by category and a copy of a receipt or invoice for each expense of $25.00 or more for which a receipt or invoice is available. Whenever a person pays expenses for others, the other person shall be identified in the supporting materials sufficiently to show that the expense for them is reimbursable.

e. Statements submitted by professionals shall be based on their normal and customary hourly rates.

f. The Professionals shall endeavor to resolve objections regarding the fees or expenses set forth in the monthly statements prior to the filing of interim fee applications regarding such amounts. Despite the foregoing, if the Debtors, the U.S. Trustee, the Creditors' Committee, or any party in interest object to the monthly payment of fees or expenses, they may pursue its objection prior to the filing of formal interim or final applications with the Court by providing written out-of-court notice to the Debtors, its counsel, the U.S. Trustee, the Professional, the creditor's committee and parties in interest within fourteen (14) days of receipt of the Professional's monthly statement. Such notice must specify the nature of the objection and the specific amount of the monthly payment considered objectionable.

g. If a timely out-of-court objection to a monthly statement is disseminated in the manner provided above, the Debtors shall withhold the specific compensation amount(s) for services rendered, objected to, in addition to and in excess of the amount withheld pursuant to the twenty-five percent (25%) holdback, and specific amounts for expenses considered objectionable pending resolution by the Court upon the filing of an interim formal application by the Professional. All professional fees and expenses not objected to shall be paid by end of month.

    h.     The Debtors, the U.S. Trustee, and the Creditors' Committee, as well as any other party-in-interest, shall have the opportunity to formally object to or comment upon the fees and expenses contained in the monthly statements upon the filing of interim and final fee applications in accordance with Sections 330 and 331 of the Bankruptcy Code.

    i.     Once the fourteen (14) day notice period has passed and/or all objections have been resolved, the Debtors will be authorized to pay one hundred percent (100%) of the expenses and seventy-five percent (75%) of the fees requested by the professional if the Debtors have sufficient cash reserves to pay the professional.

    j.     If the parties are unable to resolve any disputes, they may file a motion seeking resolution by the Court.

    k.     Interim formal applications shall be filed pursuant to 11 U.S.C. §331.

    l.     The Professionals may apply to receive the amounts withheld pursuant to the twenty-five percent (25%) monthly holdback or withheld pursuant to any timely out-of-court objection to a monthly statement in its respective interim formal applications. Upon approval of an interim formal application, Debtors may disburse the monthly holdback amounts retained for the previous period only to the extent allowed by the Court. Any professional seeking payment of the 25% holdback must show good cause for such payment to be allowed. See L.B.R. 2016-2APP.

    m.    Reasonable time and expenses incurred in the preparation of monthly statements and formal applications shall be reimbursable from the estate.

    n.     Notice of any proposed increase in an individual professional's billing rate must be filed with the Court and separately noticed to the Debtors, U.S. Trustee, and Creditors' Committee, and those parties shall have thirty (30) days to file objections to the proposed increase.

    o.     This application, if approved, will not preclude any party-in-interest from seeking extraordinary relief or expedited action by the Court to resolve or clarify disputes regarding professional compensation or expense reimbursement.

3.    The retainer in the total amount of $17,500.00 to Weinman & Associates, P.C. by the Debtors is hereby approved.

DATED: June 17, 2013

BY THE COURT:

*[signature]*

U.S. Bankruptcy Judge