# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| TERRY LEE EVANSON, ) | Case No. 13-19032 MER |
| LYNETTE PEARCE EVANSON, ) | Chapter 11 |
| ) | |
| Debtors. ) | |

## MOTION FOR EXAMINATION OF
## TERRY LEE EVANSON AND LYNETTE PEARCE EVANSON

COMMAND CENTER, INC. ("Command Center"), through its undersigned counsel, respectfully moves this Court for an Order Authorizing Command Center to take the Examination of the Debtors, Mr. Terry Lee Evanson and Ms. Lynette Pearce Evanson, pursuant to Fed.R.Bankr.P. 2004, and states as follows:

1. Terry Lee Evanson and Lynette Pearce Evanson (collectively the "Debtors"), voluntarily filed for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on May 28, 2013 ("Petition Date").

2. In the Debtors' Statement of Financial Affairs filed in connection with their bankruptcy case, the Debtors listed litigation involving AdvantEdge Insurance Group, LLC and Command Center pending in the District Court, City and County of Denver, Colorado, Case No. 2010CV4135 (the "Civil Action"). *See Docket No. 21, p. 2.* The Debtors also schedule the debts owed to Command Center as contingent, unliquidated and disputed in the amount of $1,500,000. *Id.*, p. 22.

3. Pre-petition, Command Center, Mr. Evanson, Ms. Evanson and AdvantEdge Insurance Group, LLC, among others were involved in the Civil Action. The Civil Action stems out of the Debtors' (among others) alleged civil theft of the monies and property of Command Center through a several year scheme of overcharging Command Center on the premiums for insurance policies brokered through Mr. Evanson, Keith Anderson and their affiliates.

4. Command Center learned of the scheme to convert its funds after many bank statements, emails, and other information were produced in discovery in the Civil Action. Command Center also learned that the excess premiums were diverted by Mr. Evanson, Mr. Anderson and others to their affiliates. AdvantEdge Insurance Group, LLC is owned by Ms. Lynette Evanson. However, Command Center learned that AdvantEdge Insurance Group, LLC operated as an unlicensed insurance agency in Colorado, it did not maintain corporate records or hold corporate meetings, it did

not have any employees, it did not have any assets, and was set up for the sole purpose of funneling monies to Mr. Anderson and/or Mr. Evanson, among others.

5. Based upon its investigation to date, Command Center has suffered damages in excess of $832,063.24, not including attorney's fees and costs or treble damages. The Debtors allegedly received the benefit of over $59,081.00 of Command Center's over payment of premiums to AdvantEdge Insurance Group, LLC. Command Center has suffered additional damages which are unrelated to this Motion.

6. Command Center desires to examine the Debtors as to the full extent of the Debtors' financial affairs, including, but not limited to, the Debtors' knowledge and affiliation with the following persons and/or entities:

   a. AdvantEdge Insurance Group, LLC;
   b. AdvantEdge Business Group, LLC (an entity affiliated with the Debtors who allegedly received Command Center's funds);
   c. Moreton Insurance of Colorado, LLC (Mr. Evanson's entity of which he was the Chairman);
   d. Keith Anderson (who also allegedly received Command Center's funds);
   e. World Wide Specialty Programs, Inc. (an entity affiliated with AdvantEdge Insurance Group, LLC which was to divide the commissions paid by Command Center);
   f. Kootenay Management (an unregistered entity affiliated with Mr. Keith Anderson); and,
   g. Cathy Anderson (Mr. Keith Anderson's spouse who allegedly received funds of Command Center).

7. Based upon Command Center's investigation to date, Command Center believes that there are a number of significant discrepancies in the Debtors' bankruptcy Schedules and Statement of Financial Affairs and the sources of their pre-petition income. Command Center also desires to examine the Debtors as to matters which may affect the administration of the Debtors's estate, including the Debtors' undisclosed receipt of Command Center's funds, the nature and extent of the Debtors' ownership of their residence, and the Debtors' other debts and liabilities identified by the Debtors in their Schedules.

8. In conjunction with examination, Command Center may compel the production of certain records which they believes are in the Debtors' possession, pursuant to Fed.R.Bankr.P. 9016, more fully set forth in Exhibit 1 attached hereto.

9. Command Center therefore seeks authority from this Court to conduct an examination of the Debtors pursuant to Fed.R.Bankr.P. 2004. *See In re Buick*, 174 B.R. 299, 306 (Bankr.D.Colo. 1994); *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267 (D.Colo. 1991).

10. Command Center will set the date of the examination no earlier than ten (10) days following the date of the Order, at the offices of Command Center's litigation counsel.

WHEREFORE, Command Center respectfully requests that this Court enter an Order authorizing the examination of Mr. Terry Lee Evanson and Ms. Lynette Pearce Evanson, pursuant to Fed.R.Bankr.P. 2004, and for such other and further relief as this Court deems appropriate.

DATED this 22nd day of July, 2013.

          Respectfully submitted,
          BUECHLER LAW OFFICE, L.L.C.


          */s/ Kenneth J. Buechler*
          _____
          Kenneth J. Buechler, #30906
          1621 18th Street, Suite 260
          Denver, Colorado 80202
          Tel: 720-381-0045
          Fax: 720-381-0382
          ken@kjblawoffice.com