UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re  *AdantEdge Insurance Group, LLC*  )<br>*Debtor* ) | |
| ) | Bankruptcy Case No.  13-10006 MER |
| ) | |
| *Command Center, Inc.*  ) <br>*Plaintiff* ) | Chapter  7 |
| ) | |
| *AdvantEdge Insurance Group, LLC*  )<br>*Defendant(s)* ) | |
| ) | Adv. Pro. No. _____ |

## OBJECTION TO DISCHARGE

### AND

### COMPLAINT UNDER 523(a)(2),(4) & (6) OF THE BANKRUPTCY CODE TO DETERMINE THE DISCHARGEABILITY OF A DEBT

Command Center, Inc., as Plaintiff herein, complains of Debtor and Defendant, AdvantEdge Insurance Group, LLC as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of 28 U.S.C. §1334. This adversary proceeding relates to the Chapter 7 case of AdvantEdge Insurance Group, LLC, Case No. 13-10006-MER, now pending in the United States Bankruptcy Court for the District of Colorado. The matter is a core proceeding pursuant to 28 U.S.C. §157.

2. Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409.

**EXHIBIT A**

## GENERAL ALLEGATIONS

3. On January 2, 2013, Debtor filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code.

4. When Debtor filed its petition it was in the middle of legal proceedings, in Denver District Court, which are pending under the caption and docket number of *AdvantEdge Insurance Group, LLC v. Command Center, Inc. v. Moreton Insurance of Colorado, LLC v. World Wide Specialty Programs, Inc. v. Terry Evanson v. Lynette Evanson v. Keith Anderson*, Civil Action No. 2010CV4135 (Civil Action). While the litigation was instituted by AdvantEdge Insurance Group, LLC, the counter-claims against AdvantEdge Insurance Group, LLC, *et. al.* involve fraud, inter alia, affirmative fraud, civil theft and breach of fiduciary duties. (Complaint filed by AdvantEdge Insurance Group, LLC, Attached as Exhibit 1).

5. The counter-claims were asserted by Command Center, Inc. after discovery of bank statements, emails and other information which show the theft of monies from Command Center, Inc., by AdvantEdge Insurance Group, LLC, Moreton Insurance of Colorado, LLC, Terry Evanson and Keith Anderson. Specifically, Command Center, Inc. alleges that Terry Evanson as Chairman of Moreton Insurance of Colorado, LLC introduced Keith Anderson, his associate, to Command Center, Inc. to assist in the placement of Command's insurance policies. Terry Evanson then directed Mr. Anderson to use his wife's entity, AdvantEdge Insurance Group, LLC, for the placement of Command's workers' compensation, general liability and umbrella policies. Mr. Anderson and Mr. Evanson then added excess premium to the payment, beyond $120,000.00 in disclosed commissions, and they then retained the excess. (Third Amended Complaint filed by Command Center, Inc., Attached as Exhibit 2).

6. AdvantEdge Insurance Group, LLC, Moreton Insurance of Colorado, LLC, Terry Evanson and Keith Anderson placed the policies through AIG without properly marketing the policies causing Command Center, Inc., to pay premiums that were higher than they would have been in the open market. Command Center, Inc. alleges those premiums were 1.4 million higher than they would have been had the policy been properly marketed.

7. AdvantEdge Insurance Group, LLC's 30(b)(6) deposition was taken in the Civil Action. The following facts were established by the AdvantEdge designees:

A. AdvantEdge is a one member LLC. The sole member is Lynette Evanson. (Tara Griffin as 30(b)(6) of AdvantEdge, hereinafter Exhibit 3; Depo. Trs. Pg. 10, ll. 20-25).

B. AdvantEdge operated as an unlicensed insurance agency in the State of Colorado. (Ex. 3; Pg. 6-7, ll. 25-3).

C. AdvantEdge did not maintain corporate records.

D. AdvantEdge did not hold member manager meetings. (Ex. 3, Pg. 11, ll. 9-11).

E. AdvantEdge had no employees. (Ex. 3, 11, ll. 15-16).

F. Advantedge has at this time no assets and did not have assets in 2008. (Ex. 3, Pg. 11, ll. 18-21).

G. Additionally, AdvantEdge was used as "[a] vehicle for moving money when an insurance placement was made...." (Keith Anderson as 30(b)(6) designee, hereinafter Exhibit 4; Depo. Trs. Pg. 9-10, ll. 24-4).

H. Mr. Anderson testified that AdvantEdge was a vehicle for pushing revenue to him. (First Deposition of Keith Anderson, hereinafter Exhibit 5; Depo Trs. Pg. 9, ll. 4-7).

