UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TERRY LEE EVANSON, | ) | Case No. 13-19032 MER |
| LYNETTE PEARCE EVANSON, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |

MOTION FOR EXAMINATION OF
TERRY LEE EVANSON AND LYNETTE PEARCE EVANSON

COMMAND CENTER, INC. ("Command Center"), through its undersigned counsel, respectfully moves this Court for an Order Authorizing Command Center to take the Examination of the Debtors, Mr. Terry Lee Evanson and Ms. Lynette Pearce Evanson, pursuant to Fed.R.Bankr.P. 2004, and states as follows:

1. Terry Lee Evanson and Lynette Pearce Evanson (collectively the "Debtors"), voluntarily filed for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on May 28, 2013 ("Petition Date").

2. In the Debtors' Statement of Financial Affairs filed in connection with their bankruptcy case, the Debtors listed litigation involving AdvantEdge Insurance Group, LLC and Command Center pending in the District Court, City and County of Denver, Colorado, Case No. 2010CV4135 (the "Civil Action"). *See Docket No. 21, p. 2.* The Debtors also schedule the debts owed to Command Center as contingent, unliquidated and disputed in the amount of $1,500,000. *Id.*, p. 22.

3. Pre-petition, Command Center, Mr. Evanson, Ms. Evanson and AdvantEdge Insurance Group, LLC, among others were involved in the Civil Action. The Civil Action stems out of the Debtors' (among others) alleged civil theft of the monies and property of Command Center through a several year scheme of overcharging Command Center on the premiums for insurance policies brokered through Mr. Evanson, Keith Anderson and their affiliates.

4. Command Center learned of the scheme to convert its funds after many bank statements, emails, and other information were produced in discovery in the Civil Action. Command Center also learned that the excess premiums were diverted by Mr. Evanson, Mr. Anderson and others to their affiliates. AdvantEdge Insurance Group, LLC is owned by Ms. Lynette Evanson. However, Command Center learned that AdvantEdge Insurance Group, LLC operated as an unlicensed insurance agency in Colorado, it did not maintain corporate records or hold corporate meetings, it did

-1-

**EXHIBIT A**

not have any employees, it did not have any assets, and was set up for the sole purpose of funneling monies to Mr. Anderson and/or Mr. Evanson, among others.

5. Based upon its investigation to date, Command Center has suffered damages in excess of $832,063.24, not including attorney's fees and costs or treble damages. The Debtors allegedly received the benefit of over $59,081.00 of Command Center's over payment of premiums to AdvantEdge Insurance Group, LLC. Command Center has suffered additional damages which are unrelated to this Motion.

6. Command Center desires to examine the Debtors as to the full extent of the Debtors' financial affairs, including, but not limited to, the Debtors' knowledge and affiliation with the following persons and/or entities:

   a. AdvantEdge Insurance Group, LLC;
   b. AdvantEdge Business Group, LLC (an entity affiliated with the Debtors who allegedly received Command Center's funds);
   c. Moreton Insurance of Colorado, LLC (Mr. Evanson's entity of which he was the Chairman);
   d. Keith Anderson (who also allegedly received Command Center's funds);
   e. World Wide Specialty Programs, Inc. (an entity affiliated with AdvantEdge Insurance Group, LLC which was to divide the commissions paid by Command Center);
   f. Kootenay Management (an unregistered entity affiliated with Mr. Keith Anderson); and,
   g. Cathy Anderson (Mr. Keith Anderson's spouse who allegedly received funds of Command Center).

7. Based upon Command Center's investigation to date, Command Center believes that there are a number of significant discrepancies in the Debtors' bankruptcy Schedules and Statement of Financial Affairs and the sources of their pre-petition income. Command Center also desires to examine the Debtors as to matters which may affect the administration of the Debtors's estate, including the Debtors' undisclosed receipt of Command Center's funds, the nature and extent of the Debtors' ownership of their residence, and the Debtors' other debts and liabilities identified by the Debtors in their Schedules.

8. In conjunction with examination, Command Center may compel the production of certain records which they believes are in the Debtors' possession, pursuant to Fed.R.Bankr.P. 9016, more fully set forth in Exhibit 1 attached hereto.

9. Command Center therefore seeks authority from this Court to conduct an examination of the Debtors pursuant to Fed.R.Bankr.P. 2004. *See In re Buick*, 174 B.R. 299, 306 (Bankr.D.Colo. 1994); *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267 (D.Colo. 1991).

10. Command Center will set the date of the examination no earlier than ten (10) days following the date of the Order, at the offices of Command Center's litigation counsel.

