UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:                                          )
                                                )
TERRY LEE EVANSON                               ) Case No. 13-19032 MER
SS# XXX-XX-9483                                 ) Chapter 11
LYNETTE PEARCE EVANSON                          )
SS# XXX-XX-5531                                 )
                                                )
Debtors.                                        )

## STATUS REPORT

Debtors-in-Possession, Terry Lee Evanson and Lynette Pearce Evanson ("Debtors"), through their counsel, Weinman & Associates, P.C., respond to the Court's "Order To File Status Report" dated July 24, 2013 as follows:

1. This is an individual Chapter 11 case which was commenced by the filing of a Chapter 11 Voluntary Petition on May 28, 2013.

2. Debtor, Terry Lee Evanson, has been involved in the insurance sales business for a good portion of his adult life. In this connection, he became involved with an entity known as Moreton Insurance Company of Colorado ("Moreton"). He was a shareholder and had an employment contract with that entity.

3. A disgruntled customer of Moreton, Command Center, Inc., in the context of other litigation, sued Moreton to recover certain premiums it had received and other damages. Moreover, Command Center sued Debtor and his wife. The lawsuit precipitated Moreton discharging Mr. Evanson, became protracted, and continues today.

4. Debtor believes that the claims are meritless, but Command Center persists, apparently believing that no amount of money is too great to pursue its claims whether they are meritorious or not.

5. Mr. Evanson believes that his termination was improper and further, as a 20% shareholder of Moreton, he believes that he is entitled to compensation for the value of his shares or at a minimum to be informed about the financial operations of the business, which financial information he has been refused.

6. As an aside, based upon a transaction which the Internal Revenue Service deemed to be a forgiveness of debt, Debtors were assessed an approximately $600,000 tax liability. And yet, the party whom the IRS asserts forgave the debt, insists that the

debt is still due and owing by the Debtors. To say the least, this is a "Catch 22" and must be resolved. Indeed, the IRS has failed and refuses to provide the information upon which it has based its conclusion.

7. Debtors hope and intend that the Chapter 11 reorganization can serve as a focal point to resolve all outstanding issues confronting the Debtors and allow them to move forward with their lives. Mrs. Evanson, who has a floral business, has taken steps to increase the volume of her sales and consequently her income, and Mr. Evanson is entertaining a number of possible opportunities from which he expects he can increase his income substantially.

8. There are no cash collateral issues in the case. Debtors' property is insured. There are a number of litigation issues which are critical to the reorganization, including the Command Center litigation and resolving the Moreton claims, including the value or liquidation of Debtors' interest in that entity. Debtors have scheduled other claims which they have relating to what they allege to have been improper collection tactics and the revelation of private medical records released in connection with such collection activity for which redress will be sought in other courts.

9. A budget for professionals is not ascertainable as considerable litigation is in the offing. Debtors, nevertheless, intend to use all available resources to redress their grievances both with Moreton and Command Center.

10. In light of the above, it is not anticipated that Debtors will be able to propose a Plan of Reorganization within the exclusive period as the litigation will not have come into clear focus by the 120 day deadline. Should this be the case, Debtors shall file a motion for extension of the exclusive period.

WHEREFORE, Debtors submit this Status Report.

DATED: August 6, 2013

                Respectfully Submitted,

                WEINMAN & ASSOCIATES, P.C.

                By: \s\ Jeffrey A. Weinman
                    Jeffrey A. Weinman #7605
                    730 17th Street, Suite 240
                    Denver, Colorado  80202
                    Phone: (303) 572-1010
                    Fax:   (303) 572-1011
                    jweinman@epitrustee.com

## CERTIFICATE OF MAILING

I hereby certify that I have mailed on this 6th day of August, 2013, a true and correct copy of the foregoing **STATUS REPORT** by placing the same in the United States mail, postage prepaid, addressed to:

Alan K. Motes, Esq.
U.S. Trustee's Office
999 18th St., #1551
Denver, CO 80202

Terry Lee Evanson
Lynette Pearce Evanson
10175 S. Oneida St.
Littleton, CO 80124-9608

Clarissa M. Raney, Esq.
Holland & Hart, LLP
555 17th St., Ste. 3200
P.O. Box 8749
Denver, CO 80201-8749

William C. Brittan, Esq.
Campbell Killin Brittan & Ray, LLC
270 St. Paul St., Ste. 200
Denver, CO 80206

Kevin D. Allen, Esq.
Patrick D. Vellone, Esq.
Tatiana G. Popacondria, Esq.
Allen & Vellone, P.C.
1600 Stout St., Ste. 1100
Denver, CO 80202

Heather S. Cleary, Esq.
Ritsema & Lyon, P.C.
999 18th St., Ste. 3100
Denver, CO 80202

Douglas County Treasurer
Attn: Stephanie Cook
100 Third Street
Castle Rock, CO 80104

                                                /s/ Lisa R. Kraai