## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TERRY LEE EVANSON, | ) | Case No. 13-19032 MER |
| LYNETTE PEARCE EVANSON, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |

---

## MOTION FOR EXAMINATION OF
## TERRY LEE EVANSON AND LYNETTE PEARCE EVANSON

---

COMMAND CENTER, INC. ("Command Center"), through its undersigned counsel, respectfully moves this Court for an Order Authorizing Command Center to take the Examination of the Debtors, Mr. Terry Lee Evanson and Ms. Lynette Pearce Evanson, pursuant to Fed.R.Bankr.P. 2004, and states as follows:

1. Terry Lee Evanson and Lynette Pearce Evanson (collectively the "Debtors'), voluntarily filed for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on May 28, 2013 ("Petition Date").

2. In the Debtors' Statement of Financial Affairs filed in connection with their bankruptcy case, the Debtors listed litigation involving AdvantEdge Insurance Group, LLC and Command Center pending in the District Court, City and County of Denver, Colorado, Case No. 2010CV4135 (the "Civil Action"). *See Docket No. 21, p. 2.* The Debtors also schedule the debts owed to Command Center as contingent, unliquidated and disputed in the amount of $1,500,000. *Id.*, p. 22.

3. Pre-petition, Command Center, Mr. Evanson, Ms. Evanson and AdvantEdge Insurance Group, LLC, among others were involved in the Civil Action. The Civil Action stems out of the Debtors' (among others) alleged civil theft of the monies and property of Command Center through a several year scheme of overcharging Command Center on the premiums for insurance policies brokered through Mr. Evanson, Keith Anderson and their affiliates.

4. Command Center learned of the scheme to convert its funds after many bank statements, emails, and other information were produced in discovery in the Civil Action. Command Center also learned that the excess premiums were diverted by Mr. Evanson, Mr. Anderson and others to their affiliates. AdvantEdge Insurance Group, LLC is owned by Ms. Lynette Evanson. However, Command Center learned that AdvantEdge Insurance Group, LLC operated as an unlicensed insurance agency in Colorado, it did not maintain corporate records or hold corporate meetings, it did

-1-

EXHIBIT
A
Case No. 13-19032 MER

not have any employees, it did not have any assets, and was set up for the sole purpose of funneling monies to Mr. Anderson and/or Mr. Evanson, among others.

5.      Based upon its investigation to date, Command Center has suffered damages in excess of $832,063.24, not including attorney's fees and costs or treble damages. The Debtors allegedly received the benefit of over $59,081.00 of Command Center's over payment of premiums to AdvantEdge Insurance Group, LLC. Command Center has suffered additional damages which are unrelated to this Motion.

6.      Command Center desires to examine the Debtors as to the full extent of the Debtors' financial affairs, including, but not limited to, the Debtors' knowledge and affiliation with the following persons and/or entities:

   a.      AdvantEdge Insurance Group, LLC;
   b.      AdvantEdge Business Group, LLC (an entity affiliated with the Debtors who allegedly received Command Center's funds);
   c.      Moreton Insurance of Colorado, LLC (Mr. Evanson's entity of which he was the Chairman);
   d.      Keith Anderson (who also allegedly received Command Center's funds);
   e.      World Wide Specialty Programs, Inc. (an entity affiliated with AdvantEdge Insurance Group, LLC which was to divide the commissions paid by Command Center);
   f.      Kootenay Management (an unregistered entity affiliated with Mr. Keith Anderson); and,
   g.      Cathy Anderson (Mr. Keith Anderson's spouse who allegedly received funds of Command Center).

7.      Based upon Command Center's investigation to date, Command Center believes that there are a number of significant discrepancies in the Debtors' bankruptcy Schedules and Statement of Financial Affairs and the sources of their pre-petition income. Command Center also desires to examine the Debtors as to matters which may affect the administration of the Debtors's estate, including the Debtors' undisclosed receipt of Command Center's funds, the nature and extent of the Debtors' ownership of their residence, and the Debtors' other debts and liabilities identified by the Debtors in their Schedules.

8.      In conjunction with examination, Command Center may compel the production of certain records which they believes are in the Debtors' possession, pursuant to Fed.R.Bankr.P. 9016, more fully set forth in Exhibit 1 attached hereto.

9.      Command Center therefore seeks authority from this Court to conduct an examination of the Debtors pursuant to Fed.R.Bankr.P. 2004. *See In re Buick*, 174 B.R. 299, 306 (Bankr.D.Colo. 1994); *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267 (D.Colo. 1991).

10.    Command Center will set the date of the examination no earlier than ten (10) days following the date of the Order, at the offices of Command Center's litigation counsel.

WHEREFORE, Command Center respectfully requests that this Court enter an Order authorizing the examination of Mr. Terry Lee Evanson and Ms. Lynette Pearce Evanson, pursuant to Fed.R.Bankr.P. 2004, and for such other and further relief as this Court deems appropriate.

DATED this 22nd day of July, 2013.

Respectfully submitted,
BUECHLER LAW OFFICE, L.L.C.


*/s/ Kenneth J. Buechler*

Kenneth J. Buechler, #30906
1621 18th Street, Suite 260
Denver, Colorado  80202
Tel: 720-381-0045
Fax: 720-381-0382
ken@kjblawoffice.com

-3-

EXHIBIT 1

Produce the following documents:

## Personal Financial Information

1.    All records for all of your accounts, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, Ms. Evanson's account at US Bank, Ms. Evanson's account at Wells Fargo Bank, your account at Public Service Credit Union, your account at Red Rocks Credit Union, your account at Wells Fargo Bank, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

2.    All records for any and all accounts in which you had signatory authority, other than the accounts identified in Request No. 1, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, cash card accounts, debit card accounts, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

3.    All records for any and all credit cards, lines of credit, and other credit facilities available to you and/or from you exercised and/or received funds, including statements, wire transfers, payments, credit card checks, ledgers, etc., from January 1, 2006 to the present, including, but not limited to, all American Express accounts, Bank of America accounts, Chase accounts, Citi accounts, Discover accounts, US Bank accounts, and Wells Fargo accounts.

4.    All income tax returns, including all schedules and attachments for the years 2006 through the present for yourself, including any United States federal returns, and state returns, and any tax return filed by you and/or on your behalf outside of the United States.

5.    All loan applications, credit applications, financial statements, credit reports, balance sheets, profit and loss statements, containing any financial information of Terry Lee Evanson and Ms. Lynette Pearce Evanson, between January 1, 2006 to the present, including, but not limited to, all applications submitted to Hill Properties and Cottonwood Financial for the encumbrance against your residence and the loan on the 2007 Volkswagen Jetta through Red Rocks Credit Union.

6.    All books and financial records including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present for yourself, whether in written or electronic format (including all "Quickbooks" or other accounting software

-1-

program files containing the requested information).

7. All documents and records evidencing any income, revenues and receipts by you from January 1, 2006 to the present, including all receipts from Mr. Terry Evanson's Canada Pension Plan, Mr. Terry Evanson's Sunlife Financial Policy dividends, any other pension plan, IRA, 401(k), retirement plan, stock brokerage account, mutual fund account, and/or life insurance dividend.

8. All document evidencing any debt owed to Alpine Credit within the four years prior to the Petition Date, including an application for credit in October 2012.

9. All documents evidencing any tithing to any religious or other institution within the four years prior to the Petition Date.

10. A list of all bookkeepers and/or accountants who within the four years prior to the Petition Date kept or supervised the keeping of your books of account or your records.

11. A list of any other person who within the four years prior to the Petition Date held or kept your books of account or your records.

12. All documents related to any and all real property owned by you within the four years prior to the Petition Date, including, but not limited to, deeds, deeds of trust, mortgages, settlement statements, title insurance, mortgage statements, appraisals, lease agreements, rent rolls, rent receipts, tax assessments, tax payments, property insurance policies, property expenses, tax returns, etc.

13. All documents related to any and all vehicles owned by you and/or registered in your name, within the four years prior to the Petition Date, including, but not limited to, Certificates of Title, bills of sale, loans, credit agreements, insurance cards and policies, registration, lease agreements, etc.

14. All documents evidencing any and all real and personal property insurance for any and all real and personal property owned by you, including but not limited to, the insurance policy for your residence and all personal property located at the residence, including all lists of personal property covered by such policies and the value of such property covered.

15. All copy of all cell and/or mobile phone bills for you for the four years prior to the Petition Date, including, an identification of all calls made to and/or from your cell and/or mobile phone.

16. All documents evidencing a lease agreement between you and the Lawn Mowing Company identified in Question 14 of your Statement of Financial Affairs, including,

-2-

any lease agreement, checks paid to you, money orders, receipts, invoices, bills, etc.

17.    All documents evidencing your use and/or ownership of a Ford Mustang and a Chevrolet Corvette, including, but not limited to, any Certificates of Title, vehicle registrations, loans, security agreements, loan applications, credit applications, bills of sale, insurance policies, etc.

