# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| TERRY LEE EVANSON, ) | Case No. 13-19032 MER |
| LYNETTE PEARCE EVANSON, ) | Chapter 11 |
| ) | |
| Debtors. ) | |

## RESPONSE IN OPPOSITION TO MOTION FOR EXAMINATION OF COMMAND CENTER PURSUANT TO FED.R.BANKR.P. 2004

COMMAND CENTER, INC. ("Command Center"), through its undersigned counsel, respectfully submits its Response in Opposition to the Motion for an Order Authorizing the Examination of Command Center pursuant to Fed.R.Bankr.P. 2004, filed by the Debtors, and states as follows:

1. Terry Lee Evanson and Lynette Pearce Evanson (collectively the "Debtors'), voluntarily filed for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") on May 28, 2013 ("Petition Date").

2. In the Debtors' Statement of Financial Affairs filed in connection with their bankruptcy case, the Debtors listed litigation involving AdvantEdge Insurance Group, LLC and Command Center pending in the District Court, City and County of Denver, Colorado, Case No. 2010CV4135 (the "Civil Action"). *See Docket No. 21, p. 2.* The Debtors also scheduled the debts owed to Command Center as contingent, unliquidated and disputed in the amount of $1,500,000. *Id.*, p. 22.

3. Pre-petition, Command Center, Mr. Evanson, Ms. Evanson and AdvantEdge Insurance Group, LLC, among others were involved in the Civil Action. The Civil Action stems out of the Debtors' (among others) alleged civil theft of the monies and property of Command Center through a several year scheme of overcharging Command Center on the premiums for insurance policies brokered through Mr. Evanson, Keith Anderson and their affiliates.

4. Command Center learned of the scheme to convert its funds after many bank statements, emails, and other information were produced in discovery in the Civil Action. Command Center also learned that the excess premiums were diverted by Mr. Evanson, Mr. Anderson and others to their affiliates. AdvantEdge Insurance Group, LLC is owned by Ms. Lynette Evanson. However, Command Center learned that AdvantEdge Insurance Group, LLC operated as an unlicensed insurance agency in Colorado, it did not maintain corporate records or hold corporate meetings, it did

        not have any employees, it did not have any assets, and was set up for the sole purpose of funneling monies to Mr. Anderson and/or Mr. Evanson, among others.

5. Based upon its investigation to date, Command Center asserts that it has suffered damages in excess of $832,063.24, not including attorney's fees and costs or treble damages. The Debtors allegedly received the benefit of over $59,081.00 of Command Center's over payment of premiums to AdvantEdge Insurance Group, LLC. Command Center has suffered additional damages which are unrelated to this Motion.

6. Command Center filed its Motion for an Examination of the Debtors which was granted on July 29, 2013. *See Docket No. 48.* The scope of the examination requested was as to the Debtor's financial affairs, their affiliation with various companies (including ownership thereof), and the accuracy of their Statement of Financial Affairs and Schedules. *See Docket No. 45*, ¶¶ 6&7.

7. Command Center recognizes that if there is pending litigation, a Rule 2004 Examination cannot be used to conduct discovery for the other litigation. *In re Buick*, 174 B.R. 299, 306 (Bankr.D.Colo. 1994).

8. Now, the Debtors seek to depose Command Center under Rule 2004. The purpose of the Debtors' request to examine Command Center as to "the transactions between the Debtors and Command Center, and ... those persons familiar with the cost of their new programs and any difficulties in implementing such programs." *Motion, ¶ 11.* The Debtors also seek to examine Command Center as to its transactions with third parties. *Id.* Essentially, the Debtors are seeking to investigate their alleged claims against Command Center. *See Docket No. 21, Sch. B.*

9. However, the Debtors opposed Command Center's Motion for Relief From Stay to continue with the Civil Action. *See Docket No. 49.*

10. Any claims of the Debtors against Command Center are more properly brought as counterclaims and/or cross-claims in the Civil Action. *See* C.R.C.P. 18, 19. The Debtors are then free to use the discovery tools in the Civil Action to investigate their claims. *In re Buick*, 174 B.R. at 306.

11. The automatic stay does not necessarily prevent the Debtors from asserting their claims against Command Center in the Civil Action. Fed.R.Bankr.P. 6009; *Autoskill, Inc. v. National Educ. Support Sys., Inc.*, 994 F.2d 1476, 1486 (10th Cir.), *cert. denied*, 510 U.S. 916 (1993) *overruled by TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011)(holding bankruptcy filing stays Chapter 11 debtor's appeal of an adverse judgment).

12. Moreover, to the extent that the Debtors have claims against Command Center, this Court may lack jurisdiction to adjudicate such claims. *Stern v. Marshall*, 131 S.Ct. 2594 (2011).

13. Here, the Debtors are usurping a bankruptcy rule for an improper purpose. The information sought by the Debtors has nothing to do with the administration of their estate or their personal financial affairs. Rather, the Debtors' Motion is solely designed to seek information relevant to the Civil Action outside the normal discovery procedures in that action.

14. Although Rule 2004 is often described as a "fishing expedition" there are limits on its use. *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 274 (D.Colo. 1991). Since there is litigation is pending, the Debtors should be required to participate in the Civil Action if they believe they have claims against Command Center, including seeking discovery under the applicable rules. As such, the Court should deny the Debtors' Motion.

WHEREFORE, Command Center respectfully requests that this Court deny the Debtors' Motion for Examination of Command Center, and that the Court grant Command Center such other and further relief it deems appropriate.

DATED this 22nd day of August, 2013.    Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　BUECHLER LAW OFFICE, L.L.C.


　　　　　　　　　　　　　　　　　　　　　*/s/ Kenneth J. Buechler*
　　　　　　　　　　　　　　　　　　　　　―――――――――――――――――
　　　　　　　　　　　　　　　　　　　　　Kenneth J. Buechler, #30906
　　　　　　　　　　　　　　　　　　　　　1621 18th Street, Suite 260
　　　　　　　　　　　　　　　　　　　　　Denver, Colorado  80202
　　　　　　　　　　　　　　　　　　　　　Tel: 720-381-0045
　　　　　　　　　　　　　　　　　　　　　Fax: 720-381-0382
　　　　　　　　　　　　　　　　　　　　　ken@kjblawoffice.com

## CERTIFICATE OF SERVICE OF MOTION

The undersigned certifies that on August 22, 2013, I served by prepaid first class mail [or (other acceptable means, i.e. via hand delivery] a copy of the **RESPONSE IN OPPOSITION TO MOTION FOR EXAMINATION OF COMMAND CENTER PURSUANT TO FED.R.BANKR.P. 2004**, together with all attachments thereto, on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

Terry Lee Evanson  
Lynette Pearce Evanson  
10175 S. Oneida Street  
Littleton, CO 80124  

Patrick D. Vellone  
Kevin D. Allen, Tatiana Popacondria  
1600 Stout St., Ste. 1100  
Denver, CO 80202  

William C. Brittan  
270 St. Paul Street, Ste. 200  
Denver, CO 80206  

Heather S. Cleary  
999 18th Street, Ste. 3100  
Denver, CO 80202  

Alexis L. Davidson  
2594 S. Lewis Way, Ste. A  
Lakewood, CO 80227  

Clarissa M. Raney  
555 17th Street, Ste. 3200  
Denver, CO 80202  

Jeffrey Weinman  
730 17th Street, Ste. 240  
Denver, CO 80202  

Alan K. Motes  
United States Trustee  
999 18th Street, Ste. 1551  
Denver, CO 80202  

*/s/ Sharon E. Fox*  
_____  
For Buechler Law Office, L.L.C.