UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| TERRY LEE EVANSON | ) | Case No. 13-19032 MER |
| SSN: xxx-xx-9483 | ) | Chapter 11 |
| LYNETTE PEARCE EVANSON | ) | |
| SSN: xxx-xx-5531 | ) | |
| Debtors | ) | |
| | ) | |
| SANTANDER CONSUMER USA, INC., | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| TERRY LEE EVANSON and LYNETTE PEARCE | ) | |
| EVANSON | ) | |
| | ) | |
| Respondents | ) | |

## MOTION FOR RELIEF FROM STAY

COMES NOW, the Movant, Santander Consumer USA, Inc. ("Movant") through counsel, **DOUGLAS D. KOKTAVY, P.C.,** and pursuant to 11 U.S.C. §362(d), Fed.R.Bankr.P. 4001 and 9014, and L.B.R. 4001-1, respectfully moves this Court for relief from stay, and as grounds states:

    1.    This Court has jurisdiction over this matter under 28 U.S.C. §1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

    2.    Debtors filed a Chapter 11 Petition on May 28, 2013.

    3.    Movant holds a claim secured by certain property of the Estate evidenced by the following:

    A.    A retail installment contract ["contract"], a true and correct copy of which is attached hereto, incorporated by reference and marked as **Exhibit "1."**

    B.    Movant properly perfected it's security interest as evidenced on the Certificate of Title attached hereto, incorporated by reference and marked as **Exhibit "2."**

4. Debtors are in post-petition arrears $1,179.08. Movant's true and correct Affidavit, compiled from computer records made and maintained in the ordinary course of business, reflects value, account balance, pre and post petition financial status, and insurance and is attached hereto, incorporated by reference and marked as **Exhibit "3."** Also included in this exhibit is a payment history in compliance with L.B.R. 4001-1(a)(4)(B).

5. The property securing this contract is one:

2010 Honda Pilot VIN: 5FNYF4H65AB027070 (the "motor vehicle")

6. Upon information and belief, Movant lacks adequate protection of its interests in the motor vehicle and is entitled to relief under 11 U.S.C. §362(d)(1). *See* Exhibit 3. Particularly, the motor vehicle is depreciating in value, the contract is in default and the Movant is being prevented by the automatic stay from exercising its remedies to repossess and liquidate its collateral, the motor vehicle.

7. Upon information and belief, Debtors lack equity in the motor vehicle and Movant is entitled to relief under 11 U.S.C. §362(d)(2). The NADA clean retail value of the motor vehicle is $25,900.00 (*see* **Exhibit 4**), while the outstanding balance is $26,938.01. *See* Exhibit 3.

8. Based on Debtors' default and lack of equity, the Movant believes the motor vehicle is not necessary to an effective reorganization. Debtors appear unable to effectively reorganize. Furthermore, the motor vehicle was not scheduled and may be in exclusive custody and possession of the co-debtor not in bankruptcy (and thus of *de minimis* value to the Estate). No disclosure was made either on Schedules B or H (docket no. 21).

9. Movant believes there has been, and may continue to be, a decline in value of the Property. Continuation of the stay in this case has the effect of depriving Movant of the security for its claim, for which the Movant should be entitled to relief for cause under 11 U.S.C. §362(d), and *In Re Johnson,* 63 B.R. 550 (D. Colo. 1986).

10. Movant filed a proof of claim (no. 3) on June 10, 2013, valuing the motor vehicle at $27,625.00. The valuation was based, in part, on a May, 2013 NADA report, a copy of which is attached as **Exhibit 5**. Conversely, the August, 2013 NADA report (Exhibit 4), reveals the value of the motor vehicle to have dropped by approximately $1,700.00, resulting in Movant being undersecured. No equity cushion exists.

11. Alternatively, Movant requests immediate adequate protection through 11 U.S.C. §361 and §363(e), which provides:

> Notwithstanding any other provision of this section, *at any time*, on request of an entity that has an interest in property used, sold, or leased... the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is

2

necessary to provide adequate protection of such interest.... (Emphasis added)

12. A complying affidavit is made pursuant to the Servicemembers Civil Relief Act of 2003 ["SCRA"] and L.B.R. 4002-2 and is attached hereto as **Exhibit "6"** and incorporated by reference.

13. Movant also request that Debtors disclose the location of the motor vehicle pursuant to the terms of the security agreement portion of the contract and Fed.R.Bankr.P. 2004 and 7034.

