UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| TERRY LEE EVANSON | ) Case No. 13-19032 MER |
| SS# XXX-XX-9483 | ) Chapter 11 |
| LYNETTE PEARCE EVANSON | ) |
| SS# XXX-XX-5531 | ) |
| | ) |
| Debtors. | ) |

**OBJECTION TO MOTION TO EXTEND THE TIME TO DETERMINE DISCHARGEABILITY OF DEBT AND TO EXTEND DISCHARGE**

Debtors-in-Possession, Terry Lee Evanson and Lynette Pearce Evanson ("Debtors"), through their counsel, Weinman & Associates, P.C., object to the Motion to Extend the Time to Determine Dischargeability of Debt and to Extend Discharge ("Motion") filed by Discover Bank as follows:

1. Debtors filed their petition for relief under Chapter 11 of the Bankruptcy Code on May 28, 2013.

2. Since the date of the filing of their bankruptcy petition, the Debtors have remained in possession of their assets and have operated their business and managed their financial affairs as Debtors-in-Possession pursuant to 11 U.S.C. §§1107 and 1108.

3. The U.S. Trustee conducted the meeting of creditors pursuant to 11 U.S.C. §341 on July 8, 2013.  Discover Bank did not attend the §341 Meeting, although it received notice thereof.

4. Discover Bank has not sought a 2004 examination in this case or made any request of the Debtors for turnover of any records.

5. The Court may not extend the deadline to file an objection to discharge under Fed.R.Bankr.P. 4004(B) unless "cause" is shown. *Themy v. Yu (In re Themy)*, 6 F.3d 688, 689 (10th Cir. 1993).  Cause is not defined, but left to the discretion of the courts on a case-by-case basis.  *In re Stonham*, 317 B.R. 544, 547-48 (Bankr.D.Colo. 2004).

6. "Cause," for purposes of Rule 4004 "is not to be interpreted as 'just because I ask.'" *In re Garner*, 339 B.R. 610, 611 (Bankr.W.D.Tex 2006).  Rather, the moving party must demonstrate cause by providing more than just a "scintilla of evidence." *In re Stonham* at 547.  Generally, the courts have used a five part test in determining cause:

    a.    Whether the Debtors refused in bad faith to cooperate with the movant;

    b.    Whether the movant had sufficient notice of the deadline and information to file an objection;

    c.    The possibility of proceedings pending in another forum will result in collateral estoppel on the relevant issues;

    d.    The complexity of the case; and,

    e.    Whether the movant has exercised a reasonable degree of diligence before requesting an extension.

*Id.* at 547, n.1 (citations omitted).

7. The movant has the ultimate burden to show cause for an extension request. *Id.* at 547.

8. Debtors have fully cooperated with the U.S. Trustee. There are no allegations otherwise.

9. As to the second *Themy* factor, Discover Bank timely filed its motion and had sufficient knowledge of the deadline to file a complaint objecting to Debtors' discharge.

10. While Debtors were involved in one pre-petition civil action and the subject of several judgments, Discover Bank does not argue that such litigation has any bearing on Debtors' entitlement to a discharge. Thus, Discover Bank has not met the third *Themy* factor.

11. As to the fourth and fifth *Themy* factors, Debtors assert that this case and their financial affairs are not overly complex. While the Debtors' business affairs involve several closely held businesses, all such matters were adequately explained to the U.S. Trustee at the meeting of creditors. Debtors also explained their business affairs at the meeting of creditors. Thus, Debtors have explained such matters several times throughout their bankruptcy case.

12. Here, Discover Bank had the opportunity to attend the §341 Meeting as well as to conduct its own 2004 examination of Debtors and Debtors' financial affairs, and has done nothing and has not sought the 2004 examination of Debtors. Indeed, even though filed more than two (2) weeks ago, in its Motion, Discover Bank asserts that it will seek authority to conduct a 2004 examination. To date, it has not done so.

13. Discover Bank's lack of investigation however, was due to Discover Bank's own judgment.

14. Courts have declined to find cause where no discovery was taken at all, and the party filed an extension request immediately before the deadline. *In re Littel*, 58 B.R. 937, 938 (S.D.Tex 1986); *In re Mendelsohn*, 202 B.R. 831 (Bankr.S.D.N.Y. 1996).

15. Discover Bank could have attended the §341 Meeting and/or conducted a Rule 2004 examination before the deadline. Discover Bank could have made a document request upon Debtors. Yet, Discover Bank did neither of these things. Clearly Discover Bank did not exercise the requisite amount of diligence prior to the deadline for filing objections to Debtors' discharge.

16. Given Discover Bank's failure to meet its burden of proof, Discover Bank's Motion must be denied.

WHEREFORE, Debtors respectfully request that this Court deny Discover Bank's Motion, and grant such other and further relief as this Court deems appropriate.

DATED: September 5, 2013

    Respectfully Submitted,

    WEINMAN & ASSOCIATES, P.C.


    By: \s\ Jeffrey A. Weinman
        Jeffrey A. Weinman, #7605
        730 17th Street, Suite 240
        Denver, CO 80202-3506
        Telephone: (303) 572-1010
        Facsimile: (303) 572-1011
        jweinman@epitrustee.com

## CERTIFICATE OF MAILING

I hereby certify that I have mailed on this 5th day of September, 2013, a true and correct copy of the foregoing **OBJECTION TO MOTION TO EXTEND THE TIME TO DETERMINE DISCHARGEABILITY OF DEBT AND TO EXTEND DISCHARGE** by placing the same in the United States mail, postage prepaid, addressed to:

Alan K. Motes, Esq.
U.S. Trustee's Office
999 18th St., #1551
Denver, CO 80202

Terry Lee Evanson
Lynette Pearce Evanson
10175 S. Oneida St.
Littleton, CO 80124-9608

Alexis L. Davidson, Esq.
David A. Bauer, P.C.
2594 S. Lewis Way, Suite A
Lakewood, CO 80227

\s\ Lisa R. Kraai