## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

IN RE:

| | |
|---|---|
| TERRY LEE EVANSON<br>LYNETTE PEARCE EVANSON,<br><br>　　　　DEBTOR. | CASE NO.  13-19032-MER<br><br>CHAPTER 11 |

| | |
|---|---|
| Discover Bank<br>　　　　Plaintiff,<br><br>v<br><br>LYNETTE PEARCE EVANSON,<br><br>　　　　Defendant. | Adv. Proc. No.: 13-_____ |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT

　　　NOW COMES Discover Bank, by and through its attorney, David A. Bauer, P.C., and states as follows:

### Jurisdiction and Venue

1.　　Defendant, Lynette Pearce Evanson, is a debtor in the voluntary Chapter 11 bankruptcy petition filed in this Court on May 28, 2013.

2.　　This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 151, and 157.

3.　　Venue in this Court is proper pursuant to 28 U.S.C. § 1408.

4.　　This matter is a Core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

WWR#30159306

## Facts Common to all Counts

5. Plaintiff, Discover Bank, issuer of the Discover credit card, offers revolving credit card accounts to individuals.

6. Defendant is an individual consumer and the holder of a credit card account with Plaintiff, account number ending in 3538.

7. Consumer customers agree to make monthly installment payments for purchases and cash advances plus pay applicable interest and fees under the credit card accounts.

8. There is currently due and owing on the account $9,998.92 for charges made in the month of January and February 2013 prior to filing the petition in bankruptcy.

9. On January 31, 2013, Defendant used her Discover account to make a payment in the amount of $9,500.00 to the law firm of Allen & Vellone PC. Such payment was financed by Plaintiff through the above-mentioned revolving credit card account.

10. On February 9, 2013, Defendant made purchases totaling $498.92 at Sams Club, which transactions were financed by Plaintiff through the above-mentioned revolving credit card account.

11. On May 14, 2013, Defendant obtained the pre-bankruptcy counseling in furtherance of Sections 109(h) and 111 of the Bankruptcy Code, required to file a petition in bankruptcy.

12. On May 28, 2013, Defendant's Chapter 11 Bankruptcy petition was filed with the Court.

## Count I, Fraud; 11 U.S.C. § 523(a)(2)(A)

13. Plaintiff adopts and incorporates by reference all the allegations contained in paragraphs 1-12.

14. Pursuant to 11 U.S.C. § 523(a)(2)(A), money, property, services, or an extension, renewal, or refinancing of credit are nondischargeable to the extent that they are obtained by false pretenses, a false representation, or actual fraud.

15. Defendant obtained money, property, and/or services through an extension of credit advanced by the Plaintiff on the open-ended credit agreement.

16. Defendant knowingly sought and obtained financing from Plaintiff with no intention to pay off the full balance of charges incurred.

17. Defendant was insolvent at the time of the transaction in January 2013.

18. Defendant knew, or should have known, at the time of the transactions that she could not afford to repay Plaintiff, and in fact, could not afford to repay Plaintiff.

19. Defendant made the transactions in anticipation of filing this bankruptcy proceeding.

20. Defendant, as such, falsely represented ability and intent to repay Plaintiff, and Plaintiff reasonably relied upon such representations to its detriment.

21. The money, property, and/or services obtained by Defendant through the open-ended credit agreement and the credit advanced by the Plaintiff on the Account were obtained by Defendant's false representations, false pretenses, or actual fraud.

22. Plaintiff has been damaged by the Defendant's fraudulent conduct in the form of an unpaid balance due and owing on the account.

23. As such, Defendant's debt to Plaintiff is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

## Count II, Money Judgment

24. Plaintiff adopts and incorporates by reference all the allegations contained in paragraphs 1-23.

25. The total of the charges made and obtained by Defendant that is presumed to be nondischargeable is $9,998.92.

26. Upon a finding that the debt is nondischargeable, Plaintiff is entitled to a money judgment.

**WHEREFORE**, Discover Bank prays for the entry of an order as follows:

A. For an order declaring that the debt owed to Plaintiff by Defendant as set forth in the Complaint is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A); and

B. For a judgment in favor of Plaintiff and against Defendant in the principal amount of $9,998.92, plus reasonable attorneys fees associated with the prosecution of this matter, and costs of $293; and

C. For such other and further relief as this Court deems just.

Respectfully submitted this 6th day of September, 2013.

By: *[signature]*

David A. Bauer, No. 7576
Alexis L. Davidson, No. 36553
ATTORNEYS FOR DISCOVER BANK
2594 S Lewis Way, Suite A
Lakewood, CO 80227
Phone (303) 986-1200

WWR#30159306