United States Bankruptcy Court
District of Colorado

In re:  
Terry Lee Evanson  
Lynette Pearce Evanson  
    Debtors

Case No. 13-19032-MER  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 1082-1     User: cosior     Page 1 of 1     Date Rcvd: Sep 06, 2013  
                            Form ID: pdf904     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 08, 2013.  
db/db       Terry Lee Evanson,    Lynette Pearce Evanson,    10175 S Oneida St,    Littleton, CO 80124-9608  
intp       +Diane A. Holbert,    Douglas County Treasurer,    100 Third Street,    Attn: Stephanie Cook,    Castle Rock, CO 80104-2425

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                                                                               TOTAL: 0

           ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 08, 2013                                Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 6, 2013 at the address(es) listed below:

         Alan K. Motes    on behalf of U.S. Trustee    US Trustee Alan.Motes@usdoj.gov  
         Alexis L. Davidson    on behalf of Creditor    Discover Bank alewis@dabauerpc.com  
         Clarissa M. Raney    on behalf of Creditor    Moreton Insurance of Colorado cmraney@hollandhart.com, sjohnson@hollandhart.com  
         Douglas D. Koktavy    on behalf of Creditor    Santander Consumer USA, Inc. doug@coloradocreditorlaw.com, rhonda@coloradocreditorlaw.com  
         Heather S. Cleary    on behalf of Creditor    Command Center, Inc. heather.cleary@ritsema-lyon.com, kristine.fernatt@ritsema-lyon.com  
         Jeffrey Weinman    on behalf of Debtor Lynette Pearce Evanson jweinman@epitrustee.com, lkraai@weinmanpc.com  
         Jeffrey Weinman    on behalf of Debtor Terry Lee Evanson jweinman@epitrustee.com, lkraai@weinmanpc.com  
         Jennifer Schlatter    on behalf of Debtor Lynette Pearce Evanson jschlatter@allen-vellone.com, tnovoa@allen-vellone.com;jsena@allen-vellone.com  
         Jennifer Schlatter    on behalf of Debtor Terry Lee Evanson jschlatter@allen-vellone.com, tnovoa@allen-vellone.com;jsena@allen-vellone.com  
         Kenneth J. Buechler    on behalf of Creditor    Command Center, Inc. ken@kjblawoffice.com, sharon@kjblawoffice.com  
         Kevin D. Allen    on behalf of Debtor Lynette Pearce Evanson kallen@allen-vellone.com, mmorton@allen-vellone.com  
         Kevin D. Allen    on behalf of Debtor Terry Lee Evanson kallen@allen-vellone.com, mmorton@allen-vellone.com  
         Patrick D. Vellone    on behalf of Debtor Lynette Pearce Evanson pvellone@allen-vellone.com, jsena@allen-vellone.com;dbarela@allen-vellone.com  
         Patrick D. Vellone    on behalf of Debtor Terry Lee Evanson pvellone@allen-vellone.com, jsena@allen-vellone.com;dbarela@allen-vellone.com  
         Tatiana G. Popacondria    on behalf of Debtor Terry Lee Evanson tpopacondria@allen-vellone.com, dbarela@allen-vellone.com  
         Tatiana G. Popacondria    on behalf of Debtor Lynette Pearce Evanson tpopacondria@allen-vellone.com, dbarela@allen-vellone.com  
         US Trustee    USTPRegion19.DV.ECF@usdoj.gov  
         William C. Brittan    on behalf of Creditor Keith Anderson bbrittan@ckbrlaw.com, adavis@ckbrlaw.com  
                                                                                                                   TOTAL: 18



Signed/Docketed
September 6, 2013

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 13 -19032 MER |
| TERRY LEE EVANSON and ) | |
| LYNETTE PEARCE EVANSON, ) | Chapter 13 |
| ) | |
| Debtors. ) | |

## ORDER GRANTING RELIEF FROM STAY

THIS MATTER comes before the Court on the Motion for Relief from Stay filed by Command Center, Inc. ("Command Center") and the objection thereto filed by Terry Lee Evanson and Lynette Pearce Evanson (collectively, the "Debtors"). The Court, having considered the evidence and legal arguments presented by the parties, hereby makes the following findings of fact and conclusions of law.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U. S. C. §§ 1334 (a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G), because it involves a motion to terminate, annul, or modify the automatic stay.

