UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| TERRY LEE EVANSON | ) Case No. 13-19032 MER |
| SS# XXX-XX-9483 | ) Chapter 11 |
| LYNETTE PEARCE EVANSON | ) |
| SS# XXX-XX-5531 | ) |
| | ) |
| Debtors. | ) |

**MOTION FOR EXTENSION OF EXCLUSIVE PERIOD TO FILE
INITIAL PLAN OF REORGANIZATION AND TO SOLICIT
ACCEPTANCES OF INITIAL PLAN OF REORGANIZATION**

Debtors-in-Possession, Terry Lee Evanson and Lynette Pearce Evanson ("Debtors"), through their counsel, Weinman & Associates, P.C., move this Court for an order pursuant to 11 U.S.C. §1121(d), granting them an extension of the exclusive period to file their initial Plan of Reorganization and to solicit acceptances of their initial Plan of Reorganization. In support of their motion, the Debtors state as follows:

1. The Debtors filed their voluntary Chapter 11 bankruptcy petition on May 28, 2013.

2. Since the date of the filing of their bankruptcy petition, the Debtors have remained in possession of their assets, and have operated their business and managed their financial affairs as Debtors-in-Possession pursuant to 11 U.S.C. §§1107 and 1108.

3. The §341 Meeting of Creditors in this matter was held on July 8, 2013. Debtors are not a "small business" as such is defined by the Bankruptcy Code.

4. Pursuant to 11 U.S.C. §1121, the Bankruptcy Code grants the Debtors, as Debtors-in-Possession, an exclusive period of 120 days to file their initial Plan of Reorganization and a period of 180 following the entry of the order for relief to solicit acceptances of such Plan. With respect to the within proceeding, the exclusive period expires on September 25, 2013. Pursuant to 11 U.S.C. §1121(d), this Court may, for cause, extend the exclusive period for the Debtors to file their initial Plan of Reorganization as well as solicit acceptances of their Plan of Reorganization.

5. The Debtors respectfully request that this Court enter an order extending the exclusive period under 11 U.S.C. §1121 for an additional 120 days, or through and including January 23, 2014, to file their initial Plan of Reorganization. Further, the Debtors respectfully request that this Court enter an order extending the 180 day period within which to solicit acceptances of their initial Plan of Reorganization for an additional period of 120 days.

6. The Debtors are currently involved in various litigations (present and future) with Command Center, Inc. This Court has granted relief from the automatic stay to allow the state court matter to proceed. The state court matter will be likely protracted and unresolved in the near term. The Debtors are not able to propose a feasible Chapter 11 Plan until the Command Center, Inc. case is concluded. The requested extension of the exclusive period will permit the state court matter to proceed to conclusion, which will aid the Debtors in preparing a Plan of Reorganization.

7. The Debtors allege that an extension of 120 days of the exclusive period, or through and including January 23, 2014, is warranted in the within case.

8. The Debtors have not previously sought any extensions of the exclusive period to file their Plan of Reorganization and solicit acceptances of their Plan of Reorganization.

9. The Debtors allege that an extension of 120 days of the exclusive period will not unduly delay the administration of the Debtors' Chapter 11 bankruptcy proceeding. Indeed, it will greatly assist the Debtors in their efforts to reorganize under Chapter 11 of the Bankruptcy Code and with respect to their ongoing business and financial operations.

10. The request for extension of the exclusive period for 120 days is necessary in order to allow the Debtors to formulate the treatment under their Plan for the claims of their creditors including Command Center, Inc., and prepare meaningful financial projections in connection with the preparation of their Disclosure Statement and feasible Plan of Reorganization.

WHEREFORE, for reasons as set forth above, the Debtors respectfully request that this Court enter an order extending the exclusive period for an additional 120 days, or through and including January 23, 2014, and extending the 180-day period of time to solicit acceptances of their plan for an additional 120 days.

DATED: September 25, 2013     Respectfully Submitted,

WEINMAN & ASSOCIATES, P.C.

By: \s\ Jeffrey A. Weinman
    Jeffrey A. Weinman, #7605
    730 17th Street, Suite 240
    Denver, CO 80202-3506
    Telephone: (303) 572-1010
    Facsimile: (303) 572-1011
    jweinman@epitrustee.com

2

**9013-1 CERTIFICATE OF SERVICE OF MOTION, NOTICE AND PROPOSED ORDER**

The undersigned certifies that on September 25, 2013, I served by prepaid first class mail a copy of the **MOTION FOR EXTENSION OF EXCLUSIVE PERIOD TO FILE INITIAL PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES OF INITIAL PLAN OF REORGANIZATION**, notice and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED.R.BANKR.P. and these L.B.R. at the following addresses:

Alan K. Motes, Esq.
U.S. Trustee's Office
999 18th St., #1551
Denver, CO 80202

Terry Lee Evanson
Lynette Pearce Evanson
10175 S. Oneida St.
Littleton, CO 80124-9608

Clarissa M. Raney, Esq.
Holland & Hart, LLP
555 17th St., Ste. 3200
P.O. Box 8749
Denver, CO 80201-8749

William C. Brittan, Esq.
Campbell Killin Brittan & Ray, LLC
270 St. Paul St., Ste. 200
Denver, CO 80206

Kevin D. Allen, Esq.
Patrick D. Vellone, Esq.
Tatiana G. Popacondria, Esq.
Allen & Vellone, P.C.
1600 Stout St., Ste. 1100
Denver, CO 80202

Heather S. Cleary, Esq.
Ritsema & Lyon, P.C.
999 18th St., Ste. 3100
Denver, CO 80202

Douglas County Treasurer
Attn: Stephanie Cook
100 Third Street
Castle Rock, CO 80104

Alexis L. Davidson, Esq.
David A. Bauer, P.C.
2594 S. Lewis Way, Suite A
Lakewood, CO 80227

Douglas D. Koktavy, Esq.
Douglas D. Koktavy, P.C.
3515 S. Tamarac Dr., Ste. 200
Denver, CO 80237

\s\ Lisa R. Kraai