UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Terry Lee Evanson | ) | Case No. 13-19032 MER |
| Lynette Pearce Evanson | ) | Chapter 11 |
| Debtors. | ) | |

## THE EVANSONS' MOTION FOR PROTECTIVE ORDER

Terry Lee Evanson and Lynette Pearce Evanson, the Debtors-in-Possession, through their counsel Allen & Vellone, P.C., pursuant to Fed. R. Civ. P. 26(c), Fed. R. Bankr. P 7026 and 9014, and L.B.R. 7026-1(d), move this Court for a Protective Order, and as grounds therefore state as follows:

1. Terry Lee Evanson and Lynette Pearce Evanson ("Debtors") filed for relief under Chapter 11 of the Bankruptcy Code on or about May 28, 2013 (the "Petition Date").

2. Since the Petition Date, the Debtors have remained in possession of their assets, and managed their financial affairs as Debtors-in-Possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. On July 11, 2013, Command Center, Inc. ("Command Center") filed a Motion for Relief from Stay. [Docket No. 38]. The basis of the Motion was to allow the pending Colorado State Court action in the Denver County District Court, 2010CV4135 to proceed to trial which Command Center indicated could proceed "as scheduled upon entry of an Order lifting the automatic stay." *Id.* at p. 4. The Court granted the Motion on September 6, 2013. [Docket No. 69].

4. On July 22, 2013, Command Center filed a Motion for Examination of the Debtors pursuant to Bankr.R. 2004. [Docket No. 45]. The Court granted the Motion on July 29, 2013. [Docket No. 48].

5. The areas to be addressed by the 2004 Examinations are the same issues which are the subject of the State Court matter. The State Court matter involves allegations that the Debtors' were involved in civil theft of the monies and property of Command Center through a several year scheme of overcharging Command Center on the premiums for insurance policies. [Docket No. 45, ¶ 3].

6. This Court determined that the State Court action should proceed, specifically noting that "[t]he more cost effective approach in the instant matter is to allow Command Center to complete liquidation of its claim in the pending State Court Action, with the parties returning to this Court at a later time for a dischargeability determination, if necessary." [Docket No. 69, p. 7]. Contrary to its representations to this Court as to the need to adjudicate its claims in State Court, Command Center seeks information in its 2004 Examination which is fully and squarely before the State Court, and which was the whole purpose of this Court granting relief from stay to allow the

dispute be litigated in State Court.

7. Command Center specifically claims that the 2004 Exams are to determine "the sources of their pre-petition income. Command Center also desires to examine the Debtors as to matters which may affect the administration of the Debtors's [sic] estate, including the Debtors' undisclosed receipt of Command Center's funds, the nature and extent of the Debtors' ownership of their residence, and the Debtors' other debts and liabilities identified by the Debtors in their Schedules." [Docket No. 45, ¶ 7] These are precisely the issues pending in the State Court matter. The subpoenas and requested documents are attached hereto as **Exhibit A**.

8. This Court recognized the state court's jurisdiction and expertise to resolve the State Court dispute under a federal court's duty of comity to the state court system.

9. While the purpose of Rule 2004 is broad, it is not without limits.

10. Under circumstances where the parties are litigating these contested issues, it is improper for Command Center to use Bankruptcy Rule 2004 to seek discovery and documents to be used in the State Court matter. *See Intercontinental Enterprises, Inc. v. Keller (In re Blinder, Robinson & Company, Inc.)*, 127 B.R. 267, 275 (D.Colo.1991). The Debtor should use the discovery tools as provided by the Colorado Rules of Civil Procedure on these issues.

11. Command Center is attempting to use Bankr.R. 2004 to conduct discovery to be used in the State Court matter. The information sought is not tailored, narrowly or otherwise, to the issues in the Motion but rather seeks information going as far back as 2006.

12. The focus of the discovery proposed in this matter is duplicative of the subject matter of the State Court case, and thus the issue is controlled by the case of *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 274-75 (D. Colo. 1991). Because other litigation is pending concerning the same subject matter as the Rule 2004 discovery sought by Command Center, Command Center should not be permitted to circumvent the rules under which discovery is conducted in the related litigation by seeking discovery under Rule 2004.

13. In *Blinder, Robinson*, the other litigation pending between the parties was an adversary proceeding in the bankruptcy case, whereas here there is a proceeding in the State Court. *Blinder, Robinson* applies to any litigation matter and there is no meritorious distinction between a pending bankruptcy adversary case, where more narrow discovery is available under the federal rules, and a pending State Court proceeding, where discovery is available under substantially similar State Court rules. In either circumstance, allowing a party to conduct additional discovery under Rule 2004 allows that party to circumvent the discovery rules applicable to the related proceeding.

14. Indeed, *Blinder, Robinson* applies with even greater force here, where the related proceeding is pending in a State Court, than it does in the case of an adversary proceeding pending in the bankruptcy case. To allow the parallel Rule 2004 discovery that Command Center seeks would play the federal bankruptcy court off against the State Court. This Court's supervision of the Rule 2004 discovery would necessarily constitute an impermissible federal interference with the proceedings pending in the State Court; a measure this Court specifically avoided by granting relief

from stay.

15. Pursuant to L.B.R. 7026-1(d), the filing of a motion for protective order stays the discovery in question pending further order of the court.

16. RULE 26 CERTIFICATION. Prior to filing this Motion, counsel for Terry Lee Evanson and Lynette Pearce Evanson, Mark A. Larson, in good faith conferred with the Command Center's counsel Kenneth J. Buechler, Esq., and the two could not agree that the 2004 examination was in violation of *Blinder, Robinson* and Mr. Buechler opposes this Motion.

WHEREFORE, Terry and Lynette Evanson respectfully move this Court under Fed.Civ.P. 26(c), Fed.R.Bankr.P. 7026 and 9014, and L.B.R. 7026-1(d) for a Protective Order as to the July 29, 2013 Order granting the Motion to conduct 2004 examinations of the Debtors [Docket No. 48], and for such other and further relief as to this Court may seem just and proper.

DATED this 7th day of October, 2013.

>Respectfully submitted,
>
>ALLEN & VELLONE, P.C.
>
>*s/ Patrick D. Vellone*
>Patrick D. Vellone, #15284
>Jennifer E. Schlatter, #30626
>1600 Stout Street, Ste. 1100
>Denver, Colorado 80202
>303-534-4499
>pvellone@allen-vellone.com
>jschlatter@allen-vellone.com
>
>ATTORNEYS FOR TERRY AND LYNETTE EVANSON

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this the 7th day of October, 2013, I caused the foregoing **THE EVANSONS' MOTION FOR PROTECTIVE ORDER**, to be served via United States Mail, postage prepaid, to the following:

Kenneth J. Buechler, #30906
1621 18th Street, Suite 260
Denver, Colorado 80202
ken@kjblawoffice.com

U.S. Trustee
999 18th Street, Ste. 1551
Denver, CO 80202-2415

             *s/ Juanita E. Sena*
              Juanita E. Sena
             ALLEN & VELLONE, P.C.