## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Terry Lee Evanson | ) | Case No. 13-19032 MER |
| Lynette Pearce Evanson | ) | Chapter 11 |
| Debtors. | ) | |
| | ) | |

## MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT WITH DISCOVER BANK

Terry Lee Evanson and Lynette Pearce Evanson, Chapter 11 Debtors-in-Possession, by and through their counsel Allen & Vellone, P.C., and for their Motion for Order Approving Settlement Agreement with Discover Bank state as follows:

1.       Terry Lee Evanson and Lynette Pearce Evanson ("Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on or about May 28, 2013 (the "Petition Date").

2.       On September 6, 2013, Discover Bank ("Discover") commenced an adversary proceeding against Lynette Pearce Evanson ("Evanson"), Adv. Proc. No. 13-1501-MER (the "Adversary Proceeding"), objecting to dischargeability of a debt obligation pursuant to 11 U.S.C. § 523(a)(2)(A), and to recover a money judgment on the Debtor's use of her revolving line of credit prior to the Petition Date.   Discover was seeking to obtain a judgment of nondischargeability totaling $10,291.92.

3.       Discover and Evanson entered into negotiations to resolve the dispute without the need for litigation, and Evanson did not file an answer to the Complaint.   They negotiated a settlement.   A copy of the Agreement is attached hereto as **Exhibit A**, and provides, in pertinent part, that Evanson will pay to Discover $2,700.00 in twenty-four (24) monthly installments of $112.50 in full satisfaction of the Claim.

4.       The above description represents a summary of the Agreement entered into between the parties.   Interested parties should refer to the Agreement for a complete understanding of the terms and conditions of the Agreement.   Any inconsistency between the Agreement and the summary provided herein shall be resolved by reference to the terms of the Agreement.

5.       "To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'" Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996 (quoting 9 Collier on Bankruptcy ¶9019.03[1] (15th ed. 1993)). In assessing a request to approve a compromise under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, "a

court's general charge is 'to determine whether the settlement is fair and equitable and in the best interests of the estate.'" *Official Committee of Unsecured Creditors v. Western Pacific Airlines, Inc. (In re Western Pacific Airlines, Inc.)*, 219 B.R. 575, 579 (D. Colo. 1998) (*quoting Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 97 1, 976 (D. Colo. 1989).

6.     The Court has discretion to approve a settlement under Rule 9019 after it has made an informed decision based upon an objective evaluation of developed facts. *Protective Committee, Shareholder, TMT (Trailer Ferry, Inc.) v. Anderson*, 209 U.S. 414 (1968); *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989). Courts have focused on four primary factors in considering approval of bankruptcy settlements: "the probable success of the litigation on the merits, any potential difficulty in collection of a judgment, the complexity and expense of the litigation and the interests of creditors in deference to their reasonable views." *Kaiser Steel, supra*, at 977; *see Korngold v. Loyd (In re Southern Medical Arts Companies, Inc.)*, 343 B.R. 250, 256 (BAP loth Cir. 2006); *Martin, supra*, at 393.  In addition to considering these factors, the Court "must carefully weigh the value of the settled claim against the value to the estate by the settlement." *In re Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D.Colo. 1986).

7.     "[S]ome deference to the business judgment" of the debtor-in-possession is appropriate where a proposed settlement otherwise is fair and equitable to the estate. *In re OptInRealBig.com, LLC*, 345 B.R. 277, 291 (Bankr. D. Colo. 2006).

8.     The Agreement is subject to review under Fed.R.Bankr.P. 9019.  Rule 9019 provides that, after a hearing on notice to creditors, the bankruptcy court may approve a compromise or settlement.  Fed.R.Bankr.P. 9019(a), (b).  "The standards by which to evaluate a settlement proposal have been defined by the courts." *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D.Colo.1989). "In general, the court must determine whether the settlement is fair and equitable and in the best interests of the estate." Id.  The factors to consider in this determination are (1) the probability of success on the merits in the litigation; (2) the difficulties, if any, to be encountered in collection of any judgment that might be obtained; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interests of creditors and the proper deference to their reasonable views in the premises. *Id.* at 976-77.

9.     The Agreement satisfies each of the applicable Kaiser Steel factors.  The parties determined, under the first factor, that there were questions of fact and law which could be construed in different ways.  As a result, litigation contains inherent risks to the litigants which are avoided by entering into the Agreement.

10.     The second factor regarding collection is an issue that militates toward settlment. In the event Discover was successful, the Debtors' Plan of Reorganization might be affected and they might have to convert.

11.     The third factor was not an issue in the negotiations.  The issues are not overly complex and the litigation would have been relatively straight forward.

12.     Finally, early settlement of this matter serves the interests of the creditors by

maximizing the amount and speed of the return to creditors while realizing a significant portion of the likely judgment for the Estate, without the costs associated with litigation and trial, which serves the interests of creditors.

WHEREFORE, Terry Lee Evanson and Lynette Pearce Evanson respectfully request that the Court enter an Order approving his Settlement Agreement with Discover Bank, and grant such other and further relief as this Court deems appropriate.

Dated this 9th day of October, 2014.

Respectfully submitted,

ALLEN & VELLONE, P.C.

s/ *Mark A. Larson*
Patrick D. Vellone, #15284
Mark A. Larson, #30659
1600 Stout Street, Suite 1100
Denver, CO 80202
pvellone@allen-vellone.com
mlarson@allen-vellone.com
Telephone: (303) 534-4499