UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

The Honorable Judge Michael E. Romero

| | |
|---|---|
| In re:<br><br>TERRY LEE EVANSON<br>LYNETTE PEARCE EVANSON<br><br>*Debtor.* | Case No. 13-19032-MER<br>Chapter 11 Bankruptcy |
| **DISCOVER BANK**<br><br>*Plaintiff,*<br><br>v.<br><br>LYNETTE PEARCE EVANSON<br><br>*Defendant.* | Adv. Proc. No. 13-01501-MER |

### JOINT STIPULATION AND AGREEMENT FOR SETTLEMENT BETWEEN DISCOVER BANK AND LYNETTE PEARCE EVANSON

  **COMES NOW** Lynette Pearce Evanson ( "Debtor" or "Defendant"), by and through her counsel, Mark A. Larson, Esq., and Discover Bank ("Plaintiff") by and through their attorney Alexis Davidson, Esq. of the law firm David A. Bauer, P.C. and stipulate and agree to compromise and settle the within Adversary Proceeding, as detailed herein and as grounds therefore, state as follows:

### JURISDICTION

  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This matter is a "core proceeding" pursuant to 28 U.S.C. §157(b) (2) (A), and (I) in that the within Adversary Proceeding and Complaint are matters concerning the administration of the Estate and the within Proceeding is a Complaint to determine the dischargeability of a particular debt. Pursuant to 28 U.S.C. § 157(b)(1), Bankruptcy Judges may hear and determine all cases under Title 11 and/or core proceedings arising under Title 11, or arising in a case under Title 11 referred under

**EXHIBIT A**

Subsection (a) of said section, and may enter appropriate Orders and Judgments, subject to review under Section 158 of said Title. Pursuant to a General Operating Order of the United States District Court for the District of Colorado, all proceedings arising under Title 11 or arising in or related to a case under Title 11 have been referred to the Bankruptcy Judges for this District.

## VENUE

1. Venue is proper in this District pursuant to 28 U.S.C. §1409(a) in that a proceeding arising under Title 11 or arising in or related to a case under Title 11, may be commenced in the District Court in which such case is pending.

2. This Adversary Proceeding relates to In re Lynette Pearce Evanson, Case No. 13-19032-MER, pending in the United States Bankruptcy Court for the District of Colorado.

3. This Adversary action is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), and (I). The parties herein consent to the entry of final orders or judgment by the Bankruptcy Court herein.

## BACKGROUND

4. On May 28, 2013 the Defendant, Lynette Pearce Evanson ("Defendant" or "Debtor") filed for Chapter 11 bankruptcy relief.

5. The Debtor's First Meeting of Creditors was scheduled to be held on July 8, 2013.[Doc#13]

6. The Debtor's Notice of Continued Meeting of Creditors was filed July 17, 2013 [Doc#16] and held August 13, 2013 at 3:00 p.m.

7. The deadline to object to Debtor's discharge or to challenge dischargeability of certain debts was set as September 6, 2013.

8. Plaintiff, Discover Bank ("Plaintiff" or "Discover") filed the within Adversary Proceeding on September 6, 2013. [Doc#72]

## SETTLEMENT

9. Now therefore in consideration of the mutual terms, covenants, promises, and conditions contained in this Agreement, the receipt and adequacy of which consideration is acknowledged hereby by all parties hereto, the parties agree as follows:

2

10. The Parties have engaged in preliminary settlement discussions and desire to seek a consensual resolution of the within adversary proceeding herein in lieu of continued formal litigation in the within adversary proceeding and other forums.

11. The Parties have determined that litigation of the within case would be expensive.

12. The Defendant agrees to pay to the Plaintiff, in full settlement, the principal sum of Two Thousand Seven Hundred Dollars ($2,700.00)(the "Settlement Amount") to be paid outside the Chapter 11 Plan at the rate of $112.50 per month beginning on the first business day of the month following entry of an Order approving this Stipulation and continuing until the sum of $2,700.00 is paid in full.

13. Payment time should last twenty-four (24) months.

14. So long as Defendant makes payments as specified herein no interest shall be charged on the outstanding balance.

15. Payments shall be made payable to "Discover Bank" and shall be sent to Weltman Weinberg & Reis, P.O. Box 93784, Cleveland, OH 44101.

16. The monthly installment payments will be in the amount of $112.50 made on or before the 1st business day of each month (excluding weekends and Federal holidays) beginning on the first business day of the month following entry of an Order approving this Stipulation.

17. If the Defendant fails to make any payment described herein, such that it is not received by the Plaintiff's attorney, Defendant will be in technical default of the within Stipulation and Agreement for Settlement.

18. In the event of a technical default by the Defendant as set forth in the preceding paragraph, Defendant shall have one (1) cure right of ten (10) days from the date of the written notice by making a payment equal to 110% to the scheduled payment Defendant failed to make.

19. If the Defendant fails to cure any defaulted payment or technical default within the ten (10) day period (from the 1st (first)) then Plaintiff can immediately file a verified motion with this Bankruptcy Court and an affidavit in support thereof requesting the entry of a NON-DISCHARGEABLE JUDGMENT in the amount of Nine Thousand Nine Hundred Ninety-Eight Dollars ($9,998.92).

