UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| TERRY LEE EVANSON ) | Case No. 13-19032 MER |
| SS# XXX-XX-9483 ) | Chapter 11 |
| LYNETTE PEARCE EVANSON ) | |
| SS# XXX-XX-5531 ) | |
| ) | |
| Debtors. ) | |

**MOTION TO APPROVE SETTLEMENT AGREEMENT WITH COMMAND CENTER, INC., FRED A. MORETON & COMPANY, AND KEITH ANDERSON**

Debtors-in-Possession, Terry Lee Evanson and Lynette Pearce Evanson ("Debtors"), through their counsel, Weinman & Associates, P.C., move this Court for an Order approving a Settlement Agreement entered into between the Debtors and Command Center, Inc., Fred A. Moreton & Company, and Keith Anderson. As grounds therefore, the Debtors state as follows:

## INTRODUCTION

1. Debtors filed for relief under chapter 11 of title 11 of the United States Code on May 28, 2013. Debtors remain Debtors-in-Possession under 11 U.S.C. §§ 1107 and 1108.

2. Prior to the filing of their Chapter 11 Petition, the Debtors were involved in state court litigation pending before the Denver, Colorado District Court, Case No. 2010CV4135, styled as Command Center, Inc. v. Fred A. Moreton & Company, Terry Evanson, Lynette Evanson, and Keith Anderson. Command Center requested that the automatic stay be modified to allow the litigation to proceed. The stay was modified and the trial proceeded with judgment entered in favor of the defendants. An appeal of the judgment was taken to the Colorado Court of Appeals. Defendants submitted a request for attorneys' fees and filed a Bill of Costs with the state court.

3. The Debtors and the other parties have agreed to settle all disputes between them and wish to resolve the state court litigation and the appeal on the terms contained in the Settlement Agreement and Mutual Release attached to this Motion as Exhibit A (the "Agreement").

## SUMMARY OF THE AGREEMENT

4. The material terms of the Agreement with respect to the Debtors are:

    (a) Command Center, Inc. will pay $8,000 to the Debtors.

    (b) Debtor Lynette Evanson agrees to formally dissolve Advantedge Insurance Group, LLC. Command Center agrees not to bring any actions against Advantedge and its claims against the Debtors in the state court litigation and the appeal will be dismissed with prejudice.

    (c) The parties will execute mutual releases with limitations as set forth in the Settlement Agreement.

    (d) The Agreement will operate as an accord and satisfaction of all disputes and all matters, including all claims in the Debtors' bankruptcy proceeding.

    (e) The state court litigation and the appeal will be dismissed with prejudice.

    (f) Each party will be responsible to pay their own attorneys' fees, expert fees and costs.

    (g) The Agreement is subject to approval by the Bankruptcy Court.

5. The above represents a summary of the material terms of the Agreement entered into between the Debtors and the parties in the state court litigation. Creditors and parties in interest should review the Agreement attached hereto as Exhibit A for a complete understanding of the terms and conditions of the Agreement. In the event there are any inconsistencies between the summary of the Agreement set forth in this motion and the actual Agreement, the terms of the Agreement shall, in all instances, control.

## BASIS FOR APPROVAL OF THE AGREEMENT

6. The Agreement, if approved, will dismiss with prejudice all pre-petition claims against the Debtors arising from the state court litigation and the state court appeal. The Debtors have listed the disputed claim of Command Center in their bankruptcy filing in the amount of $1.5 million. In addition, if the Agreement is approved by the Court, the Agreement will operate as an accord and satisfaction of the Command Center claim against the Debtors. As Debtors-in-Possession, the Evansons are authorized under the Bankruptcy Code to settle claims with approval of the Court.

