# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This settlement agreement and mutual release is entered into, on the one hand, by Command Center, Inc. (hereinafter referred to as "Command Center" or "Plaintiff") and, on the other hand, by Fred A. Moreton & Company (f/k/a Moreton Insurance of Colorado, LLC) ("Moreton"), Terry Evanson, Lynette Evanson ("The Evansons"), and Keith Anderson ("Anderson") (Moreton, The Evansons, and Anderson are referred to collectively as "Defendants"). "Plaintiff" and "Defendants" as defined above are referred to in this agreement as "Parties."

## RECITALS

a. WHEREAS, Plaintiff, Defendants, and AdvantEdge Insurance Group, LLC ("AdvantEdge") were parties to a civil lawsuit in the District Court for the City and County of Denver, Case No. 2010CV4135, which was tried to a jury between September 22 – October 2, 2014 and which resulted in a Judgment being entered by the court on October 6, 2014 (hereinafter referred to as "The Civil Action"); and

b. WHEREAS, Moreton, the Evansons and Anderson filed Bills of Costs and Moreton, Terry Evanson and Anderson filed requests for attorneys' fees, and those requests were fully briefed to the District Court and remain pending ("Pending Motions"); and

c. WHEREAS, Plaintiff and Defendants are parties to an appeal in the Colorado Court of Appeals, Case No. 2015CA284 (hereinafter referred to as "The Appeal") relating to the Judgment in The Civil Action; and

d. WHEREAS, Plaintiff and Defendants wish to resolve all matters and controversies currently pending between Plaintiff on the one hand and Defendants on the other hand, and wish to resolve The Civil Action, The Appeal and the Pending Motions; and

e. WHEREAS, Plaintiff and Defendants have negotiated in good faith, at arms' length, and with the assistance of their respective counsel, to achieve the Agreement referenced herein which is the product of negotiation and compromise.

1

EXHIBIT A
13-19032mer

NOW THEREFORE, in consideration of the promises and agreements herein contained, the sufficiency of which are hereby acknowledged, Plaintiff and Defendants do hereby agree and promise as follows:

## AGREEMENT

1. **Payment**. As good and valuable consideration, Command Center, Inc. shall pay the sum of ONE HUNDRED FIXTY-SIX THOUSAND AND NO/100 DOLLARS ($156,000.00) to Moreton's insurer "Fireman's Fund Insurance Company."

2. **Payment**. As good and valuable consideration, Command Center, Inc. shall pay the sum of EIGHT THOUSAND AND NO/100 ($8,000.00) to Terry Evanson, Lynette Evanson and their attorneys Weinman and Associates.

3. **Agreement with Respect to AdvantEdge**. As good and valuable consideration, Lynette Evanson agrees to formally dissolve AdvantEdge Insurance Group, LLC with no successors in interest. As good and valuable consideration, Terry Evanson, Lynette Evanson, and Keith Anderson agree to not participate in any way in the assertion of claims against Plaintiff by any person or entity, including AdvantEdge. As good and valuable consideration, Command Center agrees it will not bring any actions against AdvantEdge and its claims against AdvantEdge, Lynette Evanson, Terry Evanson, and Keith Anderson in the Civil Action and The Appeal will be dismissed pursuant to the terms of paragraph 9.

4. **Plaintiff's Release of Defendants**. As good and valuable consideration, Plaintiff hereby releases, acquits, and forever discharges Defendants, and each of them, and their officers, agents, directors, employees, representatives, predecessors, successors, affiliates, attorneys and insurers from any and all claims, actions, demands, causes of action, suits or controversy of every kind and of every nature and of every description known or unknown between Plaintiff and Defendants, relating to any subject matter of the Civil Action or the business between Plaintiff and Defendants to the date of this Agreement, and any and all claims, of any kind, that were asserted or could have been asserted by Plaintiff against Defendants in The Civil Action, the Pending Motions, or The Appeal or any other action. The Parties acknowledge that the foregoing is a complete and unconditional general release of all claims that Plaintiff, may have against

2

Defendants and their officers, agents, directors, employees, representatives, predecessors, successors, affiliates, attorneys and insurers.

5. **Moreton, The Evansons and Anderson's Release of Plaintiff**. As good and valuable consideration, Moreton, The Evansons and Anderson, and each of them, hereby release Plaintiff, and its officers, agents, directors, employees, representatives, predecessors, successors, affiliates, attorneys and insurers from any and all claims, actions, demands, causes of action, suits or controversy of every kind and of every nature and of every description known or unknown between Plaintiff and Defendants, including without limitation, all claims relating to any subject matter of the Civil Action or the business between Plaintiff and Defendants to the date of this Agreement, and any and all claims, of any kind, that were asserted or could have been asserted by Defendants against Plaintiff in The Civil Action, the Pending Motions, or The Appeal or any other action. The Parties acknowledge that the foregoing is a complete and unconditional general release of all claims that Defendants, or any of them, may have against Command Center, Inc. and its officers, agents, directors, employees, representatives, predecessors, successors, affiliates, attorneys and insurers.

