# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| Terry Lee Evanson ) | Case No. 13-19032 MER |
| SSN / ITIN: xxx-xx-9483 ) | Chapter 11 |
| Lynette Pearce Evanson ) | |
| SSN / ITIN: xxx-xx-5531 ) | |
| ) | |
|     Debtors. ) | |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS
## OR CONVERT CHAPTER 11 CASE

The United States Trustee ("UST"), by and through his counsel, moves the Court to dismiss or convert the above-captioned chapter 11 case under 11 U.S.C. § 1112(b) for cause and, as grounds therefor, states and alleges as follows:

1. The Bankruptcy Court has jurisdiction under 28 U.S.C. §§ 157 and 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Pursuant to 28 U.S.C. § 586(a)(3), the UST is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. Under 11 U.S.C. § 307, the UST has standing to be heard on the issues raised by this Motion to Dismiss or Convert.

4. Terry Lee Evanson and Lynette Pearce Evanson (the "Debtors") filed a voluntary petition for relief under chapter 11, title 11 of the United States Code on May 28, 2013.

5. The UST has not appointed a trustee or an examiner in this case, nor has the UST appointed an unsecured creditors' committee.

6. Pursuant to Sections 1107 and 1108, the Debtors continue to manage their affairs as debtors-in-possession.

7. This case has been pending for over 30 months, but the Debtors have not to date filed a proposed plan of reorganization.

**Cause Exists under 11 U.S.C. § 1112**

8.  Bankruptcy Code § 1112(b) generally provides that the Court shall dismiss or convert a chapter 11 case, whichever is in the best interest of creditors and the estate, for "cause." *See* 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) contains a non-exclusive list of circumstances which constitute "cause" for dismissal or conversion. *See* 11 U.S.C. § 1112(b)(4). "Cause" includes a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. *See* Id.

9.  "Cause" under § 1112 is a flexible concept. *See In re Pacific Rim Investments, LLP*, 243 B.R. 768, 772 (D. Colo. 2000). The changes to the list of examples that constitute cause under the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA) did not change the fact that the list is illustrative, not exhaustive. *See In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006).

10. Cause exists to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b)(1) and (4) for the reasons set forth below:

Prejudicial Delay:

11. The Debtors have failed to propose timely a confirmable plan of reorganization. "Dismissal under § 1112(b)(2) is appropriate where the debtor's failure to file an acceptable plan after a reasonable time indicates its inability to do so whether the reason for the debtor's inability to file is its poor financial condition, the structure of claims against it, or some other reason." *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989) (dismissal was appropriate when individual debtors failed to file a confirmable plan after eight months). The Debtors have had the benefits and the protections afforded under the Bankruptcy Code since May 28, 2013. The Debtors have not filed a plan. Prepetition creditors have not received payments on their claims for at least the 30 month pendency of this case. Such delay is prejudicial to creditors and is cause for dismissal or conversion.

Substantial and Continuing Loss and Diminution to the Estate:

12. Per the Debtors' disclosures, the Debtors lack equity in nonexempt assets and lack disposable income:

> a.  Per Debtors' Schedule A, as amended, the Debtors own a residence that they value at $957,000. The Debtors originally scheduled a mortgage debt in the amount of $1,433,000, but later revised the mortgage debt to $891,175. Either way, according to the Schedules, there is no equity in the residence above the Debtors' claimed exemption of $90,000.
>
> b.  According to the most recent versions of Debtors' Schedules B and C,[1] the Debtors claimed exemptions in substantially all personal property assets. Exceptions include a Honda Pilot allegedly belonging to the Debtors'

---

[1] *See* Docket Nos. 101 and 102, respectively.

      daughter, a small amount of cash, interests in entities all valued at $0.00, and thirteen claims each with an unknown value.

   c. According to the Schedules, the Debtors do not have disposable income. On the original and first amended Schedules I and J,[2] the Debtors conclude that they have *negative* net income of -$1,219 per month. On their further amended Schedules I and J,[3] the Debtors conclude that they again have negative net income, this time of -$2,890 per month.

   d. Similarly, according to their disclosures in their Monthly Operating Reports, the Debtors have not had disposable income during this case. In the July 2013 Monthly Operating Report, the Debtors showed an ending cash balance of $7,327.78. Over two years later, the report for October 2015 shows an ending cash balance of $3,962.15. The Debtors are not quite breaking even, despite paying nothing towards their prepetition creditors and despite not making payments on their alleged home mortgage.[4]

