13-19032-MER

THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TERRY LEE EVANSON | ) |
| SS# XXX-XX-9483 | ) |
| | ) |
| LYNETTE PEARCE EVANSON | ) |
| SS# XXX-XX-5531 | ) |
| | ) |
| DEBTORS | ) |
| | ) |

RECEIVED
KENNETH S. GARDNER
CLERK
2015 DEC -8 PM 4:55
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

---

MOTION PURSUANT TO BANKRUPTCY CODE SECTION 505
TO DETERMINE TAX LIABILITY, IF ANY

---

Terry Lee Evanson and Lynette Pearce Evanson (the "Debtors"), through undersigned counsel, file this Motion Pursuant to Bankruptcy Code Section 505 to Determine Tax Liability, If Any, and in support thereof, the debtors submit the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and (e) and 157. This Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (O). The relief requested in this Motion is sought pursuant to 11 U.S.C. § 505(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtors filed their voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on May 28, 2013, thereby commencing the above-captioned bankruptcy case.

## STATEMENT OF FACTS

4. The Debtors filed their 1999 federal income tax return on or about October 15, 2000.

5. The Debtors filed their 2000 federal income tax return on or about October 15, 2001.

6. The Internal Revenue Service ("IRS" or "Service") issued a letter to the Debtors on or about August 13, 2010 informing them that their 1999 and 2000 federal income tax returns had been selected for examination.

7. On the 1999 and 2000 returns, the Debtors deducted losses that flowed through to their returns for a limited liability company, Omega Forex Group, LC. The Debtors did not participate in the formation or operation of Omega Forex Group, LC.

8. The Debtors used borrowed funds to make the currency transactions that resulted in the losses that flowed through to their 1999 and 2000 tax returns.

9. The borrowed funds were evidenced by promissory notes that were initially held by Omega Forex Group, LC, and subsequently assigned to Cottonwood Financial Services, LC on or about December 31, 2001.

10. The Debtors granted a Deed for Trust on or about February 1, 2002 to Cottonwood Financial, L.C. to secure the indebtedness evidenced by the promissory notes. The Deed of Trust was recorded in Douglas County, Colorado on or about April 22, 2002.

11. Cottonwood Financial, L.C. assigned its rights, title and interest in the "Evanson indebtedness" and Deed of Trust to Ronald Hill, dba, Hill Property, on or about

June 12, 2012. The Assignment and Transfer in Cancellation of Obligation between Cottonwood Financial, L.C. and Ronald Hill, dba Hill Property, was recorded on or about December 11, 2012.

12. The Deed of Trust now held by Hill Property was reported on Schedule D – Creditors Holding Secured Claims of the Debtors' Statement of Financial Affairs filed on or about June 11, 2013. The amount of the Hill property debt was $1,433,000 (as reflected on Schedule D) at the time the Debtors filed their bankruptcy petition.

13. After the examination of Omega Forex Group, LC, and the Debtors' 1999 and 2000 tax years, the IRS proposed adjustments that flowed through to the taxpayers' federal income tax returns for their 1999 and 2000 tax years. The IRS also took an alternative position that if the losses were legitimate, the loans used to finance the investment losses were cancelled and/or forgiven in 2008. The Service took this alternative position solely to circumvent the statute of limitations that would have prevented an assessment against the Debtors for the 1999 and 2000 years.

14. The proposed adjustments to the taxpayers' 1999 and 2000 tax years are still pending, and were set forth in Notices of Deficiency issued by the IRS and mailed to the Debtors on May 12, 2014.

15. The Internal Revenue Service assessed additional income tax of $470,661 for the 2008 tax year against the Debtors on July 26, 2012. The Internal Revenue Service also assessed an accuracy penalty, pursuant to 26 U.S.C. § 6662, in the amount of $94,132.20 on July 26, 2012.

16. The additional income tax was based on a determination that the Debtors recognized income from the discharge of indebtedness in the 2008 tax year as a result of

Cottonwood Financial's cancellation or forgiveness of the debt secured in its Deed of Trust.

17. Cottonwood Financial, L.C. did not cancel or forgive the debt that was secured by the Deed of Trust, and recorded in Douglas County, Colorado on or about April 22, 2002.

18. As stated above, Cottonwood Financial, L.C. assigned its rights, title and interest in the "Evanson indebtedness" and Deed of Trust to Ronald Hill, dba, Hill Property, on or about June 12, 2012.

19. The Debtors acknowledged the debt by listing the Deed of Trust now held by Hill Property on Schedule D – Creditors Holding Secured Claims of the Debtors' Statement of Financial Affairs filed on or about June 11, 2013.

