UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:                                          )
                                                )
TERRY LEE EVANSON                               ) Case No. 13-19032 MER
SS# XXX-XX-9483                                 ) Chapter 11
LYNETTE PEARCE EVANSON                          )
SS# XXX-XX-5531                                 )
                                                )
Debtors.                                        )

**OBJECTION TO MOTION TO DISMISS OR CONVERT CHAPTER 11 CASE**

Debtors-in-Possession, Terry Lee Evanson and Lynette Pearce Evanson ("Debtors"), through their counsel, Weinman & Associates, P.C., object to the Motion to Dismiss or Convert Chapter 11 Case ("Motion") filed by the United States Trustee ("Trustee") as follows:

1. Debtors filed their petition for relief under Chapter 11 of the Bankruptcy Code on May 28, 2013.

2. Since the date of the filing of their bankruptcy petition, the Debtors have remained in possession of their assets and have operated their business and managed their financial affairs as Debtors-in-Possession pursuant to 11 U.S.C. §§1107 and 1108.

3. Debtors' bankruptcy filing was precipitated by ongoing litigation with Command Center and the IRS.

4. Since the commencement of the case, Debtors have prevailed in the litigation with Command Center and, indeed, obtained sanctions against the Plaintiff for the prosecution of its claims. Moreover, Debtors have engaged tax counsel and have addressed the IRS issues.

5. Other creditors are largely credit cards and a mortgage.

6. In addition, Debtors' assets have virtually no non-exempt value.

7. While the Trustee asserts that there would be no or insufficient disposable income with which to fund a plan, this is simply both incorrect and presumes legal positions might be asserted by creditors which would preclude a less than 100% payment plan. Of course, the Trustee cannot know this and, indeed, Debtors believe that they can substantially diminish the IRS claim.

8. What can be gleaned from the foregoing as well as Debtors' Schedules is that creditors would not be served by a conversion and, indeed, conversion might jeopardize the Debtors' home should a thus far cooperative lender (whose debt is being serviced) become more aggressive. Notably, no creditor has joined in the Trustee's Motion.

9. Conversely, any creditor that wished to do so, could pursue its state law remedies upon a dismissal of the case, with which Debtors are prepared to deal.

10. Ironically, the Trustee laments about the professional fees accrued during the case to date, while at the same time advocating that the case should be converted and a trustee incur additional professional fees to pursue scheduled, albeit speculative claims, many of which have been subsumed by and resolved in connection with the Command Center litigation. Furthermore, no trustee is going to litigate with the IRS concerning tax claims growing out of a challenged tax shelter. Importantly, no assets can be identified from which to compensate professionals to pursue the claims alluded to by the Trustee.

11. In summary, Debtors believe that were they required to do so, they could readily propose a confirmable Chapter 11 Plan, however, given the current circumstances, they would prefer the dismissal of their case.

12. Accordingly, Debtors object to the U.S. Trustee's Motion to Dismiss or Convert Chapter 11 Case and will be filing their own motion to dismiss shortly.

WHEREFORE, Debtors object to the U.S. Trustee's Motion to Dismiss or Convert Chapter 11 Case.

DATED: February 8, 2016

    Respectfully Submitted,

    WEINMAN & ASSOCIATES, P.C.


    By: /s/ Jeffrey A. Weinman
        Jeffrey A. Weinman, #7605
        730 17th Street, Suite 240
        Denver, CO 80202-3506
        Telephone: (303) 572-1010
        Facsimile: (303) 572-1011
        jweinman@weinmanpc.com

## CERTIFICATE OF MAILING

      I hereby certify that I have mailed on this 9th day of February, 2016, a true and correct copy of the foregoing **OBJECTION TO MOTION TO DISMISS OR CONVERT CHAPTER 11 CASE** by placing the same in the United States mail, postage prepaid, addressed to:

Alan K. Motes, Esq.
U.S. Trustee's Office
1961 Stout St., Ste. 12-200
Denver, CO 80294

Terry Lee Evanson
Lynette Pearce Evanson
10175 S. Oneida St.
Littleton, CO 80124-9608

Clarissa M. Raney, Esq.
Holland & Hart, LLP
555 17th St., Ste. 3200
P.O. Box 8749
Denver, CO 80201-8749

William C. Brittan, Esq.
Campbell Killin Brittan & Ray, LLC
270 St. Paul St., Ste. 200
Denver, CO 80206

Kevin D. Allen, Esq.
Patrick D. Vellone, Esq.
Tatiana G. Popacondria, Esq.
Allen & Vellone, P.C.
1600 Stout St., Ste. 1100
Denver, CO 80202

Heather S. Cleary, Esq.
Ritsema & Lyon, P.C.
999 18th St., Ste. 3100
Denver, CO 80202

Douglas County Treasurer
Attn: Stephanie Cook
100 Third Street
Castle Rock, CO 80104

Alexis L. Davidson, Esq.
David A. Bauer, P.C.
2594 S. Lewis Way, Suite A
Lakewood, CO 80227

Douglas D. Koktavy, Esq.
Douglas D. Koktavy, P.C.
3515 S. Tamarac Dr., Ste. 200
Denver, CO 80237

Kevin A. Planegger, Esq.
Ted H. Merriam, Esq.
Merriam Law Firm, P.C.
1625 Broadway, Suite 770
Denver, CO 80202

                /s/ Lisa R. Kraai