UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| TERRY LEE EVANSON | ) Case No. 13-19032 MER |
| LYNETTE PEARCE EVANSON, | ) Chapter 11 |
| | ) |
| Debtors. | ) |

**AFFIDAVIT OF DAVID V. WADSWORTH**

| | |
|---|---|
| STATE OF COLORADO | ) |
| | ) ss. |
| CITY AND COUNTY OF DENVER | ) |

I, David V. Wadsworth, being first duly sworn, hereby states as follows:

    1.    I am a shareholder in the law firm of Sender Wasserman Wadsworth, P.C. ("SWW"), 1660 Lincoln Street, Suite 2200, Denver, Colorado 80264.

    2.    The shareholders and associates of SWW are experienced in the area of bankruptcy law and have the necessary qualifications to represent Terry and Lynette Evanson (the "Debtors"), the debtor-in-possession herein, as special counsel in these bankruptcy proceedings.

    3.    Pursuant to Fed.R.Bankr.P. 2014, the shareholders and associates of the law firm of SWW have no connection or conflict of interest between the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee's office, or any person employed in the office of the United States Trustee, other than as follows: (a) SWW has previously represented the Debtors' bankruptcy counsel, Jeffrey A. Weinman, in his capacity as a bankruptcy trustee and (b) Mr. Wadsworth and SWW attorneys Harvey Sender and Daniel Hepner all serve as chapter 7 panel trustees in Colorado.

    4.    To the best of my knowledge and belief, the firm is a "disinterested person" as defined in 11 U.S.C. § 101(14).

    5.    SWW received a retainer from the Debtors in the amount of $5,000.00. SWW asserts a security interest in the retainer. In the event the case is converted to a chapter 7 proceeding, the security interest in the retainer may enable SWW to receive payment of its fees and expenses to the extent of the retainer while other administrative expenses remain unpaid. Any sums remaining at the

Exhibit 1

close of the representation will be refunded to the Debtors. There are no liens or interests in the retained funds other than the security interest claimed by SWW.

6. Neither I nor the firm have made any agreement or reached any understanding with any other person for a division of any compensation which may be awarded herein, except as such compensation will be shared or otherwise distributed among the employees and owners of the firm.

7. SWW shall make application to the Court pursuant to the rules of this court, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, and the Order Establishing Interim Compensation Procedure for All Professionals dated June 17, 2013 (Docket No. 24), for payment of fees and expenses. The retainer will not be utilized to pay expenses or fees without prior order of this Court.

8. The employment of SWW under the above described terms is in the best interests of the estate.

_____
David V. Wadsworth

Subscribed and sworn to before me this 3rd day of October, 2016, by David V. Wadsworth, the affiant.

WITNESS my hand and official seal.

_____
Notary Public

RHONDA A. HANSHE
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19994027296
MY COMMISSION EXPIRES SEPTEMBER 28, 2019