```
                           United States Bankruptcy Court
                                District of Colorado

In re:                                                        Case No. 13-19032-MER
Terry Lee Evanson                                             Chapter 11
Lynette Pearce Evanson
        Debtors                      CERTIFICATE OF NOTICE
District/off: 1082-1          User: gonzalesc              Page 1 of 2           Date Rcvd: Feb 13, 2017
                              Form ID: pdf904              Total Noticed: 43


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 15, 2017.
db/db         Terry Lee Evanson,    Lynette Pearce Evanson,    10175 S Oneida St,   Littleton, CO  80124-9608
aty          +Kevin A. Planegger,    Merriam Law Firm, P.C.,    1625 Broadway,   Suite 770,
               Denver, CO 80202-4717
aty          +Ted H. Merriam,    1625 Broadway,    Suite 770,    Denver, CO 80202-4717
intp         +Diane A. Holbert,    Douglas County Treasurer,    100 Third Street,   Attn: Stephanie Cook,
               Castle Rock, CO 80104-2425
15344012      Advantedge Business Group, LLC,    9777 Pyramid Ct Ste 220,    Englewood, CO  80112-6046
15344013      Allied Interstate,    3000 Corporate Exchange Dr,    Columbus, OH  43231-7689
15344015      American Express,    PO Box 297879,    Fort Lauderdale, FL  33329-7879
15344014      American Express,    PO Box 297879,    Ft Lauderdale, FL  33329-7879
15344016      American Express,    PO Box 650448,    Dallas, TX  75265-0448
15559957      American Express Bank, FSB,    c o Becket and Lee LLP,   POB 3001,   Malvern, PA 19355-0701
15344017      Bank Of America,    PO Box 851001,    Dallas, TX  75285-1001
15344023     ++CITIBANK,   PO BOX 790034,    ST LOUIS MO 63179-0034
             (address filed with court: Home Depot,    Processing Center,   Des Moines, IA  50364-0500)
15344018      Castle Rock Security,    400 W Division St,   Syracuse, NY  13204-1438
15344019      Chase,   Cardmember Service,    PO Box 94014,   Palatine, IL  60094-4014
15344020      Citi,   PO Box 6077,    Sioux Falls, SD  57117-6077
15344224      Command Center, Inc.,    C/O Heather Cleary & Thomas Kanan,   999 18th St Ste 3100,
               Denver, CO  80202-2499
15409833     +FIA CARD SERVICES, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
15344022      Hill Property,    PO Box 4389,    Taber, Alberta,   Canada,
15344024      Houslanger & Associates, PLLC,    372 New York Ave,   Huntington, NY  11743-3311
15344029      Provo Dental,    1355 N University Ave Ste 330,    Provo, UT  84604-2721
15377384     +Santander Consumer USA,    P.O. Box 961245,    Fort Worth, TX 76161-0244
15344034      U.S. Bank,    C/O Law Office Of David A. Bauer, P.C.,   2594 S Lewis Way Unit A,
               Lakewood, CO  80227-2839
15452890     ++US BANK,   PO BOX 5229,    CINCINNATI OH 45201-5229
             (address filed with court: US BANK N.A.,    BANKRUPTCY DEPARTMENT,    P.O. BOX 5229,
               CINCINNATI, OH 45201-5229)
15344035      US Bank,    PO Box 790401,    Saint Louis, MO  63179-0401
15685691     +US Bank,    c/o Jeanne Mehan/ SBLC/PD-OR-PL2,    555 SW Oak St. 220,   Portland, OR 97204-1767
15344037      Wells Fargo,    PO Box 5247,    Denver, CO  80217-5247
15344036      Wells Fargo,    PO Box 30097,    Los Angeles, CA  90030-0097
15606598     +Wells Fargo Bank,    PO Box 5058 MAC P6053-021,    Portland, OR 97208-5058
15403099     +Wells Fargo Bank N.A.,    PO Box 10438 MAC X2505-036,    Des Moines, IA 50306-0438
15364677     +Wells Fargo Card Services,    1 Home Campus,    3rd Floor,  Des Moines, IA 50328-0001
15344038      Wells Fargo Card Services,    PO Box 30086,    Los Angeles, CA  90030-0086
15344039      Westcore Pyramid LP,    PO Box 748175,    Los Angeles, CA  90074-8175

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