I. Command was AdvantEdge's only client. (Ex. 3, Pg. 12, ll. 2-8).

J. Mr. Anderson solicited false bids for Command insurance policies.

K. Mr. Anderson falsely signed insurance documents as an officer of Command. (Ex. 5, Pg. 60-62, ll. 3-21).

L.  Mr. Anderson testified that any money that he received from Command in excess of what he was invoiced by Worldwide he retained. (Second Deposition of Keith Anderson, hereinafter Ex. 6, Pg. 65-67, ll. 2-16).

M.  Mr. Anderson testified that after the payment for rent and use of computers to an unknown entity, all of AdvantEdge's funds were given to him. (Ex. 5, Pg. 47-49, ll. 23-8).

N.  AdvantEdge's bank statements indicate funds paid by Command were given to Mr. Anderson, Mr. Evanson, Mrs. Anderson, and Moreton. (Bank Statements of AdvantEdge from 2005 to 2008, attached as Exhibit 7).

8. Terry Evanson and Keith Anderson were, at the time of the relevant transactions, licensed insurance agents. Moreton Insurance of Colorado, LLC is a licensed insurance agency. AdvantEdge Insurance Group, LLC is and was an unlicensed insurance agency. Insurance agents and agency, whether properly licensed or not, are governed by the State in which they are doing business, in this case, Colorado.

9. Insurance agents and agencies have statutory fiduciary duties imposed on them pursuant to C.R.S. §10-2-704 regarding the acceptance, remittance and return of unearned premiums. In this case, Command alleges that AdvantEdge Insurance Group, LLC, Moreton Insurance of Colorado, LLC, Terry Evanson and Keith Anderson retained approximately $832,063.24 in unearned premium, or excess premium.

10. If one applies the attached spreadsheet, supported by the bank records (also attached), Keith Anderson, working under the supervision of Terry Evanson (who received portions of the money shown to have been used in the form of credit card payments), knowingly obtained money in excess of the premiums actually owed for Command's Workers' Compensation, General Liability and Umbrella policies on or about: May 24, 2006; June 9, 2006, July 11, 2006; August 11, 2006; September 11, 2006; October 11, 2006; November 13, 2006; December 12,

2006; January 12, 2007; February 12, 2007; May 14, 2007; June 12, 2007; July 11, 2007; July 18, 2007; August 13, 2007; August 20, 2007; September 12, 2007; October 15, 2007; November 13, 2007; November 19, 2007; December 12, 2007; and May 16, 2008. Keith Anderson and/or Terry Evanson misrepresented the amount of premiums owed by Command for its Workers' Compensation, General Liability and Umbrella policies. They then, with the intent to deprive Command of its funds, knowingly concealed from Command, for their own uses, on or about: May 26, 2006: $46,366.05; June 13, 2006: $37,500.00; July 12, 2006; $37,500.00; August 14, 2006: $25,000.00; September 13, 2006: $25,000.00; October 12, 2006: $25,000.00; November 13, 2006: $25,000.00; December 12, 2006: $25,000.00; January 16, 2007: $25,000.00; February 13, 2007: $68,617.00; May 17, 2007: $74,279.69; June 13, 2007: $7,500.00; July 16, 2007: $28,750.00; July 20, 2007: $28,750.00; August 13, 2007: $32,631.50; August 21, 2007: $24,868.50; September 13, 2007: $57,500.00; October 15, 2007: $57,500.00; November 13, 2007: $57,500.00; December 13, 2007: $57,500.00; May 16, 2008: $185,300.50, for a total of $832,063.24. (Spreadsheet attached as Exhibit 8).

11. The disbursement of the $832,063.24 to AdvantEdge insiders is varied; however, the bank records indicate the following:

- September 2006: a credit card payment was made for Keith Anderson in the amount of $1,013.73;
- September 2006: multiple credit card payments were made for Terry Evanson in the amount of $15,000.00;
- October 2006: a credit card payment was made for Keith Anderson in the amount of $1,668.83;
- November 2006: multiple credit card payments were made for Terry Evanson in the amount of $34,081.02;
- December 2006: a credit card payment for Terry Evanson was made in the amount of $10,000.00;
- December 2006: a credit card payment for Keith Anderson was made in the amount of $234.61;

- January 2007: a credit card payment was made for Keith Anderson in the amount of $2,650.26 and for Cathy Anderson in the amount of $2,883.76;
- February 2007: a credit card payment for Keith Anderson in the amount of $1,023.70;
- November 2007: a credit card payment was made for Cathy Anderson in the amount of $5,658.59;
- December 2007: a credit card payment was made for Keith Anderson in the amount of $3,410.24 and for Cathy Anderson in the amount of $3,985.49;
- January 2007: a credit card payment was made for Cathy Anderson in the amount of $3,022.71 and for Keith Anderson in the amount of $687.67;
- February 2007: a credit card payment was made for Cathy Anderson in the amount of $670.35 and for Keith Anderson in the amount of $46.46;
- March 2008: a credit card payment was made for Keith Anderson of $1,730.13. Additional monies were paid to Kootenay Management (Keith Anderson's unregistered Utah entity), Keith Anderson, his family members and Terry Evanson, as well as various other entities involved in no business relationship with Command.