WHEREFORE, Command Center respectfully requests that this Court enter an Order authorizing the examination of Mr. Terry Lee Evanson and Ms. Lynette Pearce Evanson, pursuant to Fed.R.Bankr.P. 2004, and for such other and further relief as this Court deems appropriate.

DATED this 22nd day of July, 2013.

> Respectfully submitted,
> BUECHLER LAW OFFICE, L.L.C.
>
> */s/ Kenneth J. Buechler*
> _____
> Kenneth J. Buechler, #30906
> 1621 18th Street, Suite 260
> Denver, Colorado 80202
> Tel: 720-381-0045
> Fax: 720-381-0382
> ken@kjblawoffice.com

-3-

EXHIBIT 1

Produce the following documents:

**<u>Personal Financial Information</u>**

1. All records for all of your accounts, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, Ms. Evanson's account at US Bank, Ms. Evanson's account at Wells Fargo Bank, your account at Public Service Credit Union, your account at Red Rocks Credit Union, your account at Wells Fargo Bank, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

2. All records for any and all accounts in which you had signatory authority, other than the accounts identified in Request No. 1, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, cash card accounts, debit card accounts, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

3. All records for any and all credit cards, lines of credit, and other credit facilities available to you and/or from you exercised and/or received funds, including statements, wire transfers, payments, credit card checks, ledgers, etc., from January 1, 2006 to the present, including, but not limited to, all American Express accounts, Bank of America accounts, Chase accounts, Citi accounts, Discover accounts, US Bank accounts, and Wells Fargo accounts.

4. All income tax returns, including all schedules and attachments for the years 2006 through the present for yourself, including any United States federal returns, and state returns, and any tax return filed by you and/or on your behalf outside of the United States.

5. All loan applications, credit applications, financial statements, credit reports, balance sheets, profit and loss statements, containing any financial information of Terry Lee Evanson and Ms. Lynette Pearce Evanson, between January 1, 2006 to the present, including, but not limited to, all applications submitted to Hill Properties and Cottonwood Financial for the encumbrance against your residence and the loan on the 2007 Volkswagen Jetta through Red Rocks Credit Union.

6. All books and financial records including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present for yourself, whether in written or electronic format (including all "Quickbooks" or other accounting software

program files containing the requested information).

7. All documents and records evidencing any income, revenues and receipts by you from January 1, 2006 to the present, including all receipts from Mr. Terry Evanson's Canada Pension Plan, Mr. Terry Evanson's Sunlife Financial Policy dividends, any other pension plan, IRA, 401(k), retirement plan, stock brokerage account, mutual fund account, and/or life insurance dividend.

8. All document evidencing any debt owed to Alpine Credit within the four years prior to the Petition Date, including an application for credit in October 2012.

9. All documents evidencing any tithing to any religious or other institution within the four years prior to the Petition Date.

10. A list of all bookkeepers and/or accountants who within the four years prior to the Petition Date kept or supervised the keeping of your books of account or your records.

11. A list of any other person who within the four years prior to the Petition Date held or kept your books of account or your records.

12. All documents related to any and all real property owned by you within the four years prior to the Petition Date, including, but not limited to, deeds, deeds of trust, mortgages, settlement statements, title insurance, mortgage statements, appraisals, lease agreements, rent rolls, rent receipts, tax assessments, tax payments, property insurance policies, property expenses, tax returns, etc.

13. All documents related to any and all vehicles owned by you and/or registered in your name, within the four years prior to the Petition Date, including, but not limited to, Certificates of Title, bills of sale, loans, credit agreements, insurance cards and policies, registration, lease agreements, etc.

14. All documents evidencing any and all real and personal property insurance for any and all real and personal property owned by you, including but not limited to, the insurance policy for your residence and all personal property located at the residence, including all lists of personal property covered by such policies and the value of such property covered.

15. All copy of all cell and/or mobile phone bills for you for the four years prior to the Petition Date, including, an identification of all calls made to and/or from your cell and/or mobile phone.

16. All documents evidencing a lease agreement between you and the Lawn Mowing Company identified in Question 14 of your Statement of Financial Affairs, including,

   any lease agreement, checks paid to you, money orders, receipts, invoices, bills, etc.

17. All documents evidencing your use and/or ownership of a Ford Mustang and a Chevrolet Corvette, including, but not limited to, any Certificates of Title, vehicle registrations, loans, security agreements, loan applications, credit applications, bills of sale, insurance policies, etc.