## Affiliated Corporate Information

1.    All records for all accounts of AdvantEdge Insurance Group, LLC, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Advantage Insurance Group, LLC, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

2.    All corporate records for AdvantEdge Insurance Group, LLC, including, but not limited to, Operating Agreement, minutes of meetings, resolutions, authorizations, amendments, membership certificates, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

3.    All books and financial records for AdvantEdge Insurance Group, LLC, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

4.    All records for all accounts of AdvantEdge Business Group, LLC, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Advantage Business Group, LLC, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

5.    All corporate records for AdvantEdge Business Group, LLC, including, but not limited to, Operating Agreement, minutes of meetings, resolutions, authorizations, amendments, membership certificates, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

6.    All books and financial records for AdvantEdge Business Group, LLC, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

-3-

7.    All records for all accounts of Moreton Insurance of Colorado, LLC, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Moreton Insurance of Colorado, LLC, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

8.    All corporate records for Moreton Insurance of Colorado, LLC, including, but not limited to, Operating Agreement, minutes of meetings, resolutions, authorizations, amendments, membership certificates, membership rolls, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

9.    All books and financial records for Moreton Insurance of Colorado, LLC, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

10.   All records for all accounts of World Wide Specialty Programs, Inc., including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with World Wide Specialty Programs, Inc., had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

11.   All records for all accounts of Kootenay Management, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Kootenay Management, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

12.   All corporate records for Kootenay Management, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Kootenay Management, evidence of the persons in control of Kootenay Management, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

13.   All books and financial records for Kootenay Management, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

-4-

14.   All records for all accounts of Europacific Properties, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Europacific Properties, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

15.   All corporate records for Europacific Properties, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Europacific Properties, evidence of the persons in control of Europacific Properties, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

16.   All books and financial records for Europacific Properties, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

17.   All records for all accounts of Masters Business Essentials, Inc., including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Masters Business Essentials, Inc., had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

18.   All corporate records for Masters Business Essentials, Inc., including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Masters Business Essentials, Inc., evidence of the persons in control of Masters Business Essentials, Inc., correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

19.   All books and financial records for Masters Business Essentials, Inc., including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

20.   All records for all accounts of Northwest Rentals, LLC - Colorado, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Northwest Rentals, LLC - Colorado, had signatory authority, including, but not limited to, bank

statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

21. All corporate records for Northwest Rentals, LLC - Colorado, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Northwest Rentals, LLC - Colorado, evidence of the persons in control of Northwest Rentals, LLC - Colorado, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

22. All books and financial records for Northwest Rentals, LLC - Colorado, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

23. All records for all accounts of Northwest Rentals, LLC - Montana, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Northwest Rentals, LLC - Montana, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

24. All corporate records for Northwest Rentals, LLC - Montana, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Northwest Rentals, LLC - Montana, evidence of the persons in control of Northwest Rentals, LLC - Montana, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

25. All books and financial records for Northwest Rentals, LLC - Montana, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

26. All records for all accounts of T.L. Holdings, Inc., including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with T.L. Holdings, Inc., had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

27. All corporate records for T.L. Holdings, Inc., including, but not limited to, any by

-6-

laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of T.L. Holdings, Inc., evidence of the persons in control of T.L. Holdings, Inc., correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

28.    All books and financial records for T.L. Holdings, Inc., including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

29.    All records for all accounts of Hill Properties, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Hill Properties, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

30.    All corporate records for Hill Properties, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Hill Properties, evidence of the persons in control of Hill Properties, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

31.    All books and financial records for Hill Properties, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

32.    All records for all accounts of Netco, LLC, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with Netco, LLC, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

33.    All corporate records for Netco, LLC, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of Netco, LLC, evidence of the persons in control of Netco, LLC, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

34.    All books and financial records for Netco, LLC, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable,

and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

35.     All records for all accounts of TRST, LLC, including, but not limited to, bank accounts, checking accounts, payroll accounts, savings accounts, money market accounts, and/or which anyone from and/or affiliated with TRST, LLC, had signatory authority, including, but not limited to, bank statements, check ledgers, cancelled checks, deposit slips, and wire transfer records, from January 1, 2006 to the present.

36.     All corporate records for TRST, LLC, including, but not limited to, any by laws or operating agreement, minutes of meetings, resolutions, authorizations, amendments, evidence of the owners of TRST, LLC, evidence of the persons in control of TRST, LLC, correspondence, email communications, memorandums, etc., from January 1, 2006 to the present.

37.     All books and financial records for TRST, LLC, including, but not limited to, general ledgers, balance sheets, profit and loss reports, income statements, accounts payable, and accounts receivable between January 1, 2006 and the present, whether in written or electronic format (including all "Quickbooks" or other accounting software program files containing the requested information).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | | |
|---|---|---|---|
| In re | AdantEdge Insurance Group, LLC | ) | |
| | *Debtor* | ) | |
| | | ) | Bankruptcy Case No.    13-10006 MER |
| | | ) | |
| | *Command Center, Inc.* | ) | Chapter     7 |
| | *Plaintiff* | ) | |
| | | ) | |
| | | ) | |
| | | ) | |
| | AdvantEdge Insurance Group, LLC | ) | |
| | *Defendant(s)* | ) | |
| | | ) | |
| | | ) | Adv. Pro. No.            |

OBJECTION TO DISCHARGE

AND

COMPLAINT UNDER 523(a)(2),(4) & (6) OF THE BANKRUPTCY CODE TO DETERMINE
THE DISCHARGEABILITY OF A DEBT

Command Center, Inc., as Plaintiff herein, complains of Debtor and Defendant, AdvantEdge

Insurance Group, LLC as follows:

JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this adversary proceeding pursuant

to the provisions of 28 U.S.C. §1334. This adversary proceeding relates to the Chapter 7 case of

AdvantEdge Insurance Group, LLC, Case No. 13-10006-MER, now pending in the United States

Bankruptcy Court for the District of Colorado. The matter is a core proceeding pursuant to 28

U.S.C. §157.

2.     Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409.

EXHIBIT
B
Case No. 13-19032 MER

## GENERAL ALLEGATIONS

3.     On January 2, 2013, Debtor filed a voluntary petition for relief under the provisions of Chapter 7 of the United States Bankruptcy Code.

4.     When Debtor filed its petition it was in the middle of legal proceedings, in Denver District Court, which are pending under the caption and docket number of *AdvantEdge Insurance Group, LLC v. Command Center, Inc. v. Moreton Insurance of Colorado, LLC v. World Wide Specialty Programs, Inc. v. Terry Evanson v. Lynette Evanson v. Keith Anderson*, Civil Action No. 2010CV4135 (Civil Action). While the litigation was instituted by AdvantEdge Insurance Group, LLC, the counter-claims against AdvantEdge Insurance Group, LLC, *et. al.* involve fraud, inter alia, affirmative fraud, civil theft and breach of fiduciary duties. (Complaint filed by AdvantEdge Insurance Group, LLC, Attached as Exhibit 1).

5.     The counter-claims were asserted by Command Center, Inc. after discovery of bank statements, emails and other information which show the theft of monies from Command Center, Inc., by AdvantEdge Insurance Group, LLC, Moreton Insurance of Colorado, LLC, Terry Evanson and Keith Anderson. Specifically, Command Center, Inc. alleges that Terry Evanson as Chairman of Moreton Insurance of Colorado, LLC introduced Keith Anderson, his associate, to Command Center, Inc. to assist in the placement of Command's insurance policies. Terry Evanson then directed Mr. Anderson to use his wife's entity, AdvantEdge Insurance Group, LLC, for the placement of Command's workers' compensation, general liability and umbrella policies. Mr. Anderson and Mr. Evanson then added excess premium to the payment, beyond $120,000.00 in disclosed commissions, and they then retained the excess. (Third Amended Complaint filed by Command Center, Inc., Attached as Exhibit 2).

6.      AdvantEdge Insurance Group, LLC, Moreton Insurance of Colorado, LLC, Terry Evanson and Keith Anderson placed the policies through AIG without properly marketing the policies causing Command Center, Inc., to pay premiums that were higher than they would have been in the open market. Command Center, Inc. alleges those premiums were 1.4 million higher than they would have been had the policy been properly marketed.

7.      AdvantEdge Insurance Group, LLC's 30(b)(6) deposition was taken in the Civil Action. The following facts were established by the AdvantEdge designees:

A.      AdvantEdge is a one member LLC. The sole member is Lynette Evanson. (Tara Griffin as 30(b)(6) of AdvantEdge, hereinafter Exhibit 3; Depo. Trs. Pg. 10, ll. 20-25).

B.      AdvantEdge operated as an unlicensed insurance agency in the State of Colorado. (Ex. 3; Pg. 6-7, ll. 25-3).

C.      AdvantEdge did not maintain corporate records.

D.      AdvantEdge did not hold member manager meetings. (Ex. 3, Pg. 11, ll. 9-11).

E.      AdvantEdge had no employees. (Ex. 3, 11, ll. 15-16).

F.      Advantedge has at this time no assets and did not have assets in 2008. (Ex. 3, Pg. 11, ll. 18-21).

G.      Additionally, AdvantEdge was used as "[a] vehicle for moving money when an insurance placement was made...." (Keith Anderson as 30(b)(6) designee, hereinafter Exhibit 4; Depo. Trs. Pg. 9-10, ll. 24-4).