WHEREFORE, Movant, respectfully requests the Court grant the Movant relief from the stay to proceed to enforce its claims against the motor vehicle pursuant to state law and Movant's contract through foreclosure of its interest; that Debtors disclose to Movant the location of the motor vehicle upon the granting of this relief; that the fourteen day provisions of Fed.R.Bankr.P. 4001(a)(3) be lifted in the event of no response; or in the alternative, by the termination, annulment, modification or conditioning of the Stay as the Court deems necessary to adequately preserve, protect and maintain Movant's security interest and position in the motor vehicle during the pendency of these Bankruptcy proceedings; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 28, 2013     **DOUGLAS D. KOKTAVY, P.C.**

by: /s/ Douglas D. Koktavy
Douglas D. Koktavy, #14641
3515 S. Tamarac Drive, Suite 200
Denver, Colorado 80237
Telephone: (303) 337-2364
Facsimile: (303) 873-7060
E-mail: doug@coloradocreditorlaw.com

**ATTORNEYS FOR MOVANT**

This contract contains important information regarding your rights and obligations, including limitations that apply to you. Please read carefully the front and back of this contract before signing.

## RETAIL INSTALLMENT SALE CONTRACT (DEALER — SIMPLE INTEREST)

| Customer Number | Contract Number | Contract Date (Mo. Da. Yr.) | Buyer's Personal Phone | Buyer's Business Phone |
|---|---|---|---|---|
| | | 02/12/13 | | |

| Buyer/Co-Buyer (also referred to as "you, your") Code of each | Seller/Creditor (also referred to as "we, us, our"): Name, Address, Zip Code of each |
|---|---|
| LYNETTE PEARCE EVANSON TARA D GRIFFIN<br>10175 ONEIDA ST<br>LITTLETON, CO 80124-0000 | RALPH SCHOMP HONDA<br>5700 South Broadway<br>Littleton, CO 80121 |

| | Year | Make and Model | Vehicle Identification Number | Primary Use: Personal, unless otherwise indicated below.<br>☒ Business ☐ Agricultural |
|---|---|---|---|---|
| ☐ New<br>☒ Used | 2010 | HONDA PILOT EX-L SPORT | UTISFNYF4H65AB027070 | |

Your trade-in is a: Year _____ Make _____ Model _____

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 0.00 |
|---|---|---|---|---|
| 10.81 % | $ 8,261.03 | $ 27,111.37 | $ 35,372.40 | $ 35,372.40 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | 589.54 | MONTHLY, BEGINNING 03/29/13 |

**Security:** You are giving us a security interest in the vehicle being purchased.
**Late Charge:** If payment is not received in full within 10 days after it is due, you will pay a late charge of $15.
**Prepayment:** If you pay off early, you may have to pay a minimum finance charge.
**Additional Information:** See this contract for more information about a prepayment penalty, nonpayment, default, any required repayment in full before the scheduled date, and security interests.

This contract will be assigned to: SANTANDER CONSUMER USA INC
(Name and address) PO BOX 25120 Lehigh Valley, PA 18002

### ITEMIZATION OF AMOUNT FINANCED

1. Cash price (including accessories, services, $ N/A delivery and handling charge,* and $ 1,022.47 sales tax) ... $ 26,584.17 (1)
2. Total down payment (if negative enter "0" and see line 4d below)
   - Gross trade-in $ N/A — payoff by Seller $ N/A
   - = net trade-in $ N/A + cash $ N/A
   - + other N/A $ N/A
   - + other N/A $ N/A
   - + other N/A $ N/A $ 0.00 (2)
3. Unpaid balance of cash price (1 minus 2) ... $ 26,584.17 (3)
4.* Other charges including amounts paid to others on your behalf (We may retain portions of these amounts):
   - a. Fees to public officials (describe)
     - Government certificate of title fees (includes security interest recording fee of $ 27.20 ) $ 27.20
     - N/A $ N/A
     - N/A $ N/A
   - b. To insurance companies (describe)
     - N/A $ N/A
     - CNA $ 500.00
   - c. Other (describe who is paid and purpose)
     - to N/A for N/A $ N/A
     - to N/A for N/A $ N/A
     - to N/A for N/A $ N/A
     - to N/A for N/A $ N/A
   - d. Net trade-in payoff to _____ $ N/A
   - Total other charges and amounts paid to others on your behalf $ 527.20 (4)
5. Amount Financed (3 + 4) $ 27,111.37 (5)
* The delivery and handling charge represents costs and additional profit to the Seller/Dealer.

**Insurance:** You may obtain physical damage insurance from anyone you want that is acceptable to the Seller. If you obtain insurance from the Seller, you will pay $ N/A for the first N/A.
Credit life insurance and credit disability insurance are not required to obtain credit, will not be a factor in the credit approval process, and will not be provided unless you sign below and agree to pay the additional cost. Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.
I want:
☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability:  ☐ Buyer

Buyer Signature N/A
Co-Buyer Signature N/A

Premium: _____ Term: _____
Credit Life $ N/A N/A
Credit Disability $ N/A N/A

THIS CONTRACT DOES NOT PROVIDE FOR AUTOMOBILE LIABILITY INSURANCE, AND SAID BUYER ALSO STATES THAT HE OR SHE HAS / DOES NOT HAVE (strike words not applicable) IN EFFECT AN AUTOMOBILE LIABILITY POLICY AS DEFINED IN SECTION 42-7-103(2), COLORADO REVISED STATUTES, ON THE MOTOR VEHICLE SOLD BY THIS CONTRACT.