## BACKGROUND

On May 19, 2010, AdvantEdge Insurance Group, LLC ("AdvantEdge") commenced an action in the District Court for the City and County of Denver, Colorado, against Command Center styled *AdvantEdge Insurance Group, LLC v. Command Center, Inc., et. al.*, Case No. 2010-CV-4135 (the "State Court Action"). AdvantEdge asserted five claims for relief against Command Center, including breach of implied contract, breach of contract, breach of implied covenant of good faith, unjust enrichment and declaratory judgment.[1] According to the Debtors' Schedule B, Ms. Evanson holds a 10% ownership interest in AdvantEdge.

In May 2012, the state court granted Command Center's motion to join the Debtors and another related entity, Moreton Insurance of Colorado ("Moreton") as third-party defendants. In its Third Amended Answer and

---

[1] *See* Exhibit 1.

Counterclaims, Command Center asserted five claims for relief against Mr. Evanson and other defendants, including malpractice, breach of fiduciary duty, civil theft, fraud, and negligence.[2] In addition, Command Center seeks recovery against Ms. Evanson as the alleged sole member-manager of AdvantEdge, under a theory of piercing the corporate veil.[3]

On January 2, 2013, AdvantEdge filed its Voluntary Petition under Chapter 7, Case No. 13-10006-MER ("AdvantEdge Bankruptcy"). On April 2, 2013, Command Center initiated an Adversary Proceeding and filed its Objection to Discharge and Complaint to Determine the Dischargeability of Debt. On May 2, 2013, AdvantEdge filed a Motion to Dismiss Adversary Proceeding. The Court granted the Motion on July 17, 2013, holding that because AdvantEdge is not an individual, 11 U.S.C. 727(a)(1)[4] is not applicable to AdvantEdge and no discharge will be entered in the AdvantEdge Bankruptcy.

On July 26, 2013, Command Center filed a Motion for Relief from Stay in the AdvantEdge Bankruptcy, to allow it to proceed with the State Court Action. No objections were filed and the Court entered its Order granting the motion and finding Command Center had established "cause" to lift the stay to proceed with the liquidation of its claims against AdvantEdge in the State Court Action.[5]

The Debtors filed their voluntary Chapter 11 petition on May 28, 2013. Command Center's unliquidated claim against the Debtors[6] relates to the State Court Action, and Command Center now seeks relief from the automatic stay on a limited basis to proceed with the liquidation of that claim.

## DISCUSSION

The issue before this Court is whether Command Center has demonstrated cause for relief from stay under 11 U.S.C. § 362(d)(1).[7] In

---

[2] See Exhibit 3.

[3] *See id.*

[4] Unless otherwise noted in the text, all future statutory references are to title 11 of the United States Code.

[5] *See* Order Granting Motion for Relief from Stay, Docket No. 18 (AdvantEdge Bankruptcy Case No. 13-10006 MER).

[6] *See* Amended List of Creditors Holding 20 Largest Unsecured Claims, Docket No. 7.

[7] Section 362(d)(1) states in relevant part,

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–

deciding whether Command Center may proceed with pending litigation in another forum, this Court looks to the *Curtis* factors which have been adopted by the Court.[8] The *Curtis* factors are as follows:

> (1) whether the relief will result in a partial or complete resolution of the issues.
> (2) The lack of any connection with or interference with the bankruptcy case.
> (3) Whether the foreign proceeding involves the debtor as a fiduciary.
> (4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.
> (5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.
> (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.
> (7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.
> (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).
> (9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).
> (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.
> (11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.
> (12) The impact of the stay on the parties and the "balance of hurt."[9]

"Not all of these factors will be relevant in every case . . . [a]nd the court need not give equal weight to each factor."[10] In this case, the first, second, sixth, seventh, tenth, eleventh, and twelfth factors are the most relevant, and

---

(1) for cause . . .