20. Furthermore, Defendant shall only be entitled to one (1) right to cure as specified above in any given calendar year (i.e. January 1 through December 31). In the event that Defendant defaults a second (2nd) time in any given calendar year under the terms of this Stipulation and Agreement for Settlement (even though he cured the first default), then Defendant understands and agrees that she shall not be entitled to a second cure opportunity and that at that point in time that a second default occurs, Plaintiff may immediately take any steps to obtain a NON-DISCHARGEABLE JUDGMENT from the Bankruptcy Court and to collect said judgment.

21. If Defendant cures any defaulted payment as specified above, Defendant shall be entitled to continue with the terms of this Stipulation and Agreement for Settlement, and particularly the payment schedule specified herein as though no default or breach of this Stipulation and Agreement for Settlement had occurred, except that all parties agree and acknowledge that the above-referenced cure right is only available to Defendant one (1) time in a given calendar.

22. If any payment is not <u>received</u> by the Plaintiff by the the first (1st) business day of the month then, in that event, Plaintiff agrees that it shall promptly provide notice of non-payment to the Defendant and to the Defendant's undersigned counsel at their notice addresses set forth herein, including via email.

23. Notwithstanding the fact that the Plaintiff is required to provide prompt notice of non-payment, Plaintiff's counsel shall also telephone Defendant's counsel during normal business hours to advise Defendant's counsel that payment has not been made by the technical due date.

24. It shall constitute a default of this Stipulation and Agreement for Settlement if any check or other instrument utilized by the Defendant to make his payment herein shall be returned for insufficient funds or if for any other reason the payment made shall not constitute good funds.

25. It is the Defendant's responsibility to ensure receipt of the monthly payments by the Plaintiff on or before the due date of the the first (1st) business day of each month. Accordingly, the Defendant is advised to utilize a payment mechanism that ensures that payments are made timely.

26. There is no pre-payment penalty for the payment of the Two Thousand Seven Hundred Dollars ($2,700.00) settlement sum and the Defendant may pre-pay said amount at any time without penalty of any kind.

27. The parties acknowledge and agree that time is of the essence in the completion of the terms of this Stipulation and Agreement for Settlement.

28. The parties stipulate and agree and request that this Court retain jurisdiction to enforce the terms of the Stipulation and Agreement for Settlement.

29. The parties stipulate and agree that if the Defendant defaults in payment of the settlement amount, thus requiring Plaintiff to reopen the case, then Defendant shall be liable for any costs incurred by Plaintiff in doing so.

4

## MISCELLANEOUS PROVISIONS

30. **GENDER/PLURALITY**: As used in this Joint Stipulation, whenever the context so indicates, the masculine, feminine, or neutral gender and a singular or plural number, shall be defined to include the other.

31. **COUNTERPARTS AND FACSIMILE**: This Joint Stipulation may be signed in counterpart copies. A set of counterpart copies which collectively contains the signature and acknowledgment of all Parties shall constitute an original. This Joint Stipulation signed in counterpart copies shall have the same force and effect as a single original fully signed copy. Fax or Facsimile signatures shall constitute the equivalent of an original signature.

32. **COMPROMISE BONE FIDE DISPUTE**: It is expressly understood and agreed that the terms hereof are contractual and not merely recitals, and that the agreements contained herein and the consideration transferred is to compromise disputed claims, avoid litigation, and buy peace, and that no payments made or other consideration given, shall be construed as an admission of liability of any Party, all liability being expressly denied. In the event that this Joint Stipulation terminates or otherwise becomes null and void, then, in that event, it shall have been considered to have been prepared and executed pursuant to Rule 408 of the Federal Rules of Evidence and Rule 408 of the Colorado Rules of Evidence and shall not be offered as evidence for any purpose in any judicial or administrative proceeding. On the other hand, in the event that this Joint Stipulation does not terminate by its own terms or otherwise become null and void, then it may be offered as evidence to enforce any term or provision of this Joint Stipulation.

33. **CONSTRUCTION**: This Joint Stipulation has been drafted after negotiation between the Parties, all of whom are represented by counsel, and contains the work product of the attorneys for all Parties. Therefore, it is not to be construed strictly against any Party, but instead is to be construed fairly, according to the plain meaning of its terms. Furthermore, no specific provision of this Joint Stipulation or any document delivered pursuant hereto, shall be construed against any party or its counsel merely because such party or its counsel drafted such particular provision or document. It is understood and agreed by all Parties hereto, that this Joint Stipulation represents a fully negotiated and contracted for document.

34. **BENEFITS**: This Joint Stipulation shall be binding upon, and shall inure to, the benefit of all the Parties and their respective heirs, legal representatives, successors, and assigns. This Joint Stipulation has been entered into by all Parties after an at-arms-length negotiation.

35. **PRECLUSION OF OTHER ACTS**. The intent of this Joint Stipulation is to preclude the Parties and their counsel from instigating third parties, regulatory, and police authorities to instigate or initiate any action or proceeding against any party hereto, or encouraging regulatory authorities in any such action or proceeding they may have instigated or initiated. Nothing herein shall prevent any party from discharging any legal or ethical duty he, she or it may have.