7. A court may approve a settlement under Fed. R. Bankr. P. 9019(a) after notice and a hearing. Fed. R. Bankr. P. 9019(a). A settlement must be fair and equitable and in the best interests of the estate. *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D. Colo. 1989) (citations omitted). In making this determination, the court should consider (1) the probable success of the litigation on the merits; (2) any potential difficulty in collection of a judgment; (3) the complexity and expense of the litigation; and (4) the interests of creditors in deference to their reasonable views. *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997); *Official Comm. of Unsecured Creditors of Western Pac. Airlines v. Western Pac. Airlines (In re Western Pac. Airlines)*, 219 B.R. 575, 579 (D. Colo. 1998).

8. To determine whether a settlement is in the best interests of the estate, a court should "inform itself of the 'developed facts.'" *Western Pac. Airlines*, 219 B.R. at 5798 citing *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 434 (1968). A court does not have to conduct a mini-trial to determine the probable outcome of any claims waived in the settlement but need only apprise itself of the relevant facts and law so that it can make an informed and intelligent decision. *In re Bugaighis*, 03-12112, 2004WL3190352 (Bankr. D. Colo. Nov. 5, 2004).

9. The Agreement does not require the Debtors or the estate to pay money to the other parties to the Agreement. The Agreement does require the payment of $8,000 to the Debtors. The Agreement results in a dismissal of all claims against the Debtors and acts as an accord and satisfaction of all claims including all claims in the Debtors' bankruptcy proceeding. As such, the claim of Command Center in the amount of $1.5 million is eliminated, resulting in a reduction of claims against the estate, which will benefit the other creditors with allowed claims. In addition, all state court proceedings including an appeal are to be dismissed with prejudice, which will result in minimizing administrative expenses related to ongoing attorneys' fees and costs to the estate. The resolution of the Debtors' disputes with these parties is in the best interest of the estate, creditors of the estate and the Debtors.

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order approving the Settlement Agreement with Command Center, Inc., Fred A. Moreton & Company and Keith Anderson, and for such further relief as this Court deems appropriate.

DATED: May 4, 2015

        Respectfully Submitted,

        WEINMAN & ASSOCIATES, P.C.

        By: /s/ Jeffrey A. Weinman
            Jeffrey A. Weinman, #7605
            730 17th Street, Suite 240
            Denver, CO 80202-3506
            Telephone: (303) 572-1010
            Facsimile: (303) 572-1011
            jweinman@epitrustee.com

**9013-1 CERTIFICATE OF SERVICE OF MOTION, NOTICE AND PROPOSED ORDER**

The undersigned certifies that on May 4, 2015, I served by prepaid first class mail a copy of the **MOTION TO APPROVE SETTLEMENT AGREEMENT WITH COMMAND CENTER, INC., FRED A. MORETON & COMPANY, AND KEITH ANDERSON**, notice and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED.R.BANKR.P. and these L.B.R. at the following addresses:

Alan K. Motes, Esq.
U.S. Trustee's Office
1961 Stout St., Ste. 12-200
Denver, CO 80294

Terry Lee Evanson
Lynette Pearce Evanson
10175 S. Oneida St.
Littleton, CO 80124-9608

Clarissa M. Raney, Esq.
Holland & Hart, LLP
555 17th St., Ste. 3200
P.O. Box 8749
Denver, CO 80201-8749

William C. Brittan, Esq.
Campbell Killin Brittan & Ray, LLC
270 St. Paul St., Ste. 200
Denver, CO 80206

Kevin D. Allen, Esq.
Patrick D. Vellone, Esq.
Tatiana G. Popacondria, Esq.
Allen & Vellone, P.C.
1600 Stout St., Ste. 1100
Denver, CO 80202

Heather S. Cleary, Esq.
Ritsema & Lyon, P.C.
999 18th St., Ste. 3100
Denver, CO 80202

Douglas County Treasurer
Attn: Stephanie Cook
100 Third Street
Castle Rock, CO 80104

Alexis L. Davidson, Esq.
David A. Bauer, P.C.
2594 S. Lewis Way, Suite A
Lakewood, CO 80227

Douglas D. Koktavy, Esq.
Douglas D. Koktavy, P.C.
3515 S. Tamarac Dr., Ste. 200
Denver, CO 80237

/s/ Lisa R. Kraai