6. **Releases Are Total and Complete.** Plaintiff and Defendants affirm that the releases contained in this Agreement are in every sense total and complete and cover not only those claims and damages that are now known, but include such claims and damages as may in the future arise on account of, or become known as being the result of, the matters described above and include, but are not necessarily limited to: any and all claims, actions, demands, causes of action, suits or controversy of every kind and of every nature and of every description known or unknown and encompasses any and all claims of any kind.

7. **No Admission of Liability.** The Parties expressly understand and agree that the acceptance of the consideration recited herein is in full accord and satisfaction of a disputed claim and that the payment is not to be construed in any way as an admission of liability; liability being expressly denied by Plaintiff and by each of Defendants, and by their respective officers, agents, employees, successors and insurers.

8. **Accord and Satisfaction.** Except as provided at the end of this section, upon execution and receipt of payment as outlined in Paragraphs 1 and 2 above, this

3

Agreement is intended to operate as an ACCORD AND SATISFACTION of all disputes and all matters, which include, but are not necessarily limited to: any and all claims, actions, demands, causes of action, suits or controversy of every kind and of every nature and of every description known or unknown between the Parties arising out of, or related to, the matters which are the subject of The Civil Action, the Pending Motions, The Appeal, the Evansons' bankruptcy, and any and all claims of any kind. The Parties acknowledge that they may hereafter discover facts different from, or in addition to, those which they now know or believe to be true with respect to the claims released above, and agree that this Agreement shall be and remain effective in all respects, notwithstanding such different or additional facts or the discovery thereof. Notwithstanding any language to the contrary, the obligations of nondisclosure and confidentiality as well as the tolling provisions set forth in the Joint Defense and Tolling Agreement entered among and between Moreton, Terry Evanson, and Anderson survive this settlement agreement, and Moreton, Terry Evanson and Anderson do not release any claim subject to the Joint Defense and Tolling Agreement.

9. **Dismissal of Lawsuit.** Upon execution and receipt of payment, the Parties, or their legal counsel, shall execute and file stipulations for dismissal with prejudice of The Civil Action and The Appeal in a form that is generally acceptable to the respective courts.

10. **Bankruptcy.** The Evansons are currently proceeding via Chapter 11 bankruptcy, requiring approval of the Bankruptcy Court for this agreement to be valid and enforceable as to them. As such, this Agreement will not become effective as to any of the Parties, payment will not issue and a dismissal will not be executed, until approval is obtained from the Bankruptcy Court and/or Trustee by and on behalf of Terry Evanson's and Lynette Evanson's Chapter 11 bankruptcy. If this settlement is not approved by the Bankruptcy Court, it is null and void as to all Parties.

11. **No Assignment of Claims.** The Parties warrant that they have not entered into any prior assignment of any rights or claims released herein.

12. **Consideration.** Each Party acknowledges that he, she or it has received adequate consideration to support his, her or its obligations hereunder.

4

13. **Attorney's Fees and Costs.** Each Party shall pay his, her or its own attorney's fees, expert fees, and costs incurred in connection with The Civil Action and The Appeal, and the disputes between the Parties.

14. **Administrative-Governmental Complaints.** Plaintiff agrees to ask the Colorado Division of Insurance to withdraw Command Center's previously-filed complaints related to Defendants and AdvantEdge, and not to voluntarily initiate any further investigation or proceedings with the Colorado Division of Insurance or any other regulatory authority. However, if the Colorado Division of Insurance or any other regulatory authority requests information from any party regarding any current or future investigation, such party may respond as required by law.

15. **Further Assurances.** Each Party agrees to promptly execute such other documents and take such other action as may be reasonably requested to facilitate or implement the terms of this Agreement and the Parties' Agreements as set forth herein.

16. **Representations and Warranties.** The Parties acknowledge that no Party or other person has made any promise, inducement, or representation to any other Party to enter into this Agreement except as set forth herein and that this Agreement is not executed in reliance upon any statement or representation of any of the Parties or their representatives, concerning the nature and extent of legal liability thereof or any other matter. The Parties further represent that they have been represented by legal counsel during the course of the negotiations leading to this Agreement, and that they have been advised by legal counsel with respect to the meaning of this Agreement and its legal effect and that they enter into this Agreement with the full understanding of its legal effect.

17. **Voluntary Agreement.** This Agreement is entered into voluntarily and after consultation with legal counsel.