13. Since this case was filed about 30 months ago, additional debt has accrued:

   a. An unknown amount of professional fees have accrued. During this case, the Debtors have employed their main bankruptcy counsel and two sets of special counsel. Over about 30 months, main bankruptcy counsel has never filed a fee application. Special counsel Allen & Vellone, P.C. was awarded interim compensation of $26,838.70 in March 2014, but that firm has not filed a subsequent or final fee application. From a review of monthly operating reports, it does not appear that the Debtors are paying professional fees on a monthly basis. Indeed, the Debtors should *not* be paying professional fees without Court approval since the interim fee procedures order in this case requires counsel to file formal, interim fee applications pursuant to § 331, which generally have not been filed. The Debtors are required to report the accrual of professional fees on Form 2-E in their monthly operating reports, but the Debtors do not complete that section. Therefore, given the lack of fee applications and lack of reporting, the UST does not know the amount of professional fees that have accrued against the estate as administrative claims in this case.

   b. Over 30 months, the Debtors appear not to have been making payments on their alleged mortgage loan. The alleged lender has not moved for relief from the automatic stay, nor has it filed a proof of claim or otherwise appeared. To the extent that the Debtors owe an actual mortgage debt, presumably interest has accrued since the Petition Date. The Debtors do not report postpetition accounts payable owing to their alleged lender on Form 2-E of their monthly operating reports, so it is unclear whether the Debtors believe that they are in arrears of a mortgage obligation and, if so, to what magnitude.

---

[2] *See* Docket Nos. 1 and 21, respectively.
[3] *See* Docket No. 105.
[4] It is unclear whether and to what extent the Debtors owe an actual mortgage obligation.

14. The Debtors are not breaking even despite paying nothing towards prepetition claims, paying nothing towards their alleged mortgage, and apparently paying little or nothing towards professional fees. Meanwhile, administrative claims in an unknown amount are accruing against the estate. The substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation is cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4)(A).

### Conversion Appears to be the Best Interests of Creditors and the Estate

15. Once the Court determines that "cause" exists under § 1112(b), the Court, generally, shall dismiss or convert the case, whichever is in the best interest of creditors and the estate. *See* 11 U.S.C. § 1112(b)(1).

16. Based upon information currently available, conversion to chapter 7 appears to be in the best interests of creditors and the estate. As noted above, the Debtors have not had disposable income during the 30 months that this case has been pending. The Debtors also assert that substantially all of their assets are exempt under state law. Therefore, it does not appear likely that creditors would receive a meaningful recovery on their claims outside of bankruptcy if the case were dismissed.

17. On the other hand, the Debtors listed thirteen claims or causes of action on their Schedule B, each with an unknown value. Upon conversion, a chapter 7 trustee could investigate the Debtors' assets and transactions and determine whether any assets can be administered for the benefit of creditors. Among other things, a trustee could evaluate whether any of the scheduled claims can or should be brought on behalf of the estate.

18. The UST reserves the right to supplement this Motion to Dismiss or Convert as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the UST respectfully requests that the Court enter an order dismissing or converting the above-captioned Chapter 11 case for cause under 11 U.S.C. § 1112(b) and requests such other and further relief as the Court deems appropriate.

Dated: December 8, 2015

Respectfully submitted,

PATRICK S. LAYNG
UNITED STATES TRUSTEE

/s/ Alan K. Motes
By: Alan K. Motes, #33997
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, Colorado 80294
(303) 312-7999 telephone
(303) 312-7259 facsimile
Alan.Motes@usdoj.gov

## CERTIFICATE OF SERVICE

      The undersigned certifies that on December 8, 2015, I served by prepaid first class mail, a copy of the **UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT**, **NOTICE** as prepared by L.B.R. 9013-1 and proposed **ORDER** on all parties against whom relief is sought and those otherwise entitled to service as follows

Terry Lee Evanson
10175 S Oneida St
Littleton, CO 80124-9608

Lynette Pearce Evanson
10175 S Oneida St
Littleton, CO 80124-9608

Jeffrey Weinman
730 17th St.
Ste. 240
Denver, CO 80202

Ted H. Merriam
Kevin A. Planegger
1625 Broadway
Suite 770
Denver, CO 80202

                                              /s/ Nicole Nagler
                                              Office of the United States Trustee