20. The (Hill Property) debt remains due and owing, and has not been discharged, cancelled or otherwise forgiven.

21. Section 61 of the Internal Revenue Code provides that gross income means all income from whatever source derived. Generally, taxpayers recognize income from a creditor's discharge of all or a portion of the taxpayers' debt. I.R.C. § 61(a)(12). In United States v. Kirby Lumber Co., 284 U.S. 1 (1931), the Supreme Court ruled that a taxpayer who is able to discharge a debt for an amount less than its face value realizes taxable income because the reduction or cancellation makes assets available to a taxpayer which previously had been offset by the debt obligation.

22. A debt is considered discharged when the creditor forgives the debt, or it becomes clear that it will never have to be paid. An "identifiable event" which fixes the

debt discharge is a necessary element to income recognition. Cozzi v. Commissioner, 88 T.C. 435 (1987).

23. In this case, no such identifiable event occurred in 2008; the Internal Revenue Service had no basis for its determination that Debtors received cancelled debt or loan forgiveness income in 2008, and no basis for its assessment on July 26, 2015. In fact, the debt remained due and owing at the time the bankruptcy petition was filed on or about May 28, 2013.

## RELIEF REQUESTED

24. The Debtors request a determination by the Court of their tax liability, if any, with respect to their 2008 federal tax year. The Court has authority to make that determination pursuant to section 505(a) of the Bankruptcy Code. The determination of a tax debt is a contested matter, not an adversary proceeding. See Internal Revenue Service v. Taylor (In re Taylor), 132 F.3d 256, 262 (5th Cir. 1998).

25. Section 505(a) of the Bankruptcy Code provides:

(a)(1) . . . , the [C]ourt may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

26. The Bankruptcy Court's responsibility in administrating the estate is to achieve a "fair and equitable distribution" of assets to creditors, and also to "relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh."

In re Luongo, 259 F.3d 323 (5th Cir. 2001)(citing <u>Local Loan v. Hunt</u>, 292 U.S. 234 (1934)). In appropriate circumstances, bankruptcy courts may apply tax law in order to facilitate the objectives of the Bankruptcy Code. The scope of the Court's authority to determine the amount or legality of the any tax, federal and state, is broad. <u>In re Mayfair Mills, Inc.,</u> 295 B.R. 827, 833 (Bankr. D.S.C. 2002)(citing <u>New Haven Projects Ltd. Liab. Co. v. City of New Haven (In re New Haven Projects Ltd. Liab. Co.</u>), 225 F.3d 283 (2d Cir. 2000).

27. The Debtors assert that the Court should determine that the Debtors did not recognize any income from the discharge of indebtedness in the 2008 tax year, and that there should be no tax liability owed for the 2008 tax year.

## PRAYER FOR RELIEF

The Debtors respectfully request that the Court enter an Order granting this Motion and request further that the Court establish a pretrial schedule and set hearing dates, and to grant such other and further relief to which the Court deems appropriate.

DATED this 8th day of December, 2015.

By: /s/

Kevin A. Planegger
Ted H. Merriam
Merriam Law Firm
1625 Broadway, Suite 770
Denver, CO 80202
303-592-5404
303-592-5439 (facsimile)

Attorney for Debtors

## CERTIFICATE OF SERVICE

    I hereby certify that on this 8th day of December 2015 a true and correct copy of the **MOTION PURSUANT TO BANKRUPTCY CODE SECTION 505 TO DETERMINE TAX LIABILITY, IF ANY** was sent via U.S. Mail, to all counsel of record and to all parties who are entitled to notice:

William C. Brittan
270 St. Paul Street, Ste. 200
Denver, CO 80202

Kenneth J. Buechler
1621 18th Street, Ste. 260
Denver, CO 80202

Heather S. Cleary
999 18th Street, Ste. 3100
Denver, CO 80202

Clarissa M. Collier
555 17th Street, Ste. 3200
Denver, CO 80202

Alexis L. Davidson
2594 S. Lewis Way, Ste. A
Lakewood, CO 80227

Douglas D. Koktavy
10200 E. Girard Ave.
Building B, Suite 120
Denver, CO 80231

Alan K. Motes
US Trustee, 11
Byron G. Rogers Federal Building
1961 Stout Street, Ste. 12-200
Denver, CO 80294

Jeffery Weinmann
730 17th Street, Ste. 240
Denver, CO 80202

/s/ Kevin Planegger
Kevin Planegger