15344033      E-mail/PDF: dor_tac_bankruptcy@state.co.us Feb 14 2017 00:03:28      Colorado Dept of Revenue,
               1375 Sherman St, Rm 504,   Denver, CO  80261-0004
15344021      E-mail/Text: mrdiscen@discover.com Feb 14 2017 00:01:31      Discover,   PO Box 29033,
               Phoenix, AZ  85038-9033
15363428      E-mail/Text: mrdiscen@discover.com Feb 14 2017 00:01:31      Discover Bank,
               DB Servicing Corporation,   PO Box 3025,   New Albany, OH  43054-3025
15408490     +E-mail/Text: dc_bankruptcy@douglas.co.us Feb 14 2017 00:01:50      Douglas County Treasurer,
               Attn: Stephanie Cook,   100 Third Street,   Castle Rock, CO 80104-2425
15344025      E-mail/Text: cio.bncmail@irs.gov Feb 14 2017 00:01:40      Internal Revenue Service,
               P.O. Box 7346,   Philadelphia, PA 19101-7346
15344026      E-mail/PDF: gecsedi@recoverycorp.com Feb 14 2017 00:03:22      Lowes,   PO Box 530954,
               Atlanta, GA  30353-0954
16306542     +E-mail/Text: tg@purchasedebt.com Feb 14 2017 00:02:33
               NTL Capital, LLC. c/o Hidden Oak Group,Inc.,   35 E. Grassy Sprain Road Ste. 210,
               Yonkers, NY 10710-4613
15344030      E-mail/Text: bankruptcy@redrocks.org Feb 14 2017 00:01:29      Red Rocks Credit Union,
               9325 Dorchester St Ste 200,   Highlands Ranch, CO  80129-2519
15344032      E-mail/Text: appebnmailbox@sprint.com Feb 14 2017 00:01:56       Sprint,   6391 Sprint Parkway,
               Overland Park, KS  66251-6100
15344031      E-mail/Text: appebnmailbox@sprint.com Feb 14 2017 00:01:56       Sprint,   PO Box 4191,
               Carol Stream, IL  60197-4191
15398911      E-mail/Text: appebnmailbox@sprint.com Feb 14 2017 00:01:56       Sprint Nextel,
               Attn Bankruptcy Dept,   PO Box 7949,   Overland Park KS 66207-0949
                                                                                              TOTAL: 11

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```

```
District/off: 1082-1           User: gonzalesc              Page 2 of 2              Date Rcvd: Feb 13, 2017
                               Form ID: pdf904              Total Noticed: 43

15559958*          American Express Bank, FSB,    c o Becket and Lee LLP,    POB 3001,    Malvern, PA 19355-0701
15559959*          American Express Bank, FSB,    c o Becket and Lee LLP,    POB 3001,    Malvern, PA 19355-0701
15344027          ##NCO Financial Systems, Inc.,    355 Union Blvd Ste 350,    Lakewood, CO  80228-1528
15344028          ##North Shore Agency,    4000 E 5th Ave,    Columbus, OH  43219-1811
                                                                                             TOTALS: 0, * 2, ## 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 15, 2017                              Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 13, 2017 at the address(es) listed below:
              Alan K. Motes    on behalf of U.S. Trustee    US Trustee, 11 Alan.Motes@usdoj.gov
              Alexis L. Davidson    on behalf of Plaintiff    Discover Bank adavidson@nelson-kennard.com,
               bosullivan@dabauerpc.com
              Alexis L. Davidson    on behalf of Creditor    Discover Bank adavidson@nelson-kennard.com,
               bosullivan@dabauerpc.com
              Clarissa M. Collier    on behalf of Creditor    Moreton Insurance of Colorado
               CMCollier@hollandhart.com,    tk_lesiak@hollandhart.com
              David Wadsworth    on behalf of Debtor Lynette Pearce Evanson dvw@sendwass.com,
               ECFDWadsworth@gmail.com;sgalvan@sww-legal.com
              David Wadsworth    on behalf of Debtor Terry Lee Evanson dvw@sendwass.com,
               ECFDWadsworth@gmail.com;sgalvan@sww-legal.com
              Douglas D. Koktavy    on behalf of Creditor    Santander Consumer USA, Inc.