12. "Colorado follows the general rule that insurance agents have a duty to act with reasonable care toward their insureds, but, absent a special relationship between the insured and the insurer's agent, that agent has no affirmative duty to advise or warn his or her customer about the provisions contained in an insurance policy." *Kaercher v. Sater, et al.*, 155 P.3d 437, 441 (Colo. App. 2006), citations omitted. Failing to act with reasonable care toward an insured provides the basis for a negligence claim against an insurance agent. However, the agents, by their actions, can also create a special relationship with an insured. "Whether a special relationship has been formed turns on whether there is 'entrustment,' that is, whether the agent or broker assumes additional responsibilities beyond those which attach to an ordinary, reasonable agent possessing normal competencies and skills." *Kaercher*, citations omitted. A special relationship is evidenced by a long-standing relationship of entrustment which can be evidenced by the agent receiving additional compensation for their services, above and beyond commissions from premiums. *Id.* at 442. The long-standing relationship prong has been held to be of a lesser importance than the entrustment prong. *Id.* at 441.

13. This conduct occurred over several years. After Command terminated its policies with the parties to the Civil Action, AdvantEdge's bank account was plundered, and AdvantEdge Insurance Group, LLC was left as an empty shell.

14. AdvantEdge Insurance Group, LLC then instituted suit against Command Center, Inc., for the recovery of alleged commissions on the cancelled policies and for a declaratory judgment regarding commissions paid on the cancelled policies.

## FIRST CLAIM FOR RELIEF

(Objection to Discharge – Pursuant to 11 U.S.C. §727(3))

15. Plaintiff adopts and hereby incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 14, inclusive, as if set forth individually in the first claim for relief.

16. Pursuant to 11 U.S.C. §727(3), the Court shall grant a discharge unless "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

17. Debtor is unable to produce any recorded information to document business transactions or debtor's financial condition.

## SECOND CLAIM FOR RELIEF

(Objection to Discharge – Pursuant to 11 U.S.C. §727(4)(A))

18. Plaintiff adopts and hereby incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 17, inclusive, as if set forth individually in the first claim for relief.

19. Pursuant to 11 U.S.C. §727(4)(A) the Court shall grant a discharge unless "the debtor … in connection with the case— made a false oath or account."

20. Debtor has made a false oath in connection with this case. Specifically, debtor testified previously that it was a sole member manager entity. Debtor has testified under oath in these proceedings that it is a dual member manager entity.

## THIRD CLAIM FOR RELIEF

(Nondischargeability against the Debtor AdvantEdge Insurance Group, LLC – Pursuant to 11 U.S.C. §523(a)(2))

21. Plaintiff adopts and hereby incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 20, inclusive, as if set forth individually in the first claim for relief.

22. Pursuant to U.S.C. §523(a)(2) money obtained by false pretenses, a false representation, or actual fraud is not dischargeable.

23. Command alleges that AdvantEdge Insurance Group, LLC *et. al.* falsely represented the amount of premium owed to Command Center, Inc. and retained the excess funds.

24. These actions occurred between May 2006 through June 2008, in the pattern and on or about the dates listed in general allegation number 10 and 11.

25. These monies and transactions are the subject of Command Center, Inc.'s claims for relief in the Civil Action for fraud, affirmative fraud, and civil theft.

26. Mr. Anderson was deposed three times, twice in his personal capacity (at his request his deposition was divided over two days), and once as the 30(b)(6) representative for AdvantEdge. During these depositions, the subject of fees and commissions were discussed.

27. As the 30(b)(6) representative for AdvantEdge, Mr. Anderson testified that he had a very hard time understanding the distinction between himself and AdvantEdge. (Ex. 4, Keith Anderson testifying, p. 28, ll. 10-17). Mr. Anderson then testified that AdvantEdge was his vehicle between Command Center and Worldwide for the transfer of funds. Ex. 4, Keith Anderson testifying, p. 31, ll. 10-22).

Testifying in his individual capacity Mr. Anderson explained that:

> "It was decided that if I could help them [Command] with the placements, then Worldwide would share revenues with, that that's how I would be compensated and so I was needed by them to do that so that I could be compensated. Otherwise I would have asked for fees directly from them."