**Affiliated Corporate Information**

1. All records for all accounts of AdvantEdge Insurance Group, LLC, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Advantage Insurance Group, LLC, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

2. All corporate records for AdvantEdge Insurance Group, LLC, including, but not limited to, Operating Agreement, minutes of meetings, resolutions, authorizations, amendments, membership certificates, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

3. All books and financial records for AdvantEdge Insurance Group, LLC, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

4. All records for all accounts of AdvantEdge Business Group, LLC, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Advantage Business Group, LLC, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

5. All corporate records for AdvantEdge Business Group, LLC, including, but not limited to, Operating Agreement, minutes of meetings, resolutions, authorizations, amendments, membership certificates, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

6. All books and financial records for AdvantEdge Business Group, LLC, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

7. All records for all accounts of Moreton Insurance of Colorado, LLC, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Moreton Insurance of Colorado, LLC, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

8. All corporate records for Moreton Insurance of Colorado, LLC, including, but not limited to, Operating Agreement, minutes of meetings, resolutions, authorizations, amendments, membership certificates, membership rolls, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

9. All books and financial records for Moreton Insurance of Colorado, LLC, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

10. All records for all accounts of World Wide Specialty Programs, Inc., including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with World Wide Specialty Programs, Inc., had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

11. All records for all accounts of Kootenay Management, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Kootenay Management, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

12. All corporate records for Kootenay Management, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Kootenay Management, evidence of the persons in control of Kootenay Management, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

13. All books and financial records for Kootenay Management, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

14. All records for all accounts of Europacific Properties, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Europacific Properties, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

15. All corporate records for Europacific Properties, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Europacific Properties, evidence of the persons in control of Europacific Properties, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

16. All books and financial records for Europacific Properties, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

17. All records for all accounts of Masters Business Essentials, Inc., including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Masters Business Essentials, Inc., had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

18. All corporate records for Masters Business Essentials, Inc., including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Masters Business Essentials, Inc., evidence of the persons in control of Masters Business Essentials, Inc., correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

19. All books and financial records for Masters Business Essentials, Inc., including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

20. All records for all accounts of Northwest Rentals, LLC - Colorado, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Northwest Rentals, LLC - Colorado, had signatory authority, including, but not limited to, bank

statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

21. All corporate records for Northwest Rentals, LLC - Colorado, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Northwest Rentals, LLC - Colorado, evidence of the persons in control of Northwest Rentals, LLC - Colorado, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

22. All books and financial records for Northwest Rentals, LLC - Colorado, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

23. All records for all accounts of Northwest Rentals, LLC - Montana, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Northwest Rentals, LLC - Montana, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

24. All corporate records for Northwest Rentals, LLC - Montana, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Northwest Rentals, LLC - Montana, evidence of the persons in control of Northwest Rentals, LLC - Montana, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

25. All books and financial records for Northwest Rentals, LLC - Montana, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

26. All records for all accounts of T.L. Holdings, Inc., including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with T.L. Holdings, Inc., had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

27. All corporate records for T.L. Holdings, Inc., including, but not limited to, any by

laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of T.L. Holdings, Inc., evidence of the persons in control of T.L. Holdings, Inc., correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

28. All books and financial records for T.L. Holdings, Inc., including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

29. All records for all accounts of Hill Properties, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Hill Properties, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

30. All corporate records for Hill Properties, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Hill Properties, evidence of the persons in control of Hill Properties, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

31. All books and financial records for Hill Properties, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

32. All records for all accounts of Netco, LLC, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Netco, LLC, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

33. All corporate records for Netco, LLC, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Netco, LLC, evidence of the persons in control of Netco, LLC, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

34. All books and financial records for Netco, LLC, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable,

and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

35. All records for all accounts of TRST, LLC, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with TRST, LLC, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

36. All corporate records for TRST, LLC, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of TRST, LLC, evidence of the persons in control of TRST, LLC, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

37. All books and financial records for TRST, LLC, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re: )
)
TERRY LEE EVANSON, ) Case No. 13-19032 MER
LYNETTE PEARCE EVANSON, ) Chapter 11
)
       Debtors. )

MOTION FOR EXAMINATION OF
TERRY LEE EVANSON AND LYNETTE PEARCE EVANSON

      THIS MATTER comes before the Court on the Motion for Examination of the Debtors, Mr. Terry Lee Evanson and Ms. Lynette Pearce Evanson, pursuant to Fed.R.Bankr.P. 2004, filed by COMMAND CENTER, INC. ("Command Center"), through counsel. The Court having reviewed the Motion and being advised in the premises, does hereby

      ORDER that the Motion is GRANTED. The Court

      FURTHER ORDERS that the Movant may compel the attendance of the Debtors and compel production of documents in the manner prescribed under Fed.R.Bankr.P. 2004(c) and 9016.

DATED this ___ day of _____, 2013.

                                                            BY THE COURT:

                                                           U.S. BANKRUPTCY COURT