H.      Mr. Anderson testified that AdvantEdge was a vehicle for pushing revenue to him. (First Deposition of Keith Anderson, hereinafter Exhibit 5; Depo Trs. Pg. 9, ll. 4-7).

I.      Command was AdvantEdge's only client. (Ex. 3, Pg. 12, ll. 2-8).

J.      Mr. Anderson solicited false bids for Command insurance policies.

K.      Mr. Anderson falsely signed insurance documents as an officer of Command. (Ex. 5, Pg. 60-62, ll. 3-21).

L.    Mr. Anderson testified that any money that he received from Command in excess of what he was invoiced by Worldwide he retained.  (Second Deposition of Keith Anderson, hereinafter Ex. 6, Pg. 65-67, ll. 2-16).

M.    Mr. Anderson testified that after the payment for rent and use of computers to an unknown entity, all of AdvantEdge's funds were given to him.  (Ex. 5, Pg. 47-49, ll. 23-8).

N.    AdvantEdge's bank statements indicate funds paid by Command were given to Mr. Anderson, Mr. Evanson, Mrs. Anderson, and Moreton.  (Bank Statements of AdvantEdge from 2005 to 2008, attached as Exhibit 7).

8.    Terry Evanson and Keith Anderson were, at the time of the relevant transactions, licensed insurance agents.   Moreton Insurance of Colorado, LLC is a licensed insurance agency. AdvantEdge Insurance Group, LLC is and was an unlicensed insurance agency.  Insurance agents and agency, whether properly licensed or not, are governed by the State in which they are doing business, in this case, Colorado.

9.    Insurance agents and agencies have statutory fiduciary duties imposed on them pursuant to C.R.S. §10-2-704 regarding the acceptance, remittance and return of unearned premiums.  In this case, Command alleges that AdvantEdge Insurance Group, LLC, Moreton Insurance of Colorado, LLC, Terry Evanson and Keith Anderson retained approximately $832,063.24 in unearned premium, or excess premium.

10.    If one applies the attached spreadsheet, supported by the bank records (also attached), Keith Anderson, working under the supervision of Terry Evanson (who received portions of the money shown to have been used in the form of credit card payments), knowingly obtained money in excess of the premiums actually owed for Command's Workers' Compensation, General Liability and Umbrella policies on or about: May 24, 2006; June 9, 2006, July 11, 2006; August 11, 2006; September 11, 2006; October 11, 2006; November 13, 2006; December 12,

2006; January 12, 2007; February 12, 2007; May 14, 2007; June 12, 2007; July 11, 2007; July 18, 2007; August 13, 2007; August 20, 2007; September 12, 2007; October 15, 2007; November 13, 2007; November 19, 2007; December 12, 2007; and May 16, 2008. Keith Anderson and/or Terry Evanson misrepresented the amount of premiums owed by Command for its Workers' Compensation, General Liability and Umbrella policies. They then, with the intent to deprive Command of its funds, knowingly concealed from Command, for their own uses, on or about: May 26, 2006: $46,366.05; June 13, 2006: $37,500.00; July 12, 2006; $37,500.00; August 14, 2006: $25,000.00; September 13, 2006: $25,000.00; October 12, 2006: $25,000.00; November 13, 2006: $25,000.00; December 12, 2006: $25,000.00; January 16, 2007: $25,000.00; February 13, 2007: $68,617.00; May 17, 2007: $74,279.69; June 13, 2007: $7,500.00; July 16, 2007: $28,750.00; July 20, 2007: $28,750.00; August 13, 2007: $32,631.50; August 21, 2007: $24,868.50; September 13, 2007: $57,500.00; October 15, 2007: $57,500.00; November 13, 2007: $57,500.00; December 13, 2007: $57,500.00; May 16, 2008: $185,300.50, for a total of $832,063.24. (Spreadsheet attached as Exhibit 8).

11.     The disbursement of the $832,063.24 to AdvantEdge insiders is varied; however, the bank records indicate the following:

- September 2006: a credit card payment was made for Keith Anderson in the amount of $1,013.73;
- September 2006: multiple credit card payments were made for Terry Evanson in the amount of $15,000.00;
- October 2006: a credit card payment was made for Keith Anderson in the amount of $1,668.83;
- November 2006: multiple credit card payments were made for Terry Evanson in the amount of $34,081.02;
- December 2006: a credit card payment for Terry Evanson was made in the amount of $10,000.00;
- December 2006: a credit card payment for Keith Anderson was made in the amount of $234.61;

- January 2007: a credit card payment was made for Keith Anderson in the amount of $2,650.26 and for Cathy Anderson in the amount of $2,883.76;
- February 2007: a credit card payment for Keith Anderson in the amount of $1,023.70;
- November 2007: a credit card payment was made for Cathy Anderson in the amount of $5,658.59;
- December 2007: a credit card payment was made for Keith Anderson in the amount of $3,410.24 and for Cathy Anderson in the amount of $3,985.49;
- January 2007: a credit card payment was made for Cathy Anderson in the amount of $3,022.71 and for Keith Anderson in the amount of $687.67;
- February 2007: a credit card payment was made for Cathy Anderson in the amount of $670.35 and for Keith Anderson in the amount of $46.46;
- March 2008: a credit card payment was made for Keith Anderson of $1,730.13. Additional monies were paid to Kootenay Management (Keith Anderson's unregistered Utah entity), Keith Anderson, his family members and Terry Evanson, as well as various other entities involved in no business relationship with Command.

12.     "Colorado follows the general rule that insurance agents have a duty to act with reasonable care toward their insureds, but, absent a special relationship between the insured and the insurer's agent, that agent has no affirmative duty to advise or warn his or her customer about the provisions contained in an insurance policy." *Kaercher v. Sater, et al.*, 155 P.3d 437, 441 (Colo. App. 2006), citations omitted. Failing to act with reasonable care toward an insured provides the basis for a negligence claim against an insurance agent. However, the agents, by their actions, can also create a special relationship with an insured. "Whether a special relationship has been formed turns on whether there is 'entrustment,' that is, whether the agent or broker assumes additional responsibilities beyond those which attach to an ordinary, reasonable agent possessing normal competencies and skills." *Kaercher*, citations omitted. A special relationship is evidenced by a long-standing relationship of entrustment which can be evidenced by the agent receiving additional compensation for their services, above and beyond commissions from premiums. *Id.* at 442. The long-standing relationship prong has been held to be of a lesser importance than the entrustment prong. *Id.* at 441.

13.     This conduct occurred over several years. After Command terminated its policies with the parties to the Civil Action, AdvantEdge's bank account was plundered, and AdvantEdge Insurance Group, LLC was left as an empty shell.

14.     AdvantEdge Insurance Group, LLC then instituted suit against Command Center, Inc., for the recovery of alleged commissions on the cancelled policies and for a declaratory judgment regarding commissions paid on the cancelled policies.

## FIRST CLAIM FOR RELIEF

### (Objection to Discharge – Pursuant to 11 U.S.C. §727(3))

15.     Plaintiff adopts and hereby incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 14, inclusive, as if set forth individually in the first claim for relief.

16.     Pursuant to 11 U.S.C. §727(3), the Court shall grant a discharge unless "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

17.     Debtor is unable to produce any recorded information to document business transactions or debtor's financial condition.

## SECOND CLAIM FOR RELIEF

### (Objection to Discharge – Pursuant to 11 U.S.C. §727(4)(A))

18.     Plaintiff adopts and hereby incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 17, inclusive, as if set forth individually in the first claim for relief.

19.     Pursuant to 11 U.S.C. §727(4)(A) the Court shall grant a discharge unless "the debtor … in connection with the case— made a false oath or account."

20.     Debtor has made a false oath in connection with this case.  Specifically, debtor testified previously that it was a sole member manager entity.  Debtor has testified under oath in these proceedings that it is a dual member manager entity.

## THIRD CLAIM FOR RELIEF

### (Nondischargeability against the Debtor AdvantEdge Insurance Group, LLC – Pursuant to 11 U.S.C. §523(a)(2))

21.     Plaintiff adopts and hereby incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 20, inclusive, as if set forth individually in the first claim for relief.

22.     Pursuant to U.S.C. §523(a)(2) money obtained by false pretenses, a false representation, or actual fraud is not dischargeable.

23.     Command alleges that AdvantEdge Insurance Group, LLC *et. al.* falsely represented the amount of premium owed to Command Center, Inc. and retained the excess funds.

24.     These actions occurred between May 2006 through June 2008, in the pattern and on or about the dates listed in general allegation number 10 and 11.

25.    These monies and transactions are the subject of Command Center, Inc.'s claims for relief in the Civil Action for fraud, affirmative fraud, and civil theft.

26.    Mr. Anderson was deposed three times, twice in his personal capacity (at his request his deposition was divided over two days), and once as the 30(b)(6) representative for AdvantEdge. During these depositions, the subject of fees and commissions were discussed.

27.    As the 30(b)(6) representative for AdvantEdge, Mr. Anderson testified that he had a very hard time understanding the distinction between himself and AdvantEdge. (Ex. 4, Keith Anderson testifying, p. 28, ll. 10-17). Mr. Anderson then testified that AdvantEdge was his vehicle between Command Center and Worldwide for the transfer of funds. Ex. 4, Keith Anderson testifying, p. 31, ll. 10-22).