### GAP/DEBT CANCELLATION

Debt cancellation or guaranteed automobile protection ("GAP") agreements, which pay or satisfy the remaining debt after property insurance benefits are exhausted, are not required to obtain credit or any particular or favorable credit terms and will not be provided unless you sign below and agree to pay the additional cost. You may wish to consult an insurance agent to determine whether similar coverage may be obtained and at what cost. GAP benefits may decrease over the term of this contract. You may cancel GAP for any or no reason within 30 days after GAP was purchased and receive a full refund of the GAP fee or premium so long as no loss or event covered by GAP has occurred. GAP is not a substitute for collision or property damage insurance.

I want: CNA
(Name of debt cancellation/GAP agreement)
Buyer Signature
Co-Buyer Signature
Fee/Premium: $ 500.00 Term: 60

### CONTRACT AND AGREEMENT TO PAY

You, the Buyer and any Co-Buyer, agree to purchase the vehicle described above on the terms in this contract.
You agree to pay us (or our assignee named in this contract) the amount financed, the finance charge, and all other amounts owed to us under this contract, according to the payment schedule and the terms of this contract. We calculate the finance charge, total of payments, and total sale price on the assumption that you will make every payment on the day it is due. Because the finance charge is calculated on a daily basis on the unpaid part of the amount financed, your finance charge, total of payments, and total sale price will be more if you pay late and less if you pay early. These changes may take the form of a larger or smaller final payment, or, at our option, more or fewer payments of the same amount as your scheduled payment, with a smaller final payment.
If payment is not received in full within 10 days after it is due, you agree to pay a late charge of $15.
If you pay off early, we are entitled to a minimum finance charge of $ N/A.
If you pay with a check or other instrument that is dishonored or returned, you will pay us a fee of $25 (if the amount financed is $75,000 or less) or $20 (if the amount financed exceeds $75,000 or is not for personal use).

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a portion of the Finance Charge.*

### SECURITY AGREEMENT

You give us a security interest in the vehicle described in this contract and all parts or goods installed in it, all money or goods received (proceeds) for the vehicle; all insurance, maintenance, service, or other contracts we are financing for you as part of this purchase; and all proceeds from insurance, maintenance, service, or other contracts we are financing for you as part of this purchase. This includes any refunds of premiums or charges from the contracts.
This interest secures payment of all you owe on this contract. It also secures your other agreements in this contract.
You agree to make sure that the title shows our security interest (lien) in the vehicle.

By signing this contract, you agree to all of the terms on each page of this contract, and you agree that you have been given a copy of it with all of the applicable blanks filled in. If you sign as a Co-Buyer, you are responsible for paying the entire debt. If you sign as a Co-Owner, your name will be on the title to the vehicle, but you will not be responsible for paying the debt. If you sign here as a Co-Owner or Co-Buyer, you agree that you know about our security interest in the vehicle and you give your consent to that interest.

Signature of Buyer _____ 02/12/13  Seller/Secured Party RALPH SCHOMP HONDA
Signature of _____ 02/12/13  By _____ 02/12/13
☐ Co-Buyer ☐ Co-Owner

You agree that this contract contains our entire agreement regarding the financing of the vehicle, and that the terms of this contract cannot be modified except in a writing signed by all the parties.
Buyer Signs X _____  Co-Buyer Signs X _____

No. 645-ARB, Rev. 10-12, RETAIL INSTALLMENT SALE CONTRACT
SEE THE BACK OF THIS FORM FOR IMPORTANT TERMS AND CONDITIONS
ORIGINAL

**EXHIBIT 1**

## ADDITIONAL PROVISIONS

### Your Other Promises to Us

You promise that you will not sell, lease, or otherwise transfer this vehicle or any interest in it to anyone else without getting written permission from us first.

You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer.

You promise that you will not allow anyone else to obtain a lien or security interest on this vehicle or levy against it to pay a debt or judgment.

You agree to give us written notice within 10 days if your address changes from the one shown on the front of this form.

You agree to give us any information that we might reasonably request and sign any papers we may need to establish and maintain our security interest in this vehicle.

You agree not to remove this vehicle from the United States for more than 30 days before getting written permission from us.

You promise to keep this vehicle in good repair and not destroy it or use it in a way that breaks any law or violates the insurance policy on the vehicle. You agree that we may inspect this vehicle at any reasonable time.

You promise to pay any taxes, assessments, registration fees, repair bills, or other expenses in connection with this vehicle when they are due.

If we get a refund of insurance, maintenance, service, or other contract charges, we may subtract the refund from what you owe us.

You agree that, if the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under any insurance, maintenance, service, or other contracts for which charges are included in this contract and we may cancel these contracts to obtain refunds of unearned charges to reduce what you owe.