[8] *See In re Curtis (Curtis)*, 40 B.R. 795 (Bankr. D. Utah 1983).

[9] *Id*. at 799-800; *see also In re Busch*, 294 B.R. 137, 141 (10th Cir. BAP 2003); *In re Unioil*, 54 B.R. 192, 194 (Bankr. D. Colo. 1985).

[10] *In re Dryja*, 425 B.R. 608, 611 (Bankr. D. Colo.2010) (citing *In re Taub*, 413 B.R. 55, 61–62 (Bankr. E.D.N.Y. 2009)).

the Court finds they support the granting of relief from stay for cause in favor of Command Center.

**A.  Factor 1: Whether the relief will result in a partial or complete resolution of the issues.**

The State Court Action, which includes the counterclaims of Command Center, involves state contract law, malpractice and allegations of fraud. The causes of action asserted by the parties arise from the same nucleus of operative facts and the Denver District Court has the jurisdiction and authority to provide a complete resolution.

In contrast, no adversary proceeding is pending before this Court. Even if the Debtors or Command Center filed an adversary proceeding in this Court, Command Center's claims against the Debtors are already before the state court and involve several other defendants outside of bankruptcy. In addition, the Court questions whether it has the authority to fully adjudicate all the claims at issue in the State Court Action.[11] As the United States Supreme Court explained, "the restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages[.]"[12] The Supreme Court further explained that the adjudication of such private rights, may not be removed from Article III courts and delegated to Article I courts, which include bankruptcy courts.[13]

In sum, this Court cannot provide a complete resolution of the issues which are presently before the state court. The issues before the Denver District Court are not presently before this Court, but most importantly, even if they were, this Court likely lacks the authority to completely resolve those issues. Therefore, this factor weighs in favor of granting relief from stay.

**B.  Factor 2: The lack of any connection with or interference with the bankruptcy case.**

The Debtors' dispute with Command Center, their largest unsecured creditor, is central to this bankruptcy case. Resolution of the disputed issues will significantly affect the terms of a proposed Chapter 11 plan and may very well drive the Debtor's proposed reorganization. The implications are important

---

[11] *See generally Stern v. Marshall*, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011); *Northern Pipeline Construction Co. v. Marathon Pipe Line Company*, 458 U.S. 50 (1982).

[12] *Northern Pipeline Construction Co.*, 458 U.S. at 71.

[13] *Id.* at 69–70.

for all interested parties and resolution of the State Court Action is an important prerequisite to administration of this case.

Notwithstanding this connection, the Court finds this factor weighs in favor of granting relief from stay. Adjudication of the parties' claims, which are pending before the Denver District Court will assist the administration of the Debtors' bankruptcy estate by providing finality to Command Center's claim. Declining to allow the issues to be settled in the appropriate state court forum would impede administration of the Debtors' bankruptcy case because this Court lacks the constitutional authority necessary to fully liquidate Command Center's claims for damages, which also includes a jury demand. Also, this Court already granted relief from stay for Command Center to proceed in the State Court Action regarding its claims against AdvantEdge, a related corporate entity.

Therefore, the Court finds this factor weighs in favor of granting relief from stay.

**C. Factor 6: Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.**

The Debtors are third party defendants in the State Court Action. The timing of joining the Debtors to that action is irrelevant to relief from stay in this case because the Debtors were joined well over a year ago, and both Debtors filed responses to Command Center's Third Amended Answer and Counterclaims. Evidently, the Debtors filed their bankruptcy case in the midst of scheduling depositions in connection with the State Court Action.

In any event, the State Court Action essentially involves other third parties, including plaintiff AdvantEdge and third party defendant Moreton. As set forth above, the Court already lifted the stay for Command Center to liquidate its claim against AdvantEdge. To allow Command Center to proceed through trial against AdvantaEdge, while prohibiting Command Center from liquidating its claims against the Debtors is inefficient and duplicative.