36. **SUBSTITUTE ORDERS**. In the event that this Joint Stipulation requires or calls for a Court or administrative agency to enter Orders contemplated for herein, and said Court or administrative agency determines that it cannot enter the Order in the specific form provided for herein, then the Parties hereto shall cooperate to construct and obtain substitute Orders acceptable to the Court or administrative agency so long as said substitute Orders effectuate the purposes and intents of this Joint Stipulation and further, so long as said substitute Orders do not contravene any specific terms of this Joint Stipulation.

37. **NOTICE ADDRESSES**. All notices or other written communications under this Joint Stipulation shall be in writing and shall be personally served or served by deposit thereof in any mail facility maintained by the United States postal service, postage prepaid, certified mail, return receipt requested, addressed as follows:

**Kevin D. Allen**
**1600 Stout St.**
**Ste. 1100**
**Denver, CO 80202**
**kallen@allen-vellone.com; mmorton@allen-vellone.com**

**Lynette Pearce Evanson**
**10175 S Oneida St**
**Littleton, CO 80124-9608**

**David A. Bauer, P.C.**
**Alexis Davidson, Esq.**
2594 S Lewis Way, Ste. A
Lakewood, CO 80227

38. **FURTHER ASSURANCES**. At any time and from time to time after the date of this Joint Stipulation, each of the Parties hereto agrees to execute such additional instruments and other documents and take such further action as may be reasonably necessary or requested by any other party, to confirm or perfect the terms and conditions set forth under this Joint Stipulation or otherwise to carry out the intents and purposes of this Joint Stipulation.

39. **COURT APPROVAL**: This Joint Stipulation and all obligations imposed upon the Parties by this Joint Stipulation are contingent upon approval by the United States Bankruptcy Court for the District of Colorado ("Bankruptcy Court").

40. **HEADINGS**. The headings of the various subdivisions hereof have been inserted for convenience of reference only and shall in no way modify any of the terms or provisions of this Joint Stipulation.

6

41. **RECITALS/BACKGROUND PARAGRAPHS**. It is the intention of the Parties hereto that all of the recitals and background paragraphs above, be and hereby are incorporated into the body of this Joint Stipulation, and are made a part hereof.

42. **NOTICE AND OTHER COMMUNICATIONS**. All notices, requests, consents, and other communications hereunder, or in respect thereof, shall be in writing and shall be deemed duly given when personally delivered, or on the same day that they are sent by certified mail, postage prepaid, return receipt requested, and addressed to each of the Parties at their notice addresses stated herein.

43. **VOLUNTARY ACT**. Each of the Parties agrees, understands, and acknowledges that they are not relying upon any inducement or representations made by the other party, or any other party except as provided herein; that they are not entering into this Joint Stipulation under duress, but are doing so as their free and voluntary act; that they each have sought independent legal counseling respecting their legal rights or have waived such rights to legal counseling; and that they are entering into this Joint Stipulation with the full knowledge of the consequences thereof.

44. **NO ADMISSION OF LIABILITY**. This Joint Stipulation represents a compromise of claims and shall not be deemed or construed as an admission of any liability by any party or of any contention or allegation made by any other party, all of which are expressly denied except as expressly provided for herein.

45. **EXHIBITS**. Any exhibit(s), if any, attached hereto are hereby made a part hereof.

46. **AUTHORIZATION**. Each of the Parties to this Joint Stipulation hereby represents that its execution hereof has been duly and lawfully authorized.

47. **ACTS OF GOD**. No Parties shall be held to be in default or breach for any failure hereunder due to acts of God, the acts of any government in its sovereign capacity, fires, floods, epidemics, quarantines, restrictions, strikes, freight embargoes, wars, revolutions, or any other act whatsoever, whether similar or dissimilar to those referred to in this section, which are clearly beyond the reasonable control of the party effected.

48. **RETENTION OF JURISDICTION**. To the extent that the within Joint Stipulation requires Court approval or the approval of an administrative agency for the within Joint Stipulation, then said Court or administrative agency shall retain and reserve jurisdiction, including but not limited to jurisdiction to enforce the within Joint Stipulation.

Dated this __6__ day of ~~September~~ October, 2014
LPE

AGREED:

**LYNETTE PEARCE EVANSON**

By: /s/ Lynette P. Evanson
Lynette Pearce Evanson

AGREED:

**DISCOVER BANK**

By: /s/ Alexis Davidson
Alexis L. Davidson, No. 36553
Its: Attorney and Agent

Approved as to form:

/s/ Mark A. Larson
Mark A. Larson, Esq.
Attorney for Defendant
1600 Stout St., Ste. 1100
Denver, CO 80202
303-534-4499
Email: MLarson@allen-vellone.com

/s/ Alexis Davidson
Alexis L. Davidson, Esq.
David A. Bauer, P.C.
Attorney for Plaintiff
2594 S Lewis Way, Ste. A
Lakewood, CO 80227
303-986-1200
Email: adavidson@dabauerpc.com