18. **Construction.** The terms of this Agreement are contractual and not a mere recital. The terms of this Agreement shall be construed according to the laws of the State of Colorado without regard to its choice of law provisions. In the event of any dispute concerning this Agreement, the Parties agree that such dispute shall be heard in the District Court in and for the City and County of Denver, Colorado, and agree that venue in the Denver District Court is proper, and by signing this Agreement consent to

the jurisdiction of that Court for all such disputes. Further, in any action brought to enforce the terms or to address violations of this agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs.

19. **Capacity.** Each individual signing this Agreement warrants and represents that they have full authority to execute the Agreement on behalf of the entity on whose behalf they sign.

20. **Successors-in-Interest and Assigns.** This Agreement shall be binding upon and shall inure to the benefit of the successors-in-interest and assigns of each Party to this Agreement. Nothing in this paragraph shall create any rights enforceable by any person not a Party to this Agreement, except for the rights of the successors-in-interest and assigns of each Party to this Agreement.

21. **Severability.** Should any part, term, portion, or provision of this Agreement be decided or declared by the courts to be, or otherwise found to be illegal, or in conflict with any laws of the State of Colorado, the United States, or otherwise rendered unenforceable, the validity of the remaining parts, terms, portions, and provisions shall be deemed severable and shall not be affected thereby, providing such remaining parts, terms, portions, or provisions can be construed in substance to constitute the agreement that the Parties to this Agreement intended to enter in the first instance.

22. **Entire Agreement.** This Agreement embodies the entire Agreement and understanding between the Parties in respect to the subject matter contained herein. This Agreement supersedes all prior agreements and understandings between the Parties with respect to such subject matter.

23. **Counter Parts.** This Agreement may be executed in counterparts all of which shall be considered one and the same Agreement and shall become effective when the counterparts have all been signed by all the Parties and delivered to the other Parties and the conditions of paragraph 10 have been met. Facsimiles, electronic or emailed copies of signatures shall be effective as originals..

24. **Drafting.** Any Ambiguities in this Agreement should not be construed against any party as the "drafter" of this Agreement, as all Parties have had advice and assistance of counsel and have participated in, or had the opportunity to participate in, the drafting of this Agreement.

This Agreement and Release shall inure to the benefit of and be binding on the successors and assigns of the Parties hereto, and the Parties, by affixing their signatures below agree to all the foregoing terms.

**Plaintiff Command Center, Inc.**

By: _Ronald Junek_ (signature)

Printed Name _Ronald Junek_

Title _Exec. VP_

Date _April 22, 2015_

Approved as to Form:

_Matthew X Miller_ _Gerald D. Pratt_
Attorney for Command Center, Inc.

**Defendant Fred A. Moreton & Company**

By: _____

Printed Name _____

Title _____

Date _____

Approved as to Form:

_____
Attorney for Fred A. Moreton & Company

**Defendant Terry Evanson**

7



This Agreement and Release shall inure to the benefit of and be binding on the successors and assigns of the Parties hereto, and the Parties, by affixing their signatures below agree to all the foregoing terms.

**Plaintiff Command Center, Inc.**

By: _____

Printed Name _____

Title _____

Date _____

Approved as to Form:

_____
Attorney for Command Center, Inc.

**Defendant Fred A. Moreton & Company**

By: *[signature]*

Printed Name __WILLIAM R. MORETON__

Title __PRESIDENT__

Date __4-22-15__

Approved as to Form:
*[signature]*
Attorney for Fred A. Moreton & Company   MICHAEL CARRIGAN

**Defendant Terry Evanson**

7

By: _____

Printed Name    TERRY L. EVANSON

Title           _____

Date            4-21-15.


Approved as to Form:

_____
Attorney for Terry Evanson    William Brittan


**Defendant Keith Anderson**

By:             _____

Printed Name    _____

Title           _____

Date            _____


Approved as to Form:

_____
Attorney for Keith Anderson

**Defendant Lynette Evanson**

By:             Lynette Evanson

Printed Name    LYNETTE EVANSON

Title           _____

                4-21-15

8

**Defendant Terry Evanson**

By: _____

Printed Name _____

Title _____

Date _____

Approved as to Form:

_____
Attorney for Terry Evanson

**Defendant Keith Anderson**

By: *Keith Anderson* (signature)

Printed Name *Keith Anderson*

Title _____

Date 23 April 2015

Approved as to Form:

*(signature)*

Attorney for Keith Anderson  William Brittan

8

Date     4-21-15.

Approved as to Form:

_____
Attorney for Lynette Evanson

Approved as to Form:

_____
Jeffrey A. Weinman, Bankruptcy Attorney for Lynette & Terry Evanson