               Doug@coloradocreditorlaw.com,    Rhonda@ColoradoCreditorLaw.com
              Heather S. Cleary    on behalf of Creditor    Command Center, Inc. heather.cleary@ritsema-lyon.com,
               kristine.fernatt@ritsema-lyon.com
              Jeffrey Weinman    on behalf of Debtor Terry Lee Evanson jweinman@epitrustee.com,
               lkraai@weinmanpc.com;lkraai@ecf.courtdrive.com
              Jeffrey Weinman    on behalf of Debtor Lynette Pearce Evanson jweinman@epitrustee.com,
               lkraai@weinmanpc.com;lkraai@ecf.courtdrive.com
              Kenneth J. Buechler    on behalf of Creditor    Command Center, Inc. ken@bandglawoffice.com,
               sharon@bandglawoffice.com
              Mark A. Larson    on behalf of Defendant Lynette Pearce Evanson mlarson@allen-vellone.com,
               la@allen-vellone.com
              US Trustee, 11    USTPRegion19.DV.ECF@usdoj.gov
              William C. Brittan    on behalf of Creditor Keith  Anderson bbrittan@ckbrlaw.com,
               adavis@ckbrlaw.com
                                                                                             TOTAL: 14
```

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>TERRY LEE EVANSON and<br>LYNETTE PEARCE EVANSON,<br><br>　　　　Debtors. | Case No. 13-19032<br><br>Chapter 11 |

**ORDER**

THIS MATTER comes before the Court on the United States Trustee's Motion to Dismiss or Convert Chapter 11 Case (Docket No. 158) and the Debtors' Motion to Dismiss Chapter 11 Bankruptcy Case (Docket No. 180), and the parties' respective responses to each.

The Court has reviewed the documents filed by the parties, has considered the arguments, and has examined the evidence, and finds and concludes as follows:

**JURISDICTION**

The Court finds it has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O) as it involves matters concerning administration of the estate and the bankruptcy remedies of conversion to Chapter 7 liquidation and dismissal. Additionally, venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

As background, the Court finds the record and the evidence presented, including the parties' *Stipulated List of Uncontested Background Facts* filed at Docket Number 220, established the following facts:

- More than three years ago, on May 28, 2013, the Debtors, Terry Lee Evanson and Lynette Pearce Evanson, filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code.

- The Debtors are the owners in fee simple of real property located at 10175 S. Oneida Street, Littleton, Colorado 80124. The property has a scheduled value of $975,000. The Debtors have resided in the property since 1988 and claim the maximum homestead exemption allowable under Colorado law.

- Among the assets scheduled by the Debtors, in addition to their interest in the real property, are several items of household and personal goods, life insurance and retirement accounts, vehicles, and lawn equipment.

- The Debtors also scheduled approximately a dozen potential claims against individuals and entities. These claims were all scheduled with "unknown" values.

- The debts scheduled by the Debtors are primarily business debts, and include a $1,500,000 unsecured debt owed to Command Center, Inc. scheduled by the Debtors as contingent, unliquidated and disputed.

- The debt owed to Command Center arose out of pre-petition litigation in the District Court of the City and County of Denver, Colorado.

- The Command Center litigation was the impetus for the Debtors' bankruptcy filing.