(Ex. 5, p. 15-16, ll. 16-4).

> Q  (By Ms. Cleary) Okay. You negotiated the agreement with Worldwide; is that correct?
>
> A  I did.
>
> Q  Did you send everything, all of the money that was sent to AdvantEdge, to Worldwide?
>
> A  I would have sent what I was invoiced.

(Ex. 6, p. 65, ll, 5-7).

The bank records of AdvantEdge show that it invoiced Command Center more than it was invoiced by Worldwide and, then, sent to Worldwide only what it was invoiced.

28. The evidence listed above shows that AdvantEdge participated in obtaining money by false pretenses, false representation, or actual fraud.

## FOURTH CLAIM FOR RELIEF

(Nondischargeability against the Debtor AdvantEdge Insurance Group, LLC – Pursuant to 11 U.S.C. §523(a)(4))

29. Plaintiff adopts and hereby incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 28, inclusive, as if set forth individually in the first claim for relief.

30. Pursuant to U.S.C. §523(a)(4) debts based on fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

31. AdvantEdge Insurance Group, LLC *et. al.* were acting in a fiduciary capacity in its dealings with Command.

32. The fiduciary relationship is established pursuant to C.R.S. § 10-2-704 *et. seq.* which provides that an agent is deemed a fiduciary with regard to premiums and the return of excess premium to the insured.

33. The fiduciary relationship is further established by *Kaercher v. Sater* which holds that a long standing relationship of entrustment creates a fiduciary duty. *Kaercher v. Sater, et al.*, 155 P.3d 437, 442 (Colo. App. 2006) (citations omitted).

34. The actions that violated AdvantEdge's fiduciary duty to Command occurred between May 2006 through June 2008, in the pattern and on or about the dates listed in general allegation number 3 and 14.

35. AdvantEdge specifically, retained excess premium through fraud thereby committing embezzlement and larceny.

36. AdvantEdge failed to properly shop policies, while making it appear that policies were shopped, causing Command to pay higher premiums to AIG, in order for it to illegally receive commissions.

37. Based on the above allegations Command believes that the debt owed to it by AdvantEdge stems from AdvantEdge's breaches of fiduciary duty to Command.

### FIFTH CLAIM FOR RELIEF

(Nondischargeability against the Debtor AdvantEdge Insurance Group, LLC – Pursuant to 11 U.S.C. §523(a)(6))

38. Plaintiff adopts and hereby incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 29, inclusive, as if set forth individually in the first claim for relief.

39. Pursuant to U.S.C. §523(a)(6) debts based on willful and malicious injury caused by the debtor to another entity or to the property of another entity are non-dischargeable;

40. AdvantEdge Insurance Group, LLC willfully and maliciously retained Command's funds with the intent to permanently deprive Command of those funds.

41. AdvantEdge committed these acts by overcharging the amount of premiums due and retaining the excess funds as outlined in allegations numbers 10 and 11.

42. Because AdvantEdge participated in willful and malicious injury to Command and its property these debts are non-dischargeable.

### PRAYER FOR RELIEF

Wherefore, Plaintiff requests judgment against the Debtor and Defendant AdvantEdge Insurance Group, LLC as follows:

1. On its first claim for relief, Command requests that AdvantEdge's debt owed to Command not be subject to discharge.

2. On its second claim for relief, Command requests that AdvantEdge's debt owed to Command not be subject to discharge.

3. On its third claim for relief, for judgment against the Debtor and Defendant AdvantEdge Insurance Group, LLC, determining that the debt is owed by the Debtor to Plaintiff and is non-dischargeable in its bankruptcy case and judgment according to proof.

4. On its fourth claim for relief, for judgment against Debtor and Defendant AdvantEdge Insurance Group, LLC, determining that the debt is owed by the Debtor to Plaintiff and is non-dischargeable in its bankruptcy case and judgment according to proof.

5. On its fifth claim for relief, for judgment against Debtor and Defendant AdvantEdge Insurance Group, LLC, determining that the debt is owed by the Debtor to Plaintiff and is non-dischargeable in its bankruptcy case and judgment according to proof.

6. That Plaintiff be awarded its costs of suit incurred herein and for such other and further relief as this Court deems proper.

Dated this 2nd day of April, 2013.

RITSEMA & LYON, P.C.

*/s/ Heather S. Cleary*
Heather S. Cleary, Esq. #39784
Thomas L. Kanan, Esq. #10558
999 18th Street, Suite 3100
Phone: 303.293.3100
Fax: 303.297.2337
E-mail: heather.cleary@ritsema-lyon.com;
tom.kanan@ritsema-lyon.com
*Attorneys for Defendant/Third-Party*