Testifying in his individual capacity Mr. Anderson explained that:

> "It was decided that if I could help them [Command] with the placements, then Worldwide would share revenues with, that that's how I would be compensated and so I was needed by them to do that so that I could be compensated. Otherwise I would have asked for fees directly from them."

(Ex. 5, p. 15-16, ll. 16-4).

> Q    (By Ms. Cleary) Okay. You negotiated the agreement with Worldwide; is that correct?
>
> A    I did.
>
> Q    Did you send everything, all of the money that was sent to AdvantEdge, to Worldwide?
>
> A    I would have sent what I was invoiced.

(Ex. 6, p. 65, ll. 5-7).

The bank records of AdvantEdge show that it invoiced Command Center more than it was invoiced by Worldwide and, then, sent to Worldwide only what it was invoiced.

28.    The evidence listed above shows that AdvantEdge participated in obtaining money by false pretenses, false representation, or actual fraud.

FOURTH CLAIM FOR RELIEF

(Nondischargeability against the Debtor AdvantEdge Insurance Group, LLC – Pursuant to 11

U.S.C. §523(a)(4))

29. Plaintiff adopts and hereby incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 28, inclusive, as if set forth individually in the first claim for relief.

30. Pursuant to U.S.C. §523(a)(4) debts based on fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

31. AdvantEdge Insurance Group, LLC *et. al.* were acting in a fiduciary capacity in its dealings with Command.

32. The fiduciary relationship is established pursuant to C.R.S. § 10-2-704 *et. seq.* which provides that an agent is deemed a fiduciary with regard to premiums and the return of excess premium to the insured.

33. The fiduciary relationship is further established by *Kaercher v. Sater* which holds that a long standing relationship of entrustment creates a fiduciary duty. *Kaercher v. Sater, et al.*, 155 P.3d 437, 442 (Colo. App. 2006) (citations omitted).

34. The actions that violated AdvantEdge's fiduciary duty to Command occurred between May 2006 through June 2008, in the pattern and on or about the dates listed in general allegation number 3 and 14.

35. AdvantEdge specifically, retained excess premium through fraud thereby committing embezzlement and larceny.

36. AdvantEdge failed to properly shop policies, while making it appear that policies were shopped, causing Command to pay higher premiums to AIG, in order for it to illegally receive commissions.

37.    Based on the above allegations Command believes that the debt owed to it by AdvantEdge stems from AdvantEdge's breaches of fiduciary duty to Command.

## FIFTH CLAIM FOR RELIEF

(Nondischargeability against the Debtor AdvantEdge Insurance Group, LLC – Pursuant to 11

U.S.C. §523(a)(6))

38.    Plaintiff adopts and hereby incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 29, inclusive, as if set forth individually in the first claim for relief.

39.    Pursuant to U.S.C. §523(a)(6) debts based on willful and malicious injury caused by the debtor to another entity or to the property of another entity are non-dischargeable;

40.    AdvantEdge Insurance Group, LLC willfully and maliciously retained Command's funds with the intent to permanently deprive Command of those funds.

41.    AdvantEdge committed these acts by overcharging the amount of premiums due and retaining the excess funds as outlined in allegations numbers 10 and 11.

42.    Because AdvantEdge participated in willful and malicious injury to Command and its property these debts are non-dischargeable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests judgment against the Debtor and Defendant AdvantEdge Insurance Group, LLC as follows:

1.    On its first claim for relief, Command requests that AdvantEdge's debt owed to Command not be subject to discharge.

2.    On its second claim for relief, Command requests that AdvantEdge's debt owed to Command not be subject to discharge.

3.      On its third claim for relief, for judgment against the Debtor and Defendant AdvantEdge Insurance Group, LLC, determining that the debt is owed by the Debtor to Plaintiff and is non-dischargeable in its bankruptcy case and judgment according to proof.

4.      On its fourth claim for relief, for judgment against Debtor and Defendant AdvantEdge Insurance Group, LLC, determining that the debt is owed by the Debtor to Plaintiff and is non-dischargeable in its bankruptcy case and judgment according to proof.

5.      On its fifth claim for relief, for judgment against Debtor and Defendant AdvantEdge Insurance Group, LLC, determining that the debt is owed by the Debtor to Plaintiff and is non-dischargeable in its bankruptcy case and judgment according to proof.

6.      That Plaintiff be awarded its costs of suit incurred herein and for such other and further relief as this Court deems proper.


Dated this 2nd day of April, 2013.

                                             RITSEMA & LYON, P.C.

                                             Heather S. Cleary, Esq. #39784
                                             Thomas L. Kanan, Esq. #10558
                                             999 18th Street, Suite 3100
                                             Phone: 303.293.3100
                                             Fax: 303.297.2337
                                             E-mail:  heather.cleary@ritsema-lyon.com;
                                             tom.kanan@ritsema-lyon.com
                                             *Attorneys for Defendant/Third-Party*

<table>
<tr><td>

DISTRICT COURT, CITY AND COUNTY OF DENVER
STATE OF COLORADO
1437 Bannock Street, Room 256
Denver, Colorado 80202

</td><td>

EFILED Document
CO Denver County District Court 2nd JD
Filing Date: Jul 26 2010 6:07PM MDT
Filing ID: 32336026
Review Clerk: Rhonda McDonald

</td></tr>
</table>

| |
|---|

Plaintiff:   ADVANTEDGE INSURANCE GROUP, L.L.C.

v.

Defendant:  COMMAND CENTER, INC.

v.

Third Party Defendant: MORETON INSURANCE OF COLORADO LLC

▲ COURT USE ONLY ▲

Attorney for Defendant:
Ian Ray Mitchell (#34887)
Thomas Pollart & Miller LLC
5600 South Quebec Street, Suite 220-A
Greenwood Village, CO 80111
Telephone: (720) 488-9586
Facsimile: (720) 488-9587
Email: imitchell@tpm-law.com

Case No.:  2010CV4135

Division: 2

**AMENDED ANSWER TO COMPLAINT
COUNTERCLAIMS AND
THIRD PARTY COMPLAINT AGAINST MORETON & COMPANY**

Defendant, by and through its counsel, THOMAS POLLART & MILLER, LLC, hereby submits its Amended Answer to Plaintiff's Complaint, Counterclaims against AdvantEdge Insurance Group and Third Party Complaint against Moreton & Company and states as follows:

Defendant denies each and every item and allegation contained in Plaintiff's Complaint, unless expressly admitted herein.

1.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.    Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

EXHIBIT
C
Case No. 13-19032 MER

3.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits to sending a June 16, 2008 letter.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

2

16.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Defendant admits the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendant incorporates herein by reference each of its responses set forth above.

23.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     Defendant incorporates herein by reference each of its responses set forth above.

28.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendant incorporates herein by reference each of its responses set forth above.

32.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     Defendant incorporates herein by reference each of its responses set forth above.

36.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendant incorporates herein by reference each of its responses set forth above.

40.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant admits to sending a June 16, 2008 letter. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

Defendant denies any and all allegations asserted by Plaintiff in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff may have failed to mitigate its injuries, damages and losses.

3. Plaintiff's claims are barred, in whole, or in part, by one or more equitable doctrines including, but not limited to, accord, satisfaction, waiver, estoppel and laches.

4. Plaintiff's damages, if any, are limited as defined by all applicable constitutional and statutory provisions, and applicable case law.

5. Plaintiff's right to relief, if any, is barred by its own failure to act in good faith and/or Plaintiff has committed a material breach thereof.

6. One or more of Plaintiff's claims are frivolous, groundless and not supported by substantial justification.

7. Plaintiff's claims are barred by the doctrines of acceptance and ratification.

8. Plaintiff's claims are barred by Plaintiff's own comparative or contributory negligence, fault, bad faith, misconduct, wrongful acts or improper conduct.

5

9.     The damages recoverable, if any, against Defendant are subject to reduction for payment from collateral sources pursuant to C.R.S. § 13-21-111.6.

10.     The damages recoverable herein are subject to all relevant statutory limitations, including, but not limited to, those set forth in C.R.S. § 13-21-101, et seq., particularly C.R.S. § 13-21-102.5.

11.     Plaintiff's claims may be barred by the applicable Statute of Limitations.

12.     Plaintiff's claims may be barred or reduced by C.R.S. 13-21-111.5

13.     The complaint may have failed to name an indispensable party.

14.     Plaintiffs claims, in whole or in part, may be barred by some or all of the affirmative defenses contemplated by the rules, applicable case law, statutes or other applicable authority.  To the extent plaintiffs claims may be barred by one or more of said affirmative defenses, not specifically set out above, and may be undetermined until Defendant has had the opportunity to conduct discovery.  Defendant incorporates all said affirmative defenses as if fully set forth herein.

15.     Defendant reserves the right to raise additional affirmative defenses as such defenses become apparent through the course of discovery.