### Insurance

You promise to have physical damage insurance (also known as "extended coverage" insurance) covering loss or damage to the vehicle as long as this contract is in effect, and you agree to give us a certificate of insurance or other proof that you have fulfilled this promise. The insurance must cover our interest in the vehicle and benefits under the insurance must be payable to us. The policy must provide for at least 10 days' written notice to us before it can be cancelled. The terms, amounts, effective dates and insurance company must meet our approval.

If you break your promise to buy physical damage insurance on the vehicle, we may, if we decide, buy the insurance, and we may, if we decide, purchase insurance that only covers our interest in the vehicle.

You agree that we may use any insurance settlement to reduce what you owe or repair the vehicle if it is lost or damaged.

If you have elected on the front of this contract to obtain any insurance, see the policies or certificates from the insurers for coverage limits and other terms and conditions.

### If You Break a Promise to Us (Default)

You will be in default if:
- you do not pay the payments as agreed;
- any important information you provide in connection with this contract is not true when you provide it;
- you die or any guarantor or surety for you dies;
- you start a proceeding in bankruptcy or one is started against you or your property;
- if you are a business, you are dissolved, terminated, or cease doing business; OR
- you break any of the other promises you made in this contract.

If you default, we may demand that you pay all you owe us at once after we give you any notice that the law requires, and we may sue to collect.

If we hire an attorney to collect what you owe under this contract, you will pay the attorney fees and court costs, as the law permits. The maximum attorney fee you will pay will be 15% of the amount you owe, unless a court awards an additional amount.

If you default, we may take (repossess) the vehicle from you after we give you any notice the law requires. We may take the vehicle only if we do so peacefully and the law allows it. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle.

If the vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If any personal items are in the vehicle when we repossess it, we may store them for you at your expense. If you do not ask for these items, we may dispose of them as the law allows.

By signing this contract, you are giving up any right you may have to require a hearing before we repossess the vehicle.

If we repossess the vehicle, you may redeem it (pay to get it back). We will tell you how much you must pay to redeem the vehicle. Your right to redeem ends when we sell the vehicle.

If we repossess the vehicle, we may claim benefits under any insurance, maintenance, service, or other contracts for which charges are included in this contract. We also may cancel these contracts to obtain refunds of unearned charges to reduce what you owe or to repair the vehicle.

If we repossess the vehicle and sell it, we will apply the money from the sale to the amount you owe after subtracting allowed expenses. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it, including attorney fees and court costs the law permits. If the money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at the highest lawful rate until you do.

If you default, the finance charge will continue in effect until all amounts owed under this contract are paid in full.

### If We Make Payments or Incur Expenses for You

You agree that we may pay taxes, registration, title, or license fees, assessments, repair bills, registration fees, insurance this contract requires, or other items related to the vehicle if these expenses are reasonable to protect the risk of loss or damage to the vehicle and if we notify you of these expenditures. You also agree that, if we do pay any of these expenses for you, the amount of the payment will accrue a finance charge at the annual percentage rate stated in this contract, and you agree to reimburse us on demand for any such payments or expenses.

### Warranties

**Unless the Seller makes a written warranty or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

### Applicable Law and Severability

Federal law and Colorado law apply to this contract.

If any provision of this contract or part thereof violates any federal, state or local law or ordinance, that provision or part thereof shall be deemed amended to so comply with the law or ordinance, and shall be construed in a manner so as to comply.

If any provision of this contract (other than the first sentence of the fourth paragraph under "Arbitration Provisions") is determined to be unenforceable by an arbitrator or a court, the remaining provisions shall be severable and enforceable according to their terms. If such first sentence is determined to be unenforceable, then all of the Arbitration Provisions will be severed from this contract and the remaining provisions shall be severable and enforceable according to their terms.

---

Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation:

Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

---

### SELLER'S RIGHT TO CANCEL

Seller agrees to deliver the vehicle to you on the date this contract is signed. Seller intends to assign this contract to a financial institution. If Seller does not assign this contract to a financial institution, Seller may cancel this contract upon written notice. In that event, you may enter into a new contract with different financing terms or you may pay with alternate funds arranged by you. Upon receipt of our notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. If you do not immediately return the vehicle, Seller may use any legal means to recover it (including repossession) and you will be liable for all expenses incurred in recovering the vehicle, including reasonable attorneys' fees. All terms of this contract are in full force and you are responsible for any loss or damage to the vehicle and the costs of repair of any damage while the vehicle was in your possession.