Further, Morten is a third party defendant in the State Court Action for purposes of Command Center's counterclaims. Mr. Evanson scheduled a 20% ownership interest in Morten, which has not filed for protection under the Bankruptcy Code. In addition, the Debtor states he holds other contingent and unliquidated claims "against Command Center for false allegations and costing Debtor his job with Moreton" and claims against Moreton for "failure to pay earned, vested and determinable wages or other compensation."[14] Thus, the

---

[14] See Schedule B, Docket No. 21.

State Court Action essentially involves Moreton, a third party, and the Debtors hold claims against Morten arising from the same transactions.

For the reasons stated above, AdvantEdge and Moreton, third party corporate entities, have an important role in the State Court Action. Therefore, this factor favors granting relief from stay.

**D.** **Factors 7 and 10: Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties; and the interest of judicial economy and the expeditious and economical determination of litigation for the parties.**

As explained above in connection with the second *Curtis* factor, the disputes between the Debtors and their largest unsecured creditor, Command Center, are important to the Debtors' bankruptcy case. Here, resolution of the State Court Action will impact the unsecured creditors class and the Debtors' ability to pursue this reorganization case.

With the implications of the State Court Action in mind, the Court notes that the matters which are before the state court are not presently before the bankruptcy court. Undoubtedly, the Denver District Court sits in a far better position to resolve these issues and possesses the jurisdiction and authority to provide a complete resolution. The alternative of this Court trying only those issues over which it possesses clear jurisdiction and authority, leaving the remainder to be tried before the state court incurs the risk of inconsistent determinations from the different courts. Such piecemeal litigation is a poor use of judicial resources. Moreover, the state Court has already scheduled the matter for trial and substantial discovery has occurred. In stark contrast, this Court is not nearly as familiar with the details and complexities of the parties' dispute. Thus, the Court finds that litigation before the Denver District Court would not prejudice the interests of creditors and is necessary if this case is to proceed.

Both of these factors weigh in favor of granting relief from stay.

**E.** **Factor 11: Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.**

The Denver District Court has scheduled trial in the State Court Action for March 31, 2014, and the state court is ready, willing, and capable of hearing the pending matters before it. In contrast, no adversary proceeding has even been filed before this Court. This factor weighs in favor of granting relief from stay.

**F.    Factor 12: The impact of the stay on the parties and the "balance of hurt."**

In essence, the Debtors argue that the balance of harms falls heavily upon them because the estate would bear the financial burden of defending the litigation in state court. The Debtors would have to bear the same financial burden to defend an adversary proceeding before this Court, and because no adversary proceeding is pending, an action in this Court would require the Debtors to start over from square one. The more cost effective approach in the instant matter is to allow Command Center to complete liquidation of its claim in the pending State Court Action, with the parties returning to this Court at a later time for a dischargeability determination, if necessary.

In addition, the State Court Action involves AdvantEdge and other corporate entities in which the Debtors hold interests. Command Center obtained relief from stay to proceed against AdvantEdge. To the extent to Debtors' individual reorganization is dependent on personal income derived from AdvantEdge business income, the Court finds granting relief from stay to allow complete resolution of the litigation is in the best interest of the Debtors. Thus, the Court finds that this factor weighs in favor of granting relief from stay.

## CONCLUSION

Based on the foregoing, the Court

ORDERS Command Center, Inc.'s Motion for Relief from Stay (Docket No. 38) is GRANTED. Command Center, Inc. may proceed on a limited basis in the State Court Action with the liquidation of claims involving the Debtors or the Debtors' estate. To the extent any judgment is entered in connection with the State Court Action, Command Center, Inc. may not execute such judgment or take other any action against the Debtors or the Debtors' property. In such event, the automatic stay provided by 11 U.S.C. § 362(a) shall remain in effect. The Court

FURTHER ORDERS the 10-day stay of execution imposed by FED. R. BANKR. P. 4001(a)(3) is hereby lifted.

Dated September 6, 2013                    BY THE COURT:

_____
Michael E. Romero
United States Bankruptcy Judge