- During the pendency of the Chapter 11 case, Command Center requested the automatic stay be modified to allow the litigation to proceed. The litigation with Command Center concluded post-petition and resulted in a judgment in favor of the Debtor and against Command Center. The parties stipulated Command Center is not a creditor of the Debtors.

- The Debtors have also been embroiled in disputes with the Internal Revenue Service ("IRS"). On May 6, 2013, three weeks prior to the Debtors' bankruptcy filing, the IRS filed a federal tax lien against their property. The IRS filed a proof of claim in the bankruptcy case consisting of a secured claim for $26,940.00, an unsecured priority claim of $251,812.26, and a general unsecured claim in the amount of $666,674.88.

- The Debtors believed the bankruptcy court would provide a forum for expeditiously resolving the claims with the IRS, which are the subject of pending actions in the United States Tax Court.

- On December 8, 2015, the United States Trustee ("UST") filed a motion under 11 U.S.C. § 1112(b) [1] of the Bankruptcy Code to convert or dismiss the Debtors' Chapter 11 bankruptcy case, arguing cause

---

[1] Unless otherwise noted, all future statutory reference in the text are to Title 11 of the United States Code.

exists under § 1112(b) and conversion to a case under Chapter 7 is in the best interest of creditors and the estate.

- The Debtors objected to the UST's motion, arguing creditors would not be served by a conversion of their bankruptcy case to Chapter 7. Additionally, the Debtors filed their own motion to dismiss this bankruptcy case, asserting dismissal to be in the best interests of the estate, creditors and the Debtors themselves.

## DISCUSSION

Section 1112(b)(1), which governs conversion or dismissal of a Chapter 11 case, provides as follows:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a chase under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.[2]

Section 1112(b)(1) thus requires the bankruptcy court to make two determinations:  1) whether cause exists to convert or dismiss; and 2) which option is in the best interests of creditors and the estate.[3]  Following BAPCPA's 2005 amendments to the Bankruptcy Code, if "cause" is established under § 1112(b)(1), the Court is obligated to convert or dismiss the case, absent contravening "unusual circumstances" under § 1112(b)(2) or unless a limited exception applies.

Cause sufficient for dismissal or conversion of a Chapter 11 case to Chapter 7 is enumerated in a non-exclusive list contained in § 1112(b)(4). However, in this case the Court need not itself examine whether cause exists because prior to the Court's hearing on this matter, the parties stipulated and agreed cause for conversion or dismissal exists under § 1112(b)(1). The only disputed issue is whether conversion or dismissal is appropriate.[4]

---

[2] § 1112(b)(1).

[3] *In re OptInRealBig.com, LLC*, 345 B.R. 277, 282 (Bankr. D. Colo. 2006) (citing *Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.),* 14 F.3d 240, 242 (4th Cir.1994)).

[4] *Docket No. 220, ¶1*.  Further, neither the Debtor nor the UST requested or presented evidence in support of the appointment of a Chapter 11 trustee under § 112(b)(1), nor did the parties establish any of the requirements under § 1112(b)(1)(A) and (B) necessary for the case to remain in Chapter 11.

3

The Bankruptcy Code neither defines the phrase nor sets forth what factors to consider in determining what "is in the best interests of creditors and the estate." The Court's decision ultimately requires the exercise of discretion based upon the totality of the circumstances of the case.[5] The Court starts with the positions of the parties.[6] Where, as in this case, the parties disagree as to whether dismissal or conversion is the appropriate action, the Court evaluates both alternatives and chooses the one most advantageous to the estate as a whole.[7]

In making such a determination, bankruptcy courts, including this Court, have considered factors enumerated by *Collier's* bankruptcy treatise. These factors include:

1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal;

2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted;

3) Whether the debtor would simply file a further case upon dismissal;

4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors;

5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise;

6) Whether any remaining issues would be better resolved outside the bankruptcy forum;

7) Whether the estate consists of a "single asset;"

8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests;

---

[5] *In re Autterson*, 547 B.R. 372, 410 (Bankr. D. Colo. 2016).