## COUNTER CLAIMS AND THIRD PARTY COMPLAINT

1.     Defendant Command Center is a Corporation incorporated under the laws of Washington State with a principal place of business of 3773 W 5th Ave, Post Falls, ID 83854.

2.     Plaintiff AdvantEdge Insurance Group, LLC, (AdvantEdge) is a Colorado limited liability company with its principal place of business at 9777 Mt. Pyramid Ct., Suite 200, Englewood, CO 80112.

3.     Upon information and belief Third Party Defendant Moreton Insurance of Colorado, LLC, dba Moreton & Company ("Moretone & Company), is a Colorado limited liability company with its principal place of business at 4600 S. Ulster Street, Suite 380, Denver, CO 80237.

4.     Upon information and belief Keith Anderson and Terry Evanson were employed at, and working for, Defendant AdvantEdge and Third Party Defendant Moreton and Company when they under took to act as insurance producers to obtain insurance policy for Defendant Command Center, Inc.

5.     Venue is proper pursuant to C.R.C.P. 98(c).

6

### General Allegations

6.      Upon information and belief, Plaintiff AdvantEdge Insurance Group, L.L.C., and Third Party Defendant Moreton & Company were the insurance producers for Command Center, Inc. from 2006 to 2008.  At relevant times, Plaintiff and Third Party Defendant acted as Command Center, Inc.'s agent and were to procure insurance policies, including, but not limited to going to the market place to obtain quote information and information on premiums, on behalf of Command Center, Inc. through the AdantEdge's and Moreton's mutual employees of Keith Anderson and Terry Evanson.

7.      Upon information and belief Plaintiff AdvantEdge and Third Party Defendant Moreton & Company were to provide assistance in obtaining multiple policy lines of insurance at reasonable rates and terms as an insurance retailer/producer.

8.      Upon information and belief a special relationship as defined under Colorado law for Insurance Producers and Insureds existed between AdvantEdge, Morcton & Company and Command Center, Inc.

9.      Upon information and belief, AdvantEdge and Moreton & Company failed to perform its due diligence and/or perform its duties in procuring said insurance in a reasonable manner, or within the appropriate standard of care, including but not limited to, committing errors and omissions in submissions to World Wide Specialty Programs, Inc.

10.      Upon information and belief AdvantEdge and Moreton & Company worked with World Wide Specialty Programs, Inc. in an effort to have World Wide Specialty Programs, Inc. underwrite the policies for AIG.

11.      Upon information and belief AdvantEdge and Moreton & Company failed to meet the standard of care for insurance producers and failed to provide necessary and essential documentation to World Wide Specialty Programs, Inc. during the underwriting process. This failure on the part of AdvantEdge and Moreton & Company through their agents Terry Evanson and Keith Anderson resulted in outrageously high premiums and collateral expenditures to be charged to Command Center, Inc.

### First Claim for Relief
### (Breach of Fiduciary Duty)

12.      Defendant Command Center, Inc. hereby incorporates the allegations contained in Paragraphs 1 through 11 of this Counter Claim and Third Party Complaint as if fully set forth herein.

13.      AdvantEdge and Moreton & Company, through their mutual employees Terry Evanson and Keith Anderson, owed Command Center Inc. a fiduciary duty in performing as insurance producers and in obtaining reasonable insurance polices from 2006 through 2009.

7

14.     AdvantEdge and Moreton & Company breached their fiduciary duty by failing to adhere to the standard of care in the industry, by failing to provide proper documentation on request for underwriting and by failing to obtain accurate information on quotes and premium information.

15.     AdvantEdge and Moreton & Company's breach, through its agents Evanson and Anderson, caused Command Center, Inc. to pay unreasonably high premiums from 2006-2008 and other collateral expenditures, including but not limited to, replacement costs and fees, penalties for early cancellations, and other additional costs.

## Second Claim for Relief
### (Breach of Implied Contract)

16.     Defendant Command Center, Inc. hereby incorporates the allegations contained in Paragraphs 1 through 15 of this Counter Claim and Third Party Complaint as if fully set forth herein.

17.     An implied in fact contract existed between Command Center, Inc., AdvantEdge and Moreton & Company, in which AdvantEdge and Moreton were to obtain quotes and information on premiums on insurance policies for Command Center, Inc.

18.     AdvantEdge and Moreton & Company failed to perform, which resulted damages in the form of costs and expenditures related to their failure to act within the standard of care and failed to properly review the market for said policies from 2006 to 2008, obtain reasonable and competitive information on policies and provide the necessary documentation to other parties in order to obtain appropriate coverage's and appropriate premium and other financing information related to the cost of said policies.

19.     AdvantEdge and Moreton & Company's breach, through its agents Evanson and Anderson, caused Command Center, Inc. to pay unreasonably high premiums from 2006-2008 and other collateral expenditures, including but not limited to, replacement costs and fees, penalties for early cancellations, and other additional costs.

## Third Claim for Relief
### (Negligence)

20.     Defendant Command Center, Inc. hereby incorporates the allegations contained in Paragraphs 1 through 19 of this Counter Claim and Third Party Complaint as if fully set forth herein.

21.     AdvantEdge and Moreton & Co, through their employees Terry Evanson and Keith Anderson, were negligent in failing to obtain accurate information on quotes and premiums for the insurance polices while acting as an insurance producer with respect to Command Center, Inc. from 2006 to 2008.

8

22.     AdvantEdge and Moreton & Co. breached their duty to Command Center, Inc. and failed to act within the standard of care and failed to properly review the market for said policies from 2006 to 2008, obtain reasonable and competitive information on policies and provide the necessary documentation to other parties in order to obtain appropriate coverage's and appropriate premium and other financing information related to the cost of said policies.

23.     AdvantEdge and Moreton & Company's breach, through its agents Evanson and Anderson, caused Command Center, Inc. to pay unreasonably high premiums from 2006-2008 and other collateral expenditures, including but not limited to, replacement costs and fees, penalties for early cancellations, and other additional costs.

### Fourth Claim for Relief
### (Unjust Enrichment)

24.     Defendant Command Center, Inc. hereby incorporates the allegations contained in Paragraphs 1 through 23 of this Counter Claim and Third Party Complaint as if fully set forth herein.

25.     Upon information and belief, AdvantEdge and Moreton & Company collected commissions based on overly high priced premiums charged to Command Center, Inc. from 2006 to 2008.

26.     Upon information and belief, the commissions received by AdvantEdge and Moreton & Company were based on overly high premiums due to AdvantEdge and Moreton & Company's failure to act within the standard of care and failure to properly review the market for said policies from 2006 to 2008, obtain reasonable and competitive information on policies and provide the necessary documentation to other parties in order to obtain appropriate coverage's and appropriate premium and other financing information related to the cost of said policies.

27.     Additionally, AdvantEdge and Moreton & Company, collected certain amounts for commission based on the paid premiums including $37,059.13 for the policies obtained in 2008 for Command Center, Inc. Because those policies were cancelled by Command Center, Inc., the unearned commission were to be returned and refunded to Command Center, Inc.

28.     Upon information and belief, AdvantEdge and/or Moreton & Company have failed to refund the commission amount which is to be returned to Command Center, Inc.

29.     Upon information and belief, Command Center, Inc., significantly overpaid premiums and other costs for policies obtained on behalf of Command Center, Inc. by AdvantEdge and Moreton & Company from 2006 to 2008. AdvantEdge and Moreton & Company collected commissions based on the overly priced premiums and costs due to their failure to act within the standard of care and failure to properly review the market for said policies from 2006 to 2008, obtain reasonable and competitive information on policies and

9

provide the necessary documentation to other parties in order to obtain appropriate coverage's and appropriate premium and other financing information.

     30.    The commissions collected therefore, unjustly enriched AdvantEdge and Moreton & Company, due to their failures.  Thus, AdvantEdge and Moreton & Company were unjustly enriched by collecting commission on overly high priced insurance policies and those commissions should be reduced or returned to Command Center, Inc.

**DEFENDANT COMMAND CENTER, INC.**
**HEREBY DEMANDS A TRIAL TO A JURY.**

WHEREFORE, Command Center, Inc prays that judgment be entered in its favor and against AdvantEdge and Moreton & Company, and that Command Center, Inc. be awarded its damages, costs, attorneys' fees, and such other and further relief as the Court may deem proper

    Respectfully submitted this 26th day of July, 2010.

                     THOMAS POLLART & MILLER, LLC

                     *The original signature of Ian Ray Mitchell is on file*
                     *at Thomas Pollart & Miller, LLC*

                     Ian Ray Mitchell
                     *Attorney for Defendant*

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July, 2010, I served the foregoing **ANSWER TO COMPLAINT** via LexisNexis File & Serve to the following:

Tamas Viski-Hanka, Esq.
501 S. Cherry Street, Suite 1060
Denver, CO  80246

*The original signature of Kim Brown is on file at Thomas Pollart & Miller, LLC*

Ian Mitchell

11

<table>
<tr><td>

DISTRICT COURT, CITY AND COUNTY OF DENVER
STATE OF COLORADO
1437 Bannock Street, Room 256
Denver, Colorado  80202

Plaintiff: ADVANTEDGE INSURANCE GROUP, L.L.C.