### ARBITRATION PROVISIONS

Any claim, dispute or controversy ("claim") arising under or relating to this contract or the vehicle purchase agreement (except where the purchase agreement includes its own dispute resolution provisions, in which case such provisions shall control any claim arising under or relating to the purchase agreement), whether in contract or tort, including without limitation constitutional, statutory, common law, regulatory and equitable claims and claims regarding the validity, enforceability or scope of the contract, shall, at your or our election, be resolved by binding arbitration. Such binding arbitration shall be conducted before a single arbitrator appointed in accordance with its applicable rules by the organization you select among the following: the Better Business Bureau, American Arbitration Association, Legal Resolution Center, Judicial Arbiter Group or Judicial Arbitration and Mediation Services.

The arbitration hearing shall be conducted in the applicable arbitration organization's office that is nearest to the Seller's location. The arbitrator shall apply governing substantive law in making an award. If the applicable arbitration rules conflict with this arbitration provision, then this arbitration provision shall control. You agree to pay any administrative fees and arbitrator's fees and costs up to a maximum of $185. We shall pay any administrative fees and arbitrator's fees and costs in excess of $185. Except as otherwise required by law, each party shall be responsible for its own attorney, expert and any other fees and costs. Except as prohibited by law, if a party unsuccessfully challenges the arbitrator's award or fails to comply with it, the other party is entitled to recover the costs, including reasonable attorneys' fees, of defending or enforcing the award.

The parties expressly agree that this arbitration provision involves and concerns interstate commerce and is governed by the Federal Arbitration Act; (9 U.S.C. § 1, et seq.), to the exclusion of any different or inconsistent state or local law or judicial rule.

**YOU AND WE UNCONDITIONALLY WAIVE THE RIGHT TO LITIGATE ALL CLAIMS IN COURT, INCLUDING THE RIGHT TO A JURY TRIAL, TO PARTICIPATE AS A MEMBER OF ANY CLASS IN ANY CLASS ACTION, INCLUDING CLASS ARBITRATION, AND TO CONSOLIDATE ANY ARBITRATION WITH OTHERS.** You and we retain any rights to self-help remedies, such as repossession, and to file a replevin action or a small claims action. Neither you nor we waive the right to arbitrate by using self-help remedies or by filing a replevin action or a small claims action. This arbitration provision shall survive any termination, payoff or transfer of this contract.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal use. In all other cases, the buyer will not assert against any subsequent holder or assignee of this contract any claims or defense the buyer may have against the seller, or against the manufacturer of the vehicle obtained under this contract.

If this transaction contains a fee or premium for guaranteed automobile protection, all holders and assignees of this consumer credit transaction are subject to all claims and defenses which the debtor could assert against the original creditor resulting from the debtor's purchase of guaranteed automobile protection.

---

☐ This contract is assigned subject to the terms of a separate agreement.

### ASSIGNMENT   w/o Recourse

For value received, Seller assigns all of its right, title and interest in this Contract to _Santander Consumer USA Inc_.

Seller expressly warrants that: (a) this Contract arose from the bona-fide, ordinary course of business, sale to Buyer of the described property, (b) title to the property at the time of sale was vested in Seller, (c) Seller had the legal right to and did properly assign and deliver such title and property to Buyer, (d) such property was not misrepresented in any way to Buyer, (e) the statements of Buyer in his credit statement are true to Seller's knowledge, (f) the Collateral is free of all security interests and liens, except the within security interest, (g) Seller is the sole owner of this Contract and has the right to sell and assign same, (h) the down payment was paid in full by Buyer in cash and/or trade-in as stated herein, (i) Buyer is of lawful age and competent, (j) the signature(s) of Buyer(s) is (are) genuine, (k) the Collateral is correctly described herein, (l) Seller has made all disclosures and given all notices required by the Federal Consumer Credit Protection Act and Colorado Uniform Consumer Credit Code, and (m) Buyer's obligation did not arise from a referral sale or a home solicitation sale. If any of the above warranties are false, Seller agrees to save assignee harmless and to pay all attorney fees and other costs incurred by assignee in enforcing such warranties against Seller.

Seller: _Ralph Schomp Honda_   By: _[signature]_   Title: _Agent_   Date: _2/12/13_

DO NOT ACCEPT WITHOUT VERIFYING EAGLE WATERMARK IN PAPER

DR 2001 (08/31/06)

**STATE OF COLORADO**
**CERTIFICATE OF TITLE**
****MOTOR VEHICLE****

TITLE NUMBER
47M414262

ODOMETER
57013    A

| VIN | YEAR | MAKE | MODEL | BODY |
|---|---|---|---|---|
| 5FNYF4H65AB027070 | 2010 | HOND | | UP |

ODOMETER LEGEND:
A – Actual Mileage
E – Exceeds mechanical limits
N – Not actual mileage: WARNING ODOMETER DISCREPANCY

MAIL TO

SANTANDER CONSUMER USA INC
PO BOX 25120
LEHIGH VALLEY, PA 18002-5120

CWT/CAP/SIZE
CWT 45
PREVIOUS TITLE
10R956271
FUEL
GAS

DATE PURCHASED
02/12/2013
DATE ACCEPTED
03/15/2013
DATE ISSUED
03/29/2013

OWNER
EVANSON LYNETTE PEARCE
GRIFFIN TARA D

JTWROS

FIRST LIENHOLDER
SANTANDER CONSUMER USA INC
PO BOX 25120
LEHIGH VALLEY, PA 18002-0000

FILE NUMBER
201302356

DATE RCD
03/11/2013

MATURITY DATE
03/11/2023

AMOUNT OF LIEN   LIEN EXTENDED TO COUNTY
35372.40                DOUGLAS

Signature below certifies under penalty of perjury in the second degree the release of the first lienholder's interest in the vehicle.