[6] *Id*.

[7] *In re Hampton Hotel Investors, L.P.*, 270 B.R. 346, 359 (Bankr. S.D.N.Y. 2001).

> 9) Whether a plan has been confirmed and whether any property remains in the estate to be administered; and
>
> 10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.[8]

The Court finds several of these factors applicable and, based on an analysis of these factors on the evidence presented, the Court finds the interests of creditors are best served by dismissal of the Debtors' case.

First, there was no evidence or argument presented to the Court suggesting some creditors received preferential payments or equality of distribution would be better served by conversion rather than dismissal. Even if there was evidence presented of potentially avoidable preferential payments to creditors, or other transfers potentially avoidable under other sections of the Bankruptcy Code, any such actions by a Chapter 7 trustee would likely be barred by the limitations period under § 546(a). This case has been pending for well over two years since the order for relief was entered and no trustee has been appointed. By operation of § 546(a)(1), the time for commencing avoidance actions has passed. Therefore, this factor weighs in favor of dismissal.

With regard to the second factor, the Court finds this factor also weighs in favor of dismissal. As noted, any right to pursue avoidance actions on behalf of creditors and the estate is likely barred by § 546(a). Further, if the case is dismissed, the rights of Debtors' creditors to pursue their legal and contractual remedies against the Debtor are not diminished. Creditors may opt to commence their "race to the courthouse" and seek judgments and collection against the Debtors outside of bankruptcy, courses of action not immediately available to them in a Chapter 7 case.

In light of the Debtors' ongoing dispute with the IRS and the possibility creditors' actions outside of bankruptcy, Debtors may very well file another bankruptcy petition. However, the Court finds that is not a sufficient reason for this case to remain open. Moreover, the length of time which may pass before resolution of the IRS dispute weighs against keeping the Debtors' bankruptcy case open. Accordingly, the third factor, whether the debtor would simply file a further case upon dismissal weighs in favor of dismissal rather than conversion.

---

[8] 7 *Collier on Bankruptcy* 1112-39 to 42, ¶ 1112.04[7] (Alan N. Resnick and Henry J. Sommer eds., 16th ed. rev.2007).

The Court finds the fourth factor, the ability of the trustee in a Chapter 7 case to reach assets for the benefit of creditors, also weighs in favor of dismissal. The Debtors have claimed exemptions in substantially all of their personal assets. Although the Debtors scheduled thirteen potential claims against third parties, the Debtor's counsel, Jeffrey A. Weinman, testified at trial that special counsel was retained to review the potential claims and concluded those matters were not worth pursuing on behalf of the estate.

The principal dispute is the Debtors' residence and whether a Chapter 7 trustee could administer the asset for the benefit of creditors in spite of deeds of trust and an IRS federal tax lien recorded against the property. The Debtors scheduled the value of the property at $957,000, and have claimed the maximum $90,000 exemption allowed under Colorado law. The Debtors scheduled a mortgage lien against the property in favor of Hill Property in the amount of $891,175.58. Mr. Evanson testified no payments have been made to Hill Property since this bankruptcy case was filed.

The UST questioned the validity of the debt secured by the Debtors' property, calling the lien in favor of Hill Property "highly dubious." The UST labeled the Hill Property debt an "insider debt" that might have been cancelled years ago, and argued the deed of trust may not be valid and thus it may not be a secured debt. According to the UST, the only secured debt against the property may be the IRS's secured claim of $26,940.00. Based on what it called "red flags" with respect to the liens against the Debtors' property, the UST believes appointment of a Chapter 7 trustee is necessary to permit an independent fiduciary to investigate the validity of the liens against the property and determine whether the asset can be administered for the benefit of creditors.