Joined Party: MORETON INSURANCE OF COLORADO,
            LLC dba MORETON & COMPANY

v.

Defendant: COMMAND CENTER, INC.

</td><td>

**EFILED Document**
CO Denver County District Court 2nd JD
Filing Date: Dec 16 2010  2:02PM MST
Filing ID: 34905720
Review Clerk: Ty Khiem

<br><br><br><br>

▲ COURT USE ONLY ▲

</td></tr>
<tr><td>

Attorneys for Defendant:
Ian Ray Mitchell (#34887)
Thomas Pollart & Miller LLC
5600 South Quebec Street, Suite 220-A
Greenwood Village, CO 80111
Telephone: (720) 488-9586
Facsimile: (720) 488-9587
Email: imitchell@tpm-law.com

</td><td>

Case No.:  2010CV4135

Division: 2

</td></tr>
<tr><td colspan="2">

**AMENDED ANSWER TO COMPLAINT AND COUNTERCLAIMS**

</td></tr>
</table>

Defendant, by and through its counsel, THOMAS POLLART & MILLER LLC, hereby submits its Amended Answer to Plaintiff's Complaint and counterclaims against AdvantEdge Insurance Group, L.L.C. and Moreton & Company, and states as follows:

Defendant denies each and every item and allegation contained in Plaintiff's Complaint, unless expressly admitted herein.

1.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.     Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

EXHIBIT
D
Case No. 13-19032 MER

5.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.    Defendant admits to sending a June 16, 2008 letter.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Defendant admits the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendant incorporates herein by reference each of its responses set forth above.

23.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     Defendant incorporates herein by reference each of its responses set forth above.

28.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendant incorporates herein by reference each of its responses set forth above.

32.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     Defendant incorporates herein by reference each of its responses set forth above.

36.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendant incorporates herein by reference each of its responses set forth above.

40.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.    Defendant admits to sending a June 16, 2008 letter.   Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations contained in paragraph 43 of Plaintiff's Complaint.

44.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

Defendant denies any and all allegations asserted by Plaintiff in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff may have failed to mitigate its injuries, damages and losses.

3.    Plaintiff's claims are barred, in whole, or in part, by one or more equitable doctrines including, but not limited to, accord, satisfaction, waiver, estoppel and laches.

4.    Plaintiff's damages, if any, are limited as defined by all applicable constitutional and statutory provisions, and applicable case law.

5.    Plaintiff's right to relief, if any, is barred by its own failure to act in good faith and/or Plaintiff has committed a material breach thereof.

6.    One or more of Plaintiff's claims are frivolous, groundless and not supported by substantial justification.

7.    Plaintiff's claims are barred by the doctrines of acceptance and ratification.

8.    Plaintiff's claims are barred by Plaintiff's own comparative or contributory negligence, fault, bad faith, misconduct, wrongful acts or improper conduct.

9.    The damages recoverable, if any, against Defendant are subject to reduction for payment from collateral sources pursuant to C.R.S. § 13-21-111.6.

10.    The damages recoverable herein are subject to all relevant statutory limitations, including, but not limited to, those set forth in C.R.S. § 13-21-101, et seq., particularly C.R.S. § 13-21-102.5.

11.    Plaintiff's claims may be barred by the applicable Statute of Limitations.

5

12.     Plaintiff's claims may be barred or reduced by C.R.S. 13-21-111.5

13.     The complaint may have failed to name an indispensable party.

14.     Plaintiffs claims, in whole or in part, may be barred by some or all of the affirmative defenses contemplated by the rules, applicable case law, statutes or other applicable authority.  To the extent plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out above, and may be undetermined until Defendant has had the opportunity to conduct discovery.  Defendant incorporates all said affirmative defenses as if fully set forth herein.

15.     Defendant reserves the right to raise additional affirmative defenses as such defenses become apparent through the course of discovery.

## COUNTERCLAIMS

1.     Defendant Command Center, Inc. (Command Center) is a Corporation incorporated under the laws of Washington State with a principal place of business of 3773 W 5th Ave, Post Falls, ID 83854.

2.     Plaintiff AdvantEdge Insurance Group, LLC, (AdvantEdge) is a Colorado limited liability company with its principal place of business at 9777 Mt. Pyramid Ct., Suite 200, Englewood, CO 80112.

3.     Upon information and belief, Moreton Insurance of Colorado, LLC dba Moreton & Company ("Moreton & Company"), is a Colorado limited liability company with its principal place of business at 4600 S. Ulster Street, Suite 380, Denver, CO 80237.

4.     Upon information and belief, Keith Anderson and Terry Evanson were employed at and working for AdvantEdge and Moreton & Company when they undertook to act as insurance producers to obtain insurance policies for Command Center.

5.     Venue is proper pursuant to C.R.C.P. 98(c).

### General Allegations

6.     Upon information and belief, AdvantEdge and Moreton & Company were the insurance producers for Command Center from 2006 to 2008.  At relevant times, AdvantEdge and Moreton & Company acted as Command Center's agent and were to procure insurance policies, including, but not limited to, going to the market place to obtain quote information and information on premiums on behalf of Command Center through AdvantEdge's and Moreton & Company's mutual employees of Keith Anderson and Terry Evanson.

6

7.      Upon information and belief, AdvantEdge and Moreton & Company were to provide assistance in obtaining multiple policy lines of insurance at reasonable rates and terms as an insurance retailer/producer.

8.      Upon information and belief, a special relationship as defined under Colorado law for Insurance Producers and Insureds existed between AdvantEdge, Moreton & Company and Command Center.

9.      Upon information and belief, AdvantEdge and Moreton & Company failed to perform its due diligence and/or perform its duties in procuring said insurance in a reasonable manner, or within the appropriate standard of care, including but not limited to, committing errors and omissions in submissions to World Wide Specialty Programs, Inc.

10.     Upon information and belief, AdvantEdge and Moreton & Company worked with World Wide Specialty Programs, Inc. in an effort to have World Wide Specialty Programs, Inc. underwrite the policies for AIG.

11.     Upon information and belief, AdvantEdge and Moreton & Company failed to meet the standard of care for insurance producers and failed to provide necessary and essential documentation to World Wide Specialty Programs, Inc. during the underwriting process.  This failure on the part of AdvantEdge and Moreton & Company through their agents, Terry Evanson and Keith Anderson, resulted in outrageously high premiums and collateral expenditures to be charged to Command Center.

### First Claim for Relief
### (Breach of Fiduciary Duty)

12.     Command Center hereby incorporates the allegations contained in Paragraphs 1 through 11 of this Counterclaim as if fully set forth herein.

13.     AdvantEdge and Moreton & Company, through their mutual employees Terry Evanson and Keith Anderson, owed Command Center a fiduciary duty in performing as insurance producers and in obtaining reasonable insurance polices from 2006 through 2009.

14.     AdvantEdge and Moreton & Company breached their fiduciary duty by failing to adhere to the standard of care in the industry, by failing to provide proper documentation on request for underwriting, and by failing to obtain accurate information on quotes and premium information.

15.     AdvantEdge and Moreton & Company's breach, through its agents Evanson and Anderson, caused Command Center to pay unreasonably high premiums from 2006-2008 and other collateral expenditures, including, but not limited to, replacement costs and fees, penalties for early cancellations, and other additional costs.

7

### Second Claim for Relief
### (Breach of Implied Contract)

16.     Command Center hereby incorporates the allegations contained in Paragraphs 1 through 15 of this Counterclaim as if fully set forth herein.

17.     An implied in fact contract existed between Command Center, Inc., AdvantEdge and Moreton & Company, in which AdvantEdge and Moreton & Company were to obtain quotes and information on premiums on insurance policies for Command Center, Inc.

18.     AdvantEdge and Moreton & Company failed to perform, which resulted damages in the form of costs and expenditures related to their failure to act within the standard of care and failed to properly review the market for said policies from 2006 to 2008, obtain reasonable and competitive information on policies and provide the necessary documentation to other parties in order to obtain appropriate coverage and appropriate premium and other financing information related to the cost of said policies.

19.     AdvantEdge and Moreton & Company's breach, through its agents Evanson and Anderson, caused Command Center, Inc. to pay unreasonably high premiums from 2006-2008 and other collateral expenditures, including, but not limited to, replacement costs and fees, penalties for early cancellations, and other additional costs.

### Third Claim for Relief
### (Negligence)

20.     Command Center hereby incorporates the allegations contained in Paragraphs 1 through 19 of this Counterclaim as if fully set forth herein.

21.     AdvantEdge and Moreton & Company, through their employees Terry Evanson and Keith Anderson, were negligent in failing to obtain accurate information on quotes and premiums for the insurance polices while acting as an insurance producer with respect to Command Center, Inc. from 2006 to 2008.

22.     AdvantEdge and Moreton & Company breached their duty to Command Center and failed to act within the standard of care and failed to properly review the market for said policies from 2006 to 2008, obtain reasonable and competitive information on policies, and provide the necessary documentation to other parties in order to obtain appropriate coverage and appropriate premium and other financing information related to the cost of said policies.

23.     AdvantEdge and Moreton & Company's breach, through its agents Evanson and Anderson, caused Command Center to pay unreasonably high premiums from 2006-2008 and other collateral expenditures, including, but not limited to, replacement costs and fees, penalties for early cancellations, and other additional costs.

## Fourth Claim for Relief
### (Unjust Enrichment)

24.     Defendant Command Center hereby incorporates the allegations contained in Paragraphs 1 through 23 of this Counterclaim as if fully set forth herein.

25.     Upon information and belief, AdvantEdge and Moreton & Company collected commissions based on overly high priced premiums charged to Command Center from 2006 to 2008.

26.     Upon information and belief, the commissions received by AdvantEdge and Moreton & Company were based on overly high premiums due to AdvantEdge and Moreton & Company's failure to act within the standard of care and failure to properly review the market for said policies from 2006 to 2008, obtain reasonable and competitive information on policies, and provide the necessary documentation to other parties in order to obtain appropriate coverage and appropriate premium and other financing information related to the cost of said policies.

27.     Additionally, AdvantEdge and Moreton & Company collected certain amounts for commission based on the paid premiums including $37,059.13 for the policies obtained in 2008 for Command Center.  Because those policies were cancelled by Command Center, the unearned commissions were to be returned and refunded to Command Center.

28.     Upon information and belief, AdvantEdge and/or Moreton & Company have failed to refund the commission amount which is to be returned to Command Center.

29.     Upon information and belief, Command Center significantly overpaid premiums and other costs for policies obtained on behalf of Command Center by AdvantEdge and Moreton & Company from 2006 to 2008.  AdvantEdge and Moreton & Company collected commissions based on the overly priced premiums and costs due to their failure to act within the standard of care and failure to properly review the market for said policies from 2006 to 2008, obtain reasonable and competitive information on policies, and provide the necessary documentation to other parties in order to obtain appropriate coverage and appropriate premium and other financing information.

30.     The commissions collected, therefore, unjustly enriched AdvantEdge and Moreton & Company due to their failures.  Thus, AdvantEdge and Moreton & Company were unjustly enriched by collecting commission on overly high priced insurance policies and those commissions should be reduced or returned to Command Center.

## DEFENDANT COMMAND CENTER, INC.
## HEREBY DEMANDS A TRIAL TO A JURY.

9

WHEREFORE, Command Center prays that judgment be entered in its favor and against AdvantEdge and Moreton & Company, and that Command Center be awarded its damages, costs, attorneys' fees, and such other and further relief as the Court may deem proper

Respectfully submitted this __16th__ day of December, 2010.

THOMAS POLLART & MILLER LLC

Ian Ray Mitchell
*Attorneys for Defendant*

10

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER STATE OF COLORADO<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202 | **EFILED Document**<br>CO Denver County District Court 2nd JD<br>Filing Date: Jun 9 2011 9:28PM MDT<br>Filing ID: 38069499<br>Review Clerk: Imran Sufi |
| Plaintiff: ADVANTEDGE INSURANCE GROUP, L.L.C.<br><br>Joined Party: MORETON INSURANCE OF COLORADO, LLC dba MORETON & COMPANY<br>v.<br><br>Defendant: COMMAND CENTER, INC. | ▲ COURT USE ONLY ▲ |
| Attorneys for Defendant:<br>Ian Ray Mitchell (#34887)<br>Thomas Pollart & Miller LLC<br>5600 South Quebec Street, Suite 220-A<br>Greenwood Village, CO 80111<br>Telephone: (720) 488-9586<br>Facsimile: (720) 488-9587<br>Email: imitchell@tpm-law.com | Case No.: 2010CV4135<br><br>Division: 2 |

### AMENDED ANSWER TO COMPLAINT AND AMENDED COUNTERCLAIMS

Defendant, by and through its counsel, THOMAS POLLART & MILLER LLC, hereby submits its Amended Answer to Plaintiff's Complaint and counterclaims against AdvantEdge Insurance Group, L.L.C. and Moreton & Company, and states as follows:

Defendant/Third-Party Plaintiff Command Center, Inc. hereby files its Amended Answer in response to Plaintiff AdvantEdge, LLC's Amended Complaint filed on May 25, 2011. Command Center, Inc. is also asserts and incorporates its Counterclaims. Command Center, Inc. has filed a contemporaneous Unopposed Motion to Amend its Counterclaims pursuant to C.R.C.P. Rule 15(c).

Defendant denies each and every item and allegation contained in Plaintiff's Complaint, unless expressly admitted herein.

1.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

EXHIBIT<br>E<br>Case No. 13-19032 MER

3.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits to sending a June 16, 2008 letter.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Defendant admits the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendant incorporates herein by reference each of its responses set forth above.

23.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     Defendant incorporates herein by reference each of its responses set forth above.

28.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendant incorporates herein by reference each of its responses set forth above.

32.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     Defendant incorporates herein by reference each of its responses set forth above.

36.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendant incorporates herein by reference each of its responses set forth above.

40.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.    Defendant admits to sending a June 16, 2008 letter.  Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations contained in paragraph 43 of Plaintiff's Complaint.

44.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations and therefore denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

Defendant denies any and all allegations asserted by Plaintiff in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff may have failed to mitigate its injuries, damages and losses.

3.    Plaintiff's claims are barred, in whole, or in part, by one or more equitable doctrines including, but not limited to, accord, satisfaction, waiver, estoppel and laches.

4.    Plaintiff's damages, if any, are limited as defined by all applicable constitutional and statutory provisions, and applicable case law.

5.    Plaintiff's right to relief, if any, is barred by its own failure to act in good faith and/or Plaintiff has committed a material breach thereof.

6.    One or more of Plaintiff's claims are frivolous, groundless and not supported by substantial justification.

7.    Plaintiff's claims are barred by the doctrines of acceptance and ratification.

8.    Plaintiff's claims are barred by Plaintiff's own comparative or contributory negligence, fault, bad faith, misconduct, wrongful acts or improper conduct.

5

9.     The damages recoverable, if any, against Defendant are subject to reduction for payment from collateral sources pursuant to C.R.S. § 13-21-111.6.

10.     The damages recoverable herein are subject to all relevant statutory limitations, including, but not limited to, those set forth in C.R.S. § 13-21-101, et seq., particularly C.R.S. § 13-21-102.5.

11.     Plaintiff's claims may be barred by the applicable Statute of Limitations.

12.     Plaintiff's claims may be barred or reduced by C.R.S. 13-21-111.5

13.     The complaint may have failed to name an indispensable party.

14.     Plaintiff's claims, in whole or in part, may be barred by some or all of the affirmative defenses contemplated by the rules, applicable case law, statutes or other applicable authority.  To the extent plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out above, and may be undetermined until Defendant has had the opportunity to conduct discovery.  Defendant incorporates all said affirmative defenses as if fully set forth herein.

15.     Plaintiff's claims may be based on an illegal contact.

16.     Plaintiff may be unlicensed to that which it promised to do.

17.     Plaintiff may have been the first to breach any contract implied or otherwise.

18.     Defendant reserves the right to raise additional affirmative defenses as such defenses become apparent through the course of discovery.

## COUNTERCLAIMS

1.     Defendant Command Center, Inc. (Command Center) is a Corporation incorporated under the laws of Washington State with a principal place of business of 3773 W 5th Ave, Post Falls, ID 83854.

2.     Plaintiff AdvantEdge Insurance Group, LLC, (AdvantEdge) is a Colorado limited liability company with its principal place of business at 9777 Mt. Pyramid Ct., Suite 200, Englewood, CO 80112.

3.     Upon information and belief, Moreton Insurance of Colorado, LLC dba Moreton & Company ("Moreton & Company"), is a Colorado limited liability company with its principal place of business at 4600 S. Ulster Street, Suite 380, Denver, CO 80237.

4.     Upon information and belief, Keith Anderson and Terry Evanson were employed at and working for AdvantEdge and Moreton & Company when they undertook to act as insurance producers to obtain insurance policies for Command Center.

5.     Venue is proper pursuant to C.R.C.P. 98(c).

**General Allegations**

6.     Upon information and belief, AdvantEdge and Moreton & Company were the insurance producers for Command Center from 2006 to 2008. At relevant times, AdvantEdge and Moreton & Company acted as Command Center's agent and were to procure insurance policies, including, but not limited to, going to the market place to obtain quote information and information on premiums on behalf of Command Center through AdvantEdge's and Moreton & Company's mutual employees of Keith Anderson and Terry Evanson.

7.     Upon information and belief, AdvantEdge and Moreton & Company were to provide assistance in obtaining multiple policy lines of insurance at reasonable rates and terms as an insurance producer.

8.     Upon information and belief, a special relationship as defined under Colorado law for Insurance Producers and Insureds existed between AdvantEdge, Moreton & Company and Command Center.

9.     Upon information and belief, AdvantEdge and Moreton & Company failed to perform its due diligence and/or perform its duties in procuring said insurance in a reasonable manner, or within the appropriate standard of care, including but not limited to, committing errors and omissions in submissions to World Wide Specialty Programs, Inc.

10.     Upon information and belief, AdvantEdge and Moreton & Company committed affirmative fraud when they obtained the insurance policies for 2006 through 2008 for Command Center.

11.     Upon information and belief, AdvantEdge and Moreton & Company worked with World Wide Specialty Programs, Inc. in an effort to have World Wide Specialty Programs, Inc. underwrite the policies for AIG.

12.     Upon information and belief, AdvantEdge and Moreton & Company failed to meet the standard of care for insurance producers and failed to provide necessary and essential documentation to World Wide Specialty Programs, Inc. during the underwriting process. This failure on the part of AdvantEdge and Moreton & Company through their agents, Terry Evanson and Keith Anderson, resulted in outrageously high premiums and collateral expenditures to be charged to Command Center.

**First Claim for Relief**
**(Breach of Implied Contract)**

13.     Command Center hereby incorporates the allegations contained in Paragraphs 1 through 12 of this Counterclaim as if fully set forth herein.

7

14.    An implied in fact contract existed between Command Center, Inc., AdvantEdge and Moreton & Company, in which AdvantEdge and Moreton & Company were to obtain quotes and information on premiums on insurance policies for Command Center, Inc.

15.    AdvantEdge and Moreton & Company failed to perform, which resulted in damages in the form of costs and expenditures related to their failure to act within the standard of care and failed to properly review the market for said policies from 2006 to 2008, obtain reasonable and competitive information on policies and provide the necessary documentation to other parties in order to obtain appropriate coverage and appropriate premium and other financing information related to the cost of said policies.

16.    AdvantEdge and Moreton & Company's breach, through its agents Evanson and Anderson, caused Command Center, Inc. to pay unreasonably high premiums from 2006-2008 and other collateral expenditures, including, but not limited to, replacement costs and fees, penalties for early cancellations, and other additional costs.

### Second Claim for Relief
### (Breach Contract)

17.    Command Center hereby incorporates the allegations contained in Paragraphs 1 through 16 of this Counterclaim as if fully set forth herein.

18.    A contract existed between Command Center, Inc., AdvantEdge and Moreton & Company, in which AdvantEdge and Moreton & Company were to obtain quotes and information on premiums on insurance policies for Command Center, Inc.

19.    AdvantEdge and Moreton & Company failed to perform, which resulted damages in the form of costs and expenditures related to their failure to act within the standard of care and failed to properly review the market for said policies from 2006 to 2008, obtain reasonable and competitive information on policies and provide the necessary documentation to other parties in order to obtain appropriate coverage and appropriate premium and other financing information related to the cost of said policies.

20.    AdvantEdge and Moreton & Company's breach, through its agents Evanson and Anderson, caused Command Center, Inc. to pay unreasonably high premiums from 2006-2008 and other collateral expenditures, including, but not limited to, replacement costs and fees, penalties for early cancellations, and other additional costs.

### Third Claim for Relief
### (Unjust Enrichment)

21.    Command Center hereby incorporates the allegations contained in Paragraphs 1 through 20 of this Counterclaim as if fully set forth herein.

22.     Upon information and belief, AdvantEdge and Moreton & Company collected commissions based on overly high priced premiums charged to Command Center from 2006 to 2008.

23.     Upon information and belief, the commissions received by AdvantEdge and Moreton & Company were based on overly high premiums due to AdvantEdge and Moreton & Company's failure to act within the standard of care and failure to properly review the market for said policies from 2006 to 2008, obtain reasonable and competitive information on policies, and provide the necessary documentation to other parties in order to obtain appropriate coverage and appropriate premium and other financing information related to the cost of said policies.

24.     Additionally, AdvantEdge and Moreton & Company collected certain amounts for commission based on the paid premiums including $37,059.13 for the policies obtained in 2008 for Command Center. Because those policies were cancelled by Command Center, the unearned commissions were to be returned and refunded to Command Center.

25.     Upon information and belief, AdvantEdge and/or Moreton & Company have failed to refund the commission amount which is to be returned to Command Center.

26.     Upon information and belief, Command Center significantly overpaid premiums and other costs for policies obtained on behalf of Command Center by AdvantEdge and Moreton & Company from 2006 to 2008. AdvantEdge and Moreton & Company collected commissions based on the overly priced premiums and costs due to their failure to act within the standard of care and failure to properly review the market for said policies from 2006 to 2008, obtain reasonable and competitive information on policies, and provide the necessary documentation to other parties in order to obtain appropriate coverage and appropriate premium and other financing information.

27.     The commissions collected, therefore, unjustly enriched AdvantEdge and Moreton & Company due to their failures. Thus, AdvantEdge and Moreton & Company were unjustly enriched by collecting commission on overly high priced insurance policies and those commissions should be reduced or returned to Command Center.

### Fourth Claim for Relief
### (Negligence; Breach of an Insurance Agent's duty to act with Reasonable Care)

28.     Command Center hereby incorporates the allegations contained in Paragraphs 1 through 27 of this Counterclaim as if fully set forth herein.

29.     Upon information and belief, AdvantEdge and Moreton & Company individually and through their employees Terry Evanson and Keith Anderson breached an insurance agent's duty to act with reasonable care in obtaining insurance for Command Center for 2006 through 2008.

30.     Upon information and belief, AdvantEdge and Moreton & Company individually and through their employees Terry Evanson and Keith Anderson developed a special relationship with Command Center, as evidenced by the emails between the parties showing AdvantEdge's attempt to guide and steer Command Center in matters of insurance, reputation, and credit worthiness.

31.     Upon information and belief, a special relationship existed between the parties pursuant to *Kaercher v. Sater, et al.*, 155 P.3d 437, 441 (Colo. App. 2006), citations omitted.

### Fifth Claim for Relief
### (Breach of Fiduciary Duty)

32.     Command Center hereby incorporates the allegations contained in Paragraphs 1 through 31 of this Counterclaim as if fully set forth herein.

33.     AdvantEdge and Moreton & Company, through their mutual employees Terry Evanson and Keith Anderson, owed Command Center a fiduciary duty in performing as insurance producers and in obtaining reasonable insurance polices from 2006 through 2009.

34.     AdvantEdge and Moreton & Company breached their fiduciary duty by failing to adhere to the standard of care in the industry, by failing to provide proper documentation on request for underwriting, and by failing to obtain accurate information on quotes and premium information.

35.     AdvantEdge and Moreton & Company's breach, through its agents Evanson and Anderson, caused Command Center to pay unreasonably high premiums from 2006-2008 and other collateral expenditures, including, but not limited to, replacement costs and fees, penalties for early cancellations, and other additional costs.

### Sixth Claim for Relief
### (Affirmative Fraud)

36.     Command Center hereby incorporates the allegations contained in Paragraphs 1 through 35 of this Counterclaim as if fully set forth herein.

37.     Upon information and belief, AdvantEdge and Moreton & Company individually and through their employees Terry Evanson and Keith Anderson represented to Command Center that the policies issued from 2006 through 2008, with its outrageously high premium, was the only option for insurance coverage available to Command Center.

38.     Upon information and belief, this representation was false as indicated by Command Center's ability to obtain the same or similar coverage for a much lower rate in 2008.

39.     Upon information and belief, the communications from AdvantEdge and Moreton & Company through their employees Terry Evanson and Keith Anderson are indicative of this attempt to deceive Command Center into believing that the revocation of AdvantEdge's authority as Broker of Record would harm Command Center's reputation and credit.

40.     Upon information and belief, from 2006 through 2008 Command Center, believing the representations of AdvantEdge and Moreton & Company individually and through their employees Terry Evanson and Keith Anderson, purchased policies with over-inflated premiums.

41.     Upon information and belief, the affirmative fraud caused Command Center to pay unreasonably high premiums from 2006-2008 and other collateral expenditures, including, but not limited to, replacement costs and fees, penalties for early cancellations, and other additional costs.

**Seventh Claim for Relief**
**(Respondeat Superior)**

42.     Command Center hereby incorporates the allegations contained in Paragraphs 1 through 41 of this Counterclaim as if fully set forth herein.

43.     Upon information and belief, AdvantEdge and Moreton & Company both employed Terry Evanson and Keith Anderson to act as insurance producers on their behalf as officers and/or directors of each company from 2006 through 2008.  Terry Evanson and Keith Anderson acts or omissions to act are the acts of AdvantEdge and Moreton.

44.     Upon information and belief, the act of in placing a policy with an outrageously over-inflated premium from 2006 through 2008, by Terry Evanson and Keith Anderson were performed on behalf of AdvantEdge and Moreton & Company.

45.     Upon information and belief, the acts of in placing a policy with an outrageously over-inflated premium from 2006 through 2008, by Terry Evanson and Keith Anderson were within the course and scope of Terry Evanson's and Keith Anderson's employment with AdvantEdge and Moreton & Company.

**DEFENDANT COMMAND CENTER, INC.**
**HEREBY DEMANDS A TRIAL TO A JURY.**

WHEREFORE, Command Center prays that judgment be entered in its favor and against AdvantEdge and Moreton & Company, and that Command Center be awarded its damages, costs, attorneys' fees, and such other and further relief as the Court may deem proper

11

Respectfully submitted this 9th day of June, 2011.

THOMAS POLLART & MILLER LLC

_____

Ian Ray Mitchell
*Attorneys for Defendant*