Lienholder's Name _____

Authorized Agent's Signature   Date

SECOND LIENHOLDER

FILE NUMBER

DATE RCD

MATURITY DATE

AMOUNT OF LIEN   LIEN EXTENDED TO COUNTY

Signature below certifies under penalty of perjury in the second degree the release of the second lienholder's interest in the vehicle.

Lienholder's Name _____

Authorized Agent's Signature   Date

THIRD LIENHOLDER

FILE NUMBER

DATE RCD

MATURITY DATE

AMOUNT OF LIEN   LIEN EXTENDED TO COUNTY

Signature below certifies under penalty of perjury in the second degree the release of the third lienholder's interest in the vehicle.

Lienholder's Name _____

Authorized Agent's Signature   Date

FOURTH LIENHOLDER

FILE NUMBER

DATE RCD

MATURITY DATE

AMOUNT OF LIEN   LIEN EXTENDED TO COUNTY

Signature below certifies under penalty of perjury in the second degree the release of the fourth lienholder's interest in the vehicle.

Lienholder's Name _____

Authorized Agent's Signature   Date

THE APPLICANT HAS BEEN DULY REGISTERED IN THIS OFFICE AS THE OWNER OF THE MOTOR VEHICLE DESCRIBED, SUBJECT TO LIENS AND ENCUMBRANCES IN THE ORDER SHOWN.

**EXHIBIT 2**

EXECUTIVE DIRECTOR, COLORADO DEPARTMENT OF REVENUE    DATE DUPLICATE ISSUED

BARBARA BROHL

KEEP IN SAFE PLACE – ANY ALTERATION OR ERASURE VOIDS THIS TITLE

J1569719

REV. 1/18/10

VOID IF ALTERED

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

In re:                                        Chapter 11

Terry Lee Evanson and Lynette Pearce         Bky. No. 13-19032
Evanson,
Debtor(s)

**STATE OF TEXAS**            )
                              ) ss.
**COUNTY OF TARRANT**         )    **AFFIDAVIT**

I, Amanda Loud, a bankruptcy specialist of Santander Consumer USA Inc., declare under penalty of perjury that I have personal knowledge of the information set forth below, which is true and correct to the best of my knowledge, information, and belief.

1. This affidavit is based on the loan payment records of Santander Consumer USA Inc.. These records are regularly maintained in the course of business and it is the regular practice to make and maintain these records. These records reflect the loan payments that are noted in the records at the time of receipt by persons whose regular duties include recording this information. I maintain these records and regularly use and rely upon them in the performance of my duties.

2. Santander Consumer USA Inc. has a valid, perfected security interest in the following (the "Collateral"): 2010 Honda Pilot, VIN: 5FNYF4H65AB027070.

3. $26,938.01 is the outstanding balance under the contract.

4. $1,179.08 is the amount of the existing delinquency under the contract.

5. $25,900.00 is the fair market value of the collateral.

6. No appropriate insurance has been verified.

Further your affiant sayeth not.

Date: August 19, 2013

Subscribed and sworn to before me on
August 19, 2013.

_____
Notary

Amanda Loud
Bankruptcy Specialist
Santander Consumer USA Inc.


IAN ANDREW CLAY
Notary Public, State of Texas
My Commission Expires
August 31, 2016

**EXHIBIT 3**

| Customer name: | BREAKDOWN OF TOTAL PAST DUE | | Account # | | |
|---|---|---|---|---|---|
| | EVANSON | | | | |
| POST PETITION | | | CUSTOMER PAYMENTS | | |
| Due date | Amount | | DATE MADE | AMT | |
| 5/29/2013 | 589.54 | | 5/29/2013 | $589.54 | |
| 6/29/2013 | 589.54 | | | | |
| 7/29/2013 | 589.54 | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| TOTAL | $1,768.62 | | TOTAL MADE | $589.54 | |
| | | | | | |
| Total Amount Past Due | | $1,179.08 | | | |
| Payment Delinquency | | 2.00 | New Contract Terms | | |
| | | | Modified Balance | | |
| | | | Pmt Terms | $589.54 | |
| | | | Months and APR | ? | |


CONSUMER

P.O. Box 961245
Ft. Worth, TX 76161-1245

**Account Number:**     **Primary Name:**     Lynette Evanson

| Good Through | Total Payoff | Principal | Interest | Late Fees | Misc. Fees |
|---|---|---|---|---|---|
| Sep 03, 2013 | $26,938.01 | $26,185.75 | $752.27 | $0.00 | $0.00 |

| Effective Date | Amount | Principal | Interest | Late Fees | Misc. Fees | Principal Balance |
|---|---|---|---|---|---|---|
| May 29, 2013 | $-589.54 | $-353.74 | $-235.80 | $0.00 | $0.00 | $26,185.75 |
| System allocated payment DeskTop - Recurring ACH | | | | | | |
| Apr 29, 2013 | $-589.54 | $-295.48 | $-294.06 | $0.00 | $0.00 | $26,539.49 |
| System allocated payment DeskTop - Recurring ACH | | | | | | |
| Mar 23, 2013 | $-589.54 | $-276.40 | $-313.14 | $0.00 | $0.00 | $26,834.97 |
| System allocated payment Lockbox Payment BTCH# 00000610 SEQ# 0016 CK# 000000 | | | | | | |

# NADA Official Used Car Guide
## Monday, August 19, 2013

## Vehicle Summary NADA Values

| | | | | | |
|---|---|---|---|---|---|
| **Region:** | Mountain States - August 2013 | **Reference #:** | | | |
| **Vehicle Description:** | 2010 HONDA Pilot-V6 Utility 4D EX-L DVD 4WD | **VIN:** | 5FNYF4H65AB027070 | | |
| **MSRP:** | $37,045 | **Weight:** | 4,561 | | |
| **Mileage:** | 52,500 | | | | |

| | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Base Value** | $19,975 | $21,400 | $22,550 | $20,300 | $25,900 |
| **Optional Equipment** | | | | | |
| **Option Total** | $0 | $0 | $0 | $0 | $0 |
| **Mileage Adjustment** | $0 | $0 | $0 | $0 | $0 |
| **Total NADA Official Used Car Guide Values** | $19,975 | $21,400 | $22,550 | $20,300 | $25,900 |

**EXHIBIT 4**

NADA assumes no responsibility or liability for any errors or omissions
or any revisions or additions made by anyone on this report.
Copyright NADA Services Corp. 2013
All rights reserved.

# NADA Official Used Car Guide
## Wednesday, August 28, 2013

## Vehicle Summary NADA Values

| | | | |
|---|---|---|---|
| **Region:** | Mountain States - May 2013 | **Reference #:** | |
| **Vehicle Description:** | 2010 HONDA Pilot-V6 Utility 4D EX-L DVD 4WD | **VIN:** | 5FNYF4H65AB027070 |
| **MSRP:** | $37,045 | **Weight:** | 4,561 |
| **Mileage:** | 47,500 | | |

| | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Loan | Clean Retail |
|---|---|---|---|---|---|
| **Base Value** | $21,550 | $23,000 | $24,175 | $21,775 | $27,600 |
| **Optional Equipment** | | | | | |
| **Option Total** | $0 | $0 | $0 | $0 | $0 |
| **Mileage Adjustment** | $0 | $0 | $0 | $0 | $0 |
| **Total NADA Official Used Car Guide Values** | $21,550 | $23,000 | $24,175 | $21,775 | $27,600 |

**EXHIBIT 5**

NADA assumes no responsibility or liability for any errors or omissions
or any revisions or additions made by anyone on this report.
Copyright NADA Services Corp. 2013
All rights reserved.

## SCRA AFFIDAVIT

I, Douglas D. Koktavy, am attorney in fact for Movant, am of lawful age, and make the following statements under oath:

1. This affidavit is made pursuant to Servicemembers Civil Relief Act of 2003 ["SCRA"] and GPO 2005-2.

2. I recently performed an online search of military records using the debtor(s) name and social security number. The online service I used was Department of Defense Manpower Data Center, which maintains a search address of https://www.dmdc.osd.mil/scra/owa/home.

3. Based on the online search, it does not appear the debtor(s) is/are in the military service. A copy of the Certificate of Non-Service is attached hereto.

Further affiant sayeth not.

Dated: 8-21-13

By _____
Douglas D. Koktavy
Attorney at Law

Subscribed and sworn to:

_____
Notary Public
My commission expires: 11/15/2014

EXHIBIT 6

Department of Defense Manpower Data Center
Results as of : Aug-21-2013 12:34:54
SCRA 3.0



Status Report
Pursuant to Servicemembers Civil Relief Act

Last Name: EVANSON
First Name: TERRY
Middle Name: L
Active Duty Status As Of: Aug-21-2013

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

Department of Defense Manpower Data Center Results as of : Aug-21-2013 12:35:23
SCRA 3.0



Status Report
Pursuant to Servicemembers Civil Relief Act

Last Name: <u>EVANSON</u>
First Name: <u>LYNETTE</u>
Middle Name: <u>P</u>
Active Duty Status As Of: <u>Aug-21-2013</u>

| On Active Duty On Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date ||||

| Left Active Duty Within 367 Days of Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date ||||

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date ||||
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty ||||

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br>TERRY LEE EVANSON<br>SSN: xxx-xx-9483<br>LYNETTE PEARCE EVANSON<br>SSN: xxx-xx-5531<br>                       Debtors<br><br>SANTANDER CONSUMER USA, INC.,<br><br>                       Movant,<br>v.<br><br>TERRY LEE EVANSON and LYNETTE PEARCE<br>EVANSON,<br><br>                       Respondents | Case No. 13-19032 MER<br>Chapter 11 |

## NOTICE OF MOTION FOR RELIEF FROM STAY
## AND OPPORTUNITY FOR HEARING PURSUANT TO 11 U.S.C. §362(d)

### OBJECTION DEADLINE: September 18, 2013

     YOU ARE HEREBY NOTIFIED that a Motion for Relief From Stay has been filed, a copy of which is attached hereto.

     A hearing on the Motion has been set for **Wednesday, September 25, 2013, at 9:30 a.m.**, at the U.S. Bankruptcy Court, Byron G. Rogers U.S. Courthouse, 1929 Stout St., **Courtroom "C-502"**, Denver, Colorado 80202. The hearing will be conducted in accordance with the provisions of L.B.R. 4001-1.

     IF YOU DESIRE TO OPPOSE THIS MOTION, you must file with this court a WRITTEN OBJECTION to the Motion on or before the objection deadline listed above and serve a copy upon movant's attorney, whose address is listed below.

     If you file an objection you are REQUIRED to comply with L.B.R. 4001-1 regarding hearing procedures, including (1) the timely submission and exchange of witness lists and exhibits and (2) attendance at the above-scheduled hearing in person or through counsel, if represented.

     **IF YOU FAIL TO FILE AN OBJECTION**, the scheduled hearing will be **vacated**, and an order granting the relief requested may be granted without further notice to you.

Respectfully submitted,

Dated: 8/28/2013                    **DOUGLAS D. KOKTAVY, P.C.**

by: /s/ Douglas D. Koktavy
Douglas D. Koktavy, #14641
3515 S. Tamarac Drive, Suite 200
Denver, Colorado 80237
Telephone: (303) 337-2364
Facsimile: (303) 873-7060
E-mail:    doug@coloradocreditorlaw.com

**ATTORNEYS FOR MOVANT**

## CERTIFICATE OF MAILING

I hereby certify that on this 28th day of August, 2013, a true and correct copy of the foregoing **NOTICE OF MOTION FOR RELIEF FROM STAY AND OPPORTUNITY FOR HEARING PURSUANT TO 11 U.S.C. §362(d)** and **MOTION FOR RELIEF FROM STAY**, were placed in the United States mail, postage prepaid, addressed to:

| | | |
|---|---|---|
| Terry Lee Evanson<br>10175 S Oneida St<br>Littleton, CO 80124-9608 | Lynette Pearce Evanson<br>10175 S Oneida St<br>Littleton, CO 80124-9608 | Kevin D. Allen<br>Tatiana G. Popacondria<br>Patrick D. Vellone<br>1600 Stout St.<br>Ste. 1100<br>Denver, CO 80202 |
| Jeffrey Weinman<br>730 17th St.<br>Ste. 240<br>Denver, CO 80202 | Alan K. Motes<br>United States Trustee<br>999 18th St., Ste. 1551<br>Denver, CO 80202 | Bank of America<br>PO Box 851001<br>Dallas, TX 75285-1001 |
| Command Center, Inc.<br>C/o Heather Cleary & Thomas<br>999 18th st., #3100<br>Denver, CO 80202-2499 | Internal Revenue Service<br>MS 5004<br>1999 Broadway, Ste. 511<br>Denver, CO 80202-3025 | Hill Property<br>PO Box 4389<br>Taber, Alberta<br>Canada |
| US Bank<br>PO Box 790401<br>St. Louis, MO 63179-0401 | Chase<br>Cardmember Service<br>PO Box 94014<br>Palatine, IL 60094-4014 | Discover<br>PO Box 29033<br>Phoenix, AZ 85038-9033 |
| Wells Fargo Card Services<br>PO Box 30086<br>Los Angeles, CA 90030-0086 | American Express<br>PO Box 297879<br>Ft. Lauderdale, FL 33329-7879 | NCO Financial Systems, Inc.<br>355 Union Blvd., #350<br>Lakewood, CO 80228-1528 |
| Citi<br>PO Box 6077<br>Sioux Falls, SD 57117-6077 | Wells Fargo<br>PO Box 30097<br>Los Angeles, CA 90030-0097 | Lowes<br>PO Box 530954<br>Atlanta, GA 30353-0954 |

/s/ Rhonda S. Greene, Paralegal

3