However, the Court finds, based on the totality of the evidence presented to it, the ability of a Chapter 7 trustee to reach this asset for the benefit of creditors is too speculative to warrant conversion of this case at this time. Even if a Chapter 7 trustee could take actions not barred under § 546 to unencumber the property from the various liens, any proceeds from the sale of the property would likely go to satisfy administrative costs and the priority claim of the IRS, and any other priority claimants, if only partially, before any unsecured creditors could see any recovery. There would likely be nothing left for unsecured creditors at the end of the day. The Debtors do not have sufficient nonexempt assets, or a sufficient likelihood of nonexempt assets, for this case to be converted and administered by a Chapter 7 trustee. Accordingly, the fourth factor supports dismissal of the Debtors' Chapter 11 case.

As to the fifth factor, whether conversion or dismissal would maximize the estate's value as an economic enterprise, the Court finds this factor to

6

be inapplicable.  This factor applies where the debtor is a business entity and not individual debtors.

The sixth factor, whether any remaining issues would be better resolved outside the bankruptcy forum, clearly weighs in favor of dismissal.  The impetus for the Debtors' bankruptcy filing, the Command Center litigation in state court, has since been resolved, and what presently remains are the pending actions against the Debtors in the U.S. Tax Court.  The Court finds it more appropriate, and a better use of judicial resources, for the Debtors' dispute with IRS to be dealt with in the U.S. Tax Court, and not in this Court or in the context of a Chapter 7 bankruptcy proceeding.  Accordingly, this factor also favors dismissal.

The seventh factor, whether the estate consists of a single asset, also does not appear to be applicable in this case.  The estate mostly consists of exempt personal property and potential causes of action which counsel has judged to either be valueless or without merit.  While the Debtors do own real property which *may* be the subject of an investigation by a Chapter 7 trustee and which *may* be the subject of adversary proceedings, those mere prospects alone are insufficient to support conversion over dismissal of this case.

With respect to the eighth factor, there are no allegations by the UST that the Debtors engaged in any misconduct with respect to their assets and there was no evidence presented to the Court supporting any kind of inference of misconduct.  Although the UST raised issues concerning the mortgage on the Debtors' property and called into doubt whether a valid lien on that property does exist, there was not sufficient evidence to support conversion and appointment of a Chapter 7 trustee obligated to investigate those issues.  Therefore, the eighth factor weighs in favor of dismissal rather than conversion.

As to the ninth factor, whether a plan has been confirmed and whether any property remains in the estate to be administered, no plan has been proposed in this case and no plan has been confirmed.  However, there appear to be no nonexempt assets available for any meaningfuldistribution to unsecured creditors.  Therefore, this factor supports dismissal over conversion.

The tenth and final factor does not apply because there are no possible environmental and safety concerns.

Finally, if this case was converted to one under Chapter 7, the administrative costs associated with the case would increase, because a Chapter 7 trustee would be obligated to investigate the Debtors' financial condition, pursue and liquidate assets, and investigate and prosecute any

potential adversary proceedings. Dismissal would alleviate these burdens and costs, and would allow the Debtors and creditors to resolve their disputes outside of bankruptcy without further delay.

## CONCLUSION

The Court concludes the weight of these factors favor dismissal of the Debtors' bankruptcy case as being in the best interests of creditors.

Though the Court finds dismissal under § 1112(b) to be the appropriate outcome in this case, the decision is by no means a criticism of the efforts of the UST. The UST certainly has the authority to move for conversion or dismissal of a Chapter 11 case for cause, and it is the province of that office to seek appointment of an independent trustee where it believes doing so is in the best interests of creditors and the estate. This responsibility is in no way diminished if no creditors join the effort.

Rather, the Court's examination of the evidence and arguments made by the parties and application of the aforementioned factors revealed comprised a very close decision for the Court. Ultimately, the Court finds the UST has not satisfied its legal burden of demonstrating conversion is more appropriate and the Court finds the interests of creditors are best served by dismissal of the Debtors' case. Accordingly,

IT IS ORDERED the Debtor's Chapter 11 case is dismissed pursuant to 11 U.S.C. § 1112(b).

Dated February 13